# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC, § | |
|     *Plaintiff,* § | |
| v. § | Civil Action No. 4:24-CV-900 |
| § | Judge Mazzant |
| ATLANTIC SPECIALTY INSURANCE § | |
| COMPANY, ONE BEACON § | |
| PROFESSIONAL INSURANCE GROUP, § | |
| ONE BEACON PROFESSIONAL § | |
| INSURANCE INC., INTACT § | |
| INSURANCE GROUP, USA, LLC, TGP § | |
| COMMUNICATIONS, LLC, JAMES § | |
| "JIM" HOFT, INDIVIDUALLY, AND JOE § | |
| HOFT, INDIVIDUALLY, § | |
|     *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Emergency Application for Temporary Restraining Order and Brief in Support (Dkt. #4). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

Bundren Law Group, PLLC ("Plaintiff") files this Emergency Application for Ex Parte Temporary Restraining Order against Atlantic Specialty Insurance Company, One Beacon Professional Insurance Group, One Beacon Professional Insurance Inc., and Intact Insurance Group, USA, LLC (collectively, "Defendants") to enjoin them from making any payments to any person for any reason under the insurance policy which would reduce, erode, exhaust, or deplete the limits of liability and balance of funds available to pay defense costs to Plaintiff below $600,000 (Dkt. #4 at p. 38). On October 11, 2024, the Court heard the parties' arguments via teleconference.

**LEGAL STANDARD**

A temporary restraining order is an extraordinary remedy, which should be granted only when the party seeking relief clearly carries the burden of persuasion. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant seeking emergency injunctive relief must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

The movant has the burden to introduce sufficient evidence to justify the granting of a temporary restraining order. *PCI Transp.*, 418 F.3d at 546. The party seeking relief must satisfy a cumulative burden of proving each of the four elements before a temporary restraining order can be granted. *Id.* at 545. Denial of a temporary restraining order will be upheld where the movant fails to sufficiently establish one of the four criteria. *Hay v. Univ. of Tex. Med. Branch*, 689 F. App'x 298, 299 (5th Cir. 2017) (per curiam).

**ANALYSIS**

After considering Plaintiff's motion, the pleadings, the evidence, and counsels' arguments, the Court finds there is sufficient evidence to warrant granting the Motion. That is, Plaintiff has shown that it has a substantial likelihood of success on its breach of contract claim, it will suffer irreparable harm if the injunction is not granted, its threatened injury outweighs any potential damage to Defendants, and that granting the injunction does not disserve the public interest. *Nichols*, 532 F.3d at 372. Defendants contend that an obligation to pay a settlement amount on October 19, 2024 in a separate matter would create undue prejudice by placing them in a precarious

2

financial position. Defendants further assert that if the Court allows them to pay the settlement amount using the insurance policy in question, the clients in the underlying litigation will have sufficient funds to pay Plaintiff even if Defendants exceed the $2,000,000 limit on liability. Under this approach, however, Defendants admitted during the teleconference that they would only be able to pay Plaintiff's defense costs on a payment plan. Although monetary damages do not typically constitute irreparable harm, the Court believes that such damages can be irreparable when the delay in payment is so prolonged as to make full payment unlikely, as is the case here. Moreover, granting the injunction will preserve the status quo by maintaining insurance policy's limit of liability sufficient to pay Plaintiff's invoices for defense costs incurred while representing TGP Communications, LLC, James "Jim" Hoft, and Joe Hoft in the Freeman Moss Lawsuit (*See* Dkt. #4-1 at p. 5).

## CONCLUSION

It is **ORDERED** that Plaintiff's Emergency Application for Temporary Restraining Order and Brief in Support (Dkt. #4) is **GRANTED**.

It is therefore **ORDERED** that Defendants and their respective officers, managers, trustees, agents, servants, employees, consultants, attorneys, confederates and all other persons in active concert or participation with them, are hereby restrained and enjoined immediately from making any payments to any person for any reason under the insurance policy which would reduce, erode, exhaust, or deplete the limits of liability and balance of funds available to pay defense costs to Plaintiff below $600,000.

It is further **ORDERED** that actual notice of this Order shall be effective by delivery of a copy of this Order by hand, by United States mail by certified delivery return receipt requested, by

courier or private delivery service, by facsimile, by e-mail, by Federal Express or by any other reasonable means of delivery to Defendants or any of their agents, assigns, affiliates register agents or representatives.

It is further **ORDERED** that the hearing for this motion is hereby set on ***Friday, October 25, 2024, at 8:30 a.m. at the United States Courthouse, 7940 Preston Road, Courtroom 108, Plano TX 75024***. The purpose of the hearing shall be to determine whether this Temporary Restraining Order should be made a Preliminary Injunction pending a full trial on the merits.

It is further **ORDERED** that the Clerk shall issue this Temporary Restraining Order upon Plaintiff posting a bond of $1,000.

It is further **ORDERED** that this Temporary Restraining Order without notice as to the Insurance Defendants is signed at 4:29 p.m. on this 11th day of October, 2024, and shall remain in effect for 14 days unless, before expiration of 14 days, Plaintiff moves for an extension and demonstrates good cause.

**IT IS SO ORDERED.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE