UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC,<br><br>   *Plaintiff,*<br><br> vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY;<br>ONE BEACON PROFESSIONAL INSURANCE<br>GROUP; ONE BEACON PROFESSIONAL<br>INSURANCE, INC.; INTACT INSURANCE GROUP,<br>USA, LLC; TGP COMMUNICATIONS, LLC;<br>JAMES "JIM" HOFT, INDIVIDUALLY; AND JOE<br>HOFT, INDIVIDUALLY,<br><br>   *Defendants.* | CASE NO. 4:24-CV-00900-ALM<br><br>JURY TRIAL DEMANDED |

# TGP COMMUNICATIONS, LLC'S MOTION TO TRANSFER VENUE

Defendant TGP Communications, LLC moves the Court to transfer this case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) and under the first-filed rule.

Plaintiff Bundren Law Group, PLLC and its principal, William Charles Bundren, were sued by TGP and Defendant James "Jim" Hoft in the Eastern District of Missouri and served on September 27, 2024, for declaratory judgment, unfair trade practices, unjust enrichment, and violation of the Missouri Merchandising Practice Act on account of fraudulent billing. Rather than file his compulsory counterclaims in that venue, Bundren filed a Texas state action on October 8, 2024 (which was removed to this Court). The two cases arise from the same set of contracts, transactions, and underlying facts. Bundren should not be rewarded for forum shopping and this

Court should transfer this action to the Eastern District of Missouri where a motion to consolidate would then be brought.

### 1.0    BACKGROUND

In this suit, Bundren has absolutely no privity of contract with Atlantic Specialty Insurance Company, One Beacon Professional Insurance Group, One Beacon Professional, Inc, nor Intact Insurance Group, USA, LLC (the "insurance companies"). However, in a transparent attempt to inflict harm on his clients James Hoft, Joseph Hoft, and the TGP Communications LLC d/b/a THE GATEWAY PUNDIT, he has used confidential information and confidential knowledge gained through his attorney-client relationship to try and place his clients in a weakened position, so that he can extract fraudulently billed funds from them.

Bundren was retained to represent Defendant in *Ruby Freeman and Wandrea Moss v. James Hoft, Joseph Hoft, and TGP Communications, LLC d/b/a THE GATEWAY PUNDIT*, in the Circuit Court of St. Louis City, Missouri, Twenty-Second Judicial Circuit (the "Freeman Moss lawsuit") and submitted fraudulent invoices for around $600,000 in legal fees. He was paid $90,000 already, which exceeds the value of his services rendered.

On December 5, 2021, Ruby Freeman and Wandrea Moss filed the initial complaint in the Freeman Moss lawsuit in the Circuit Court of St. Louis City, Missouri, Twenty-Second Judicial Circuit. On January 10, 2024, TGP retained Bundren as counsel in the Freeman Moss lawsuit. Plaintiff traveled to and performed all known work under the retainer agreement, with the exception of a deposition in Georgia, in Missouri; the agreement with Bundren did not call for any work to be performed in Texas. *See* **Exhibit 1** to Declaration of John Burns (hereinafter "Exhibit 1"); *see also* Burns Decl. at ¶¶ 4-5.

On September 27, 2024, Defendant filed a complaint challenging Plaintiff's fraudulent $600,000 legal fees and seeking declaratory relief in the United District Court for the Eastern District of Missouri. *See* **Exhibit 2**. On September 29, 2024, a settlement was reached in the Freeman Moss lawsuit. *See* **Exhibit 3**. On October 7, 2024, notice was given to the court of the settlement agreement and motion for a stay was filed in the Freeman Moss lawsuit pending performance of the settlement agreement. *See id.* The Freeman Moss lawsuit is still active litigation until the completion of the agreement. *See* **Exhibit 4**. The court presiding over the Freeman Moss lawsuit has not yet permitted Bundren to with from representing TGP.  Yet, at the October 11, 2024 TRO hearing, Bundren falsely representing to the Court he had withdrawn.[1] *See id.* The suit in the Eastern District of Missouri remains pending and Bundren is till counsel of record for TGP.

2.0   ARGUMENT & AUTHORITIES

### 2.1   Transfer Should be Effected under the First-Filed Rule

Under the first-to-file rule, a court should transfer an action if another federal court is hearing a case that was filed first and if "issues raised by the cases substantially overlap." *Walsh v. Peterson*, Civil Action No. 4:21-CV-867, 2022 U.S. Dist. LEXIS 138077, at *7 (E.D. Tex. Aug. 3, 2022) (Mazzant, U.S.D.J.) quoting *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999). "To determine if substantial overlap exists, courts in the Fifth Circuit examine whether 'the core issue was the same' or if 'much of the proof adduced would likely be identical.'" *Id.* at *5 (cleaned up). Bundren's claims entirely overlap with the first-filed Eastern District of Missouri case—

---

[1] This Court did not allow evidence to be entered by the Defendants at the TRO. Had the court permitted the introduction of such evidence, the Court would not have been misled by Bundren's material, but evidentiarily unchallenged, misrepresentations.

both cases significantly revolve around whether Bundren's invoices are legitimate and involve a number of the same parties.

Nor is there a compelling circumstance not to transfer. "This case does not involve a party engaging in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he can file a preemptive lawsuit." *Id.* at *9. TGP did not induce Bundren to delay filing suit—rather, suit was filed in anticipation of the settlement in the Freeman Moss lawsuit, whereupon TGP needed to ensure it had the full remainder of the insurance policy (TGP being the only party to the insurance contract) to be applied to indemnity, and to recoup monies wrongfully previously paid to Bundren upon his fraud being identified. "Nor does this case involve a party filing a declaratory judgment action in anticipation of suit by its adversary, which can create an opportunity for forum-shopping." *Id.* at *9. TGP did not anticipate that Bundren would file suit against it; Bundren was making demands against the insurer and TGP did not file suit with the knowledge that Bundren intended to file suit against it, especially where the retainer agreement clearly requires TGP to pay all legitimate fees incurred by Bundren. *See* **Exhibit 1**; Burns Decl. at ¶ 6. Notably, in TGP's experience with the insurer, fees would only be paid upon the completion of a legal-fee audit by the insurance company, and attorneys typically accept the outcome of the audit; as the insurer here had not yet completed the audit, TGP could not reasonably anticipate that Bundren would file suit. *Id.* at ¶ 7. In fact, the purpose of the first-filed suit was to ensure that Bundren could not collect any fraudulent fees that escaped the insurer's review of the invoices, which insurers perform through estimation, without the benefit of the insured's experience. *Id.* at ¶ 8.

Moreover, the entirety of the issues in this case are Missouri issues stemming from Mr. Bundren's representation of a Missouri client in a Missouri lawsuit, and a substantial portion of the

evidence and witnesses are all in Missouri, with the exception of Mr. Bundren. His client TGP Communications, LLC is a Missouri LLC. The underlying case is in Missouri. The most relevant rules of professional conduct are Missouri's rules (as Bundren was admitted pro hac vice and has subjected himself to the Missouri rules). Bundren cannot claim it is inconvenient to travel to Missouri—as he had no qualms about traveling to Missouri to defraud his clients. He should answer for his fraud in the state where he committed the fraud.

Thus, the first-filed suit was legitimate. In the absence, then, of compelling circumstances, this action should be transferred to the District first-filed suit is pending.

### 2.2    The Legal Standard under § 1404(a) Dictates Transfer

Section 1404(a) of Title 28 U.S.C. provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."[2] The Fifth Circuit has held that the party moving for transfer must show that there is good cause for the transfer. *In re Volkswagen of Am. Inc.*, No. 07-40058, 2008 WL 4531718 at *7 (5th Cir. Oct. 10, 2008). In the § 1404(a) analysis, "good cause" means an explicit demonstration that transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* The moving party is not required to prove that the factors favoring transfer "substantially outweigh" the plaintiff's choice of venue. *Id.* Thus, to prevail on its motion in this case, Defendant must solely demonstrate that the Eastern District of Missouri is a more convenient venue than the Eastern District of Texas or that it is in the interest of justice to transfer to the Eastern District of Missouri.

---

[2] The Court need not conduct a Section 1404(a) analysis if the First-Filed rule suffices. *Walsh, supra* at *13.

### 2.2.1   Plaintiff Should Have Brought the Suit in Missouri

The initial question under § 1404(a) analysis is "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Plaintiff undeniably could have brought this in the Eastern District of Missouri, as the first filed action in this matter was a complaint filed by Defendant in the Eastern District of Missouri challenging Plaintiff's $600,000.00 compensation claim.

In fact, not only is the Eastern District of Missouri a judicial district where the civil action *might* have been brought, it is the judicial district where the action *should* have been brought. Plaintiff's complaint in this Court, which includes claims against TGP and Jim Hoft, is a compulsory counterclaim to the first-filed Eastern District of Missouri action under Rule 13(a) of the Federal Rules of Civil Procedure as it "arises out of the transaction or occurrence that is the subject matter of [Defendant's] claim." Venue in Texas would result in duplicative actions being litigated in two separate jurisdictions, and federal courts should avoid duplicitous litigation ongoing in other federal courts, particularly when potentially compulsory counterclaims are involved. *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46 (2d Cir. 1961). Thus, the proper venue for Plaintiff's petition was the court in which Defendant's complaint was filed, the Eastern District of Missouri.

Further, Bundren claims that venue is proper in this Court based on an allegation that "all or a substantial part of the events or omissions giving rise to the claim" took place in this District. ECF No. 7 at ¶ 14. Necessarily, Bundren is, *sub silentio*, invoking the venue provision of 28 U.S.C. § 1391(b)(2).[3] Although Bundren also claims that its "damages and injuries" (ECF No. 7 at ¶ 14)

---

[3] There is no dispute that none of the Defendants reside in this District or that it could not have been brought in the Eastern District of Missouri, thereby precluding venue under the other provisions of Section 1391(b).

occurred here, such is not implicated by the venue statute. Nor does mere residence in the District "necessarily mean that the events or injury occurred there." *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 404 (E.D. Tex. 2022) (Mazzant, U.S.D.J.).

Bundren is, of course, asking this Court assume venue is proper in this District through circular reasoning. The central issue in this case (and the Eastern District of Missouri case) is Bundren's fraudulent invoices that falsely claim work performed that was not actually performed—work that was performed in Missouri, for a Missouri client, in a Missouri case, governed by Missouri law and the Missouri rules of professional conduct. While Bundren may have done some work in this District, all that can actually be proven is his appearances in St. Louis, Missouri, within the ambit of the Eastern District of Missouri. To declare a "substantial" part of the events occurred here is to pre-judge that Bundren actually did the work he fraudulently claimed to perform. While TGP does not believe a substantial part of the work occurred in this District, the Court may avoid this question entirely by transferring to the Eastern District of Missouri, where Bundren may bring his claims as a compulsory counterclaim. "Courts have recognized that venue may be properly laid in more than one district, and the substantial part of the events or omissions test does not require that the chosen venue be the best venue the selected district must simply have a substantial connection to the claim." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) (cleaned up). Thus, the Court should effect a transfer to the Eastern District of Missouri.

### 2.2.2   Missouri has a Substantial Interest in Deciding Disputes Involving Missouri Activity

The Eastern District of Missouri has a strong local interest in adjudicating this dispute relating to Plaintiff's work for Defendant in a Missouri case. As acknowledged in the retainer agreement (attached as **Exhibit 1**), the Freeman Moss lawsuit in which Plaintiff represented

Defendant occurred in the Circuit Court of St. Louis City, Missouri, Twenty-Second Judicial Circuit. A Missouri court undeniably has a clear interest in litigating a dispute involving a Missouri-based case, arising under and governed, in part, by Missouri law, and concerning a Missouri-based Defendant and Missouri-based insurance policy, and where fraud took place in Missouri.[4]

### 2.2.3   Plaintiff's Choice of Venue is Entitled to Little or No Weight

A plaintiff's choice of venue is not an independent factor within the § 1404(a) analysis and has low significance when the operative facts occurred outside the selected venue. *Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996). As in *Lindloff*, the only connection tying this action to the current venue selected is an attorney's residence. Here, the original matter in which Plaintiff represented Defendant arose in Missouri, Plaintiff traveled to and did all known work in Missouri (with the exception of a deposition in Georgia), Defendant is a limited liability company organized and existing under the laws of Missouri, and the insurance policy in dispute is governed by Missouri law. While Plaintiff is a professional limited liability company incorporated and organized pursuant to the laws of the State of Texas, and with its principal place of business in Texas, that is not sufficient to designate Plaintiff's choice of venue as proper. "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). Texas is not a convenient venue.

---

[4] In the information age, the local interest is the only real public interest factor under *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), as administrative difficulties flowing from court congestion, familiarity with the law, and conflicts of law are largely neutral. Similarly, the private interest factors (access to sources of proof, compulsory process, cost of attendance, and "practical problems"), *id.*, are neutral or, as otherwise addressed, favor the Eastern District of Missouri as the locus of the underlying suit and the first-filed case against Bundren.

There is a complete lack of any Texas connection to this case outside of Plaintiff's residence, and there are overwhelming connections found in Missouri. Plaintiff's selection of a Texas venue should be given little or no weight in the Court's analysis. Transfer is in the interest of justice and would be more convenient for the parties. *In re Volkswagen of Am., Inc.*, *supra* at 314-15. There is a first-filed lawsuit there already and the nexus of the dispute is based in the Eastern District of Missouri.

### 3.0   CONCLUSION

Accordingly, for the reasons set forth herein, Defendant TGP Communications, LLC, respectfully requests that this Court transfer this action to the more convenient venue of the Eastern District of Missouri.

Dated: October 15, 2024                         Respectfully Submitted,

/s/ Brian Casper
Darin M. Klemchuk
State Bar No. 24002418
darin.klemchuk@klemchuk.com
Brian Casper
State Bar No. 24075563
brian.casper@klemchuk.com
Mandi M. Phillips
State Bar No. 24036117
mandi.phillips@klemchuk.com
KLEMCHUK PLLC
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 367-6000 – Direct
(214) 367-6001 – Fax
ATTORNEYS FOR DEFENDANT
TGP COMMUNICATIONS, LLC

<u>CERTIFICATE OF CONFERENCE</u>

On October 15, 2024, I spoke with Charles Bundren, counsel for the Plaintiff, on the phone about the substance of this motion in accordance with the requirement in Local Rule CV-7(h), and he indicated that Plaintiff was opposed to the transfer. No agreement could be reached because he does not believe the U.S. District Court for the Eastern District of Missouri nor the Circuit Court of St. Louis City, Missouri, Twenty-Second Judicial Circuit have jurisdiction over the underlying controversy. Our discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.

<i>/s/ Brian Casper</i><br>Brian Casper

<u>**Certificate of Service**</u>

This document was filed via the Court's CM/ECF system, on the date noted above and will be served on all other Defendants by U.S. mail, postage prepaid, as follows:

Atlantic Specialty Insurance Company
150 Royal St.
Canton, MA 02021

One Beacon Professional Insurance Group
6800 College Blvd., Suite 350
Overland Park, Kansas 66211

One Beacon Professional Insurance, Inc.
6800 College Blvd., Suite 350
Overland Park, Kansas 66211

Intact Insurance Group, USA, LLC
605 Highway 169 N, Suite 800
Plymouth, MN 55441

James "Jim" Hoft
1820 NE Jensen Beach Blvd., Suite 1120
Jensen Beach, FL 34957

Joe Hoft
1820 NE Jensen Beach Blvd., Suite 1120
Jensen Beach, FL 34957

<i>/s/ Brian Casper</i><br>Brian Casper