# Exhibit 2

Retainer Agreement

## ATTORNEYS AND COUNSELORS
## BUNDREN LAW GROUP, PLLC

2591 Dallas Parkway, Suite 300
Frisco, Texas 75034

Wm. Charles Bundren, Esq.
E-Mail: Charles@bundrenlaw.net

Telephone: 214.808.3555
Fax: 972.624.5340

### RETAINER AGREEMENT

January 10, 2024

## DELIVERED VIA EMAIL AS FOLLOWS:

Jim Hoft
Email:     midwestjim@charter.net
           jimhoft@gamil.com

Joe Hoft
Email:     jwhoft@gmail.com


Re:    Re: *Ruby Freeman and Wandrea Moss, Plaintiffs v. James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendant.* Case No. 2122-CC-09815-01, IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI TWENTY-SECOND JUDICIAL CIRCUIT.

| Re: | Insurance Policy Number: | MEP-25081-21 |
|---|---|---|
| | Renewal of: | MEP -23005-20 |
| | Insurer: | ONE BEACON PROFESSIONAL INSURANCE, |
| | | 6800 College Blvd., Suite 350, Overland Park, KS 66211. |
| | Underwriter: | Atlantic Specialty Insurance Company ("Underwriter"), 150 Royall Street, |
| | | Canton, MA 02021 |
| | Insurance policy description: | Media Advantage Policy |
| | Named Insured: | TGP Communications, LLC, 5105 Lindell Boulevard, St. Louis, MO 63108. |
| | Account No. | 199908 |

1

Dear Jim and Joe:

In accordance with our various telephone conference calls and email exchanged over the last several weeks, please find below a revised retainer agreement reflecting the agreements that have been reached as described below.

This letter shall serve to evidence the agreements and understandings we have reached concerning the legal representation of *James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendants* in Case No. 2122-CC-09815-01, IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI TWENTY-SECOND JUDICIAL CIRCUIT (hereinafter referred to as the "Litigation") by Bundren Law Group, PLLC, whose current business address is 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034 (hereinafter referred to as "Bundren Law"). James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendants will hereinafter collectively be referred to as "DEFENDANTS." It is understood and agreed that the attorney's fees and expenses incurred in the Litigation for the defense of James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, (the insureds pursuant to the above referenced Insurance Policy) and hereinafter referred to as "DEFENDANTS") will be paid to Bundren Law by Defendants for any amounts that are not paid by ONE BEACON PROFESSIONAL INSURANCE (whose address is identified above) and/or Atlantic Specialty Insurance Company ("Underwriter") (whose address is identified above), in accordance with this agreement and pursuant to the above referenced insurance policy (the "Insurance Policy"). ONE BEACON PROFESSIONAL INSURANCE and Atlantic Specialty Insurance Company shall hereinafter be referred to as the "Insurer," and shall be jointly and severally responsible for payment of attorney's fees and costs billed by Bundren Law for the defense of DEFENDANTS in the Litigation, and the attorney's fees and costs of local counsel.

All invoices from Bundren Law shall be submitted to DEFENDANTS on a monthly basis. Upon receipt of the invoice, DEFENDANTS shall review the invoices and submit the necessary work or activity codes required by Insurer in order to comply with the Insurer's "billing guidelines." DEFENDANTS, jointly and severally, shall be responsible to pay Bundren Law all amounts for all invoices which are not paid by Insurer.

**Conflicts**. DEFENDANTS confirm and agree that DEFENDANTS have no conflict of interest between themselves with respect to the Litigation. Bundren Law has conducted a conflicts of interest check, and Bundren Law confirms that Bundren Law has no conflicts in representing all three DEFENDANTS in the Litigation. DEFENDANTS waive any conflict of interests that may exist between them with respect to the defense by Bundren Law of the DEFENDANTS in the Litigation. Bundren Law discloses that in accordance with applicable State Bar of Texas rules of professional conduct, showed an irreconcilable conflict of interest exists between DEFENDANTS in the future, which cannot be resolved, Bundren Law may be forced to withdraw from representing DEFENDANTS in the Litigation.

**Scheduling Order**. This agreement is contingent on a satisfactory Scheduling Order or other agreement(s) being reached with respect to the deadlines and scheduling of matters with respect to the Litigation to the satisfaction of Bundren Law to permit Bundren Law and Charles Bundren, Esq. to file a Notice of Appearance in the Litigation for DEFENDANTS and to have sufficient time to investigate and deliberate what will be necessary for the defense of DEFENDANTS in the Litigation. Bundren Law will not undertake a notice of appearance or legal representation for DEFENDANTS in the Litigation until (1) this agreement is fully executed by all parties; and, (2) the necessary Scheduling Order is entered by the Presiding Court in the Litigation. Upon the occurrence of these conditions, Bundren Law and Charles Bundren, Esq. shall file a Notice of Appearance for DEFENDANTS in the Litigation, and a request for admission pro hac vice in the Litigation from the presiding Court. Bundren Law and attorneys working for Bundren Law are licensed by the State Bar of Texas and their licenses are in good standing with the State Bar of Texas. It will be necessary for attorneys working for Bundren Law who intend to appear in the Litigation to obtain the permission of the presiding Court in the Litigation to appear to represent DEFENDANTS. Bundren Law does not anticipate any problems with any appearance of attorney's working for Bundren Law.

Bundren Law will require all parties to agree to the retention of local counsel acceptable to Bundren Law and all parties to this agreement in St. Louis, Missouri. The DEFENDANTS and Insurer shall be responsible for payment of attorney's fees and costs of local counsel directly.

The legal representation is in connection with the above referenced described Litigation only and the defense of DEFENDANTS in the Litigation and in the capacities therein stated. Bundren Law shall advise DEFENDANTS and Insurer regarding the legal matters described above.

**Resume.** Attached to this retainer agreement as Exhibit 1 is a copy of the resume of Charles Bundren, Esq., who will be the primary legal counsel representing DEFENDANTS in the Litigation for Bundren Law describing the professional background and education, and professional experience of Senior Partner of Bundren Law, Charles Bundren, Esq. through the date reflected on the resume. Should you have any questions concerning the professional background, education, and experience of Charles Bundren, Esq. beyond what is described in the resume, I will be more than happy to answer any such questions.

DEFENDANTS and Insurer have authorized Bundren Law and Charles Bundren, Esq. of Bundren Law to represent DEFENDANTS in the Litigation with respect to the legal matters set forth above and described herein and, in the capacity, stated. This agreement shall not apply to any other legal services other than defense of DEFENDANTS in the Litigation. Bundren Law has agreed to provide such legal representation and services to DEFENDANTS subject to (1) Bundren Law's ethical obligations under the State of Texas Bar Rules provided, however, that the following terms, conditions, agreements, and understandings shall apply to this legal representation and to the payment of attorney's fees and expenses.

## ATTORNEYS FEES AND EXPENSES.

1.      Attorney's fees for the legal services and expenses shall be paid by DEFENDANTS and Insurer and DEFENDANTS and Insurer shall be responsible for payment of all legal services at the reasonable and customary hourly rate described below plus expenses, if any.  It is customary for the Bundren Law to invoice its clients based upon the hours of work performed in representing the client on a monthly basis.  The agreed reasonable and customary hourly rates for attorneys and legal assistants working for Bundren Law on the Litigation for DEFENDANTS are as follows:

A.      Senior partner, Charles Bundren, Esq. -- $575.00 per hour;
B.      Associates –       $380.00 per hour;
C.      Legal assistants -- $175.00 per hour;
D.      Court room legal assistants -- $295 -- $350.00 per hour (or as contracted (subject to approval of DEFENDANTS and Insurer)).

Bundren Law has assigned Charles Bundren, Esq., Senior Partner, to be lead counsel for DEFENDANTS in defense of the claims asserted in the Litigation. DEFENDANTS and Insurer agree that Charles Bundren, Esq. will be lead counsel

representing DEFENDANTS in the defense of the claims in the Litigation. Any questions concerning the litigation should be directed to Charles Bundren, Esq.

DEFENDANTS and Insurer agrees to pay legal fees at the above-described hourly rates. If necessary, Bundren Law will advise DEFENDANTS and Insurer (subject to the approval of DEFENDANTS and Insurer) regarding the necessity to retain other attorneys or legal assistants to assist Bundren Law who are not employed by Bundren Law. Other attorneys -- such as local counsel -- who are not employed by Bundren Law will determine their own hourly rates and will enter into a separate retention agreement with DEFENDANTS and Insurer, if needed, to assist Bundren Law in the representation of DEFENDANTS as described herein -- subject to the approval of DEFENDANTS and Insurer. Depending upon the nature of the work to be performed by legal assistants, their hourly charge ranges from $175.00 per hour to $325.00 per hour. Bundren Law may also retain other legal counsel to assist Bundren Law in the representation of DEFENDANTS described herein (subject to the approval of DEFENDANTS and Insurer). The hourly rate for such attorney(s) shall be their reasonable and customary hourly rate.

**Experts and non-testifying consultants**: Third-party consultants, non-testifying consultants, or expert witnesses, if needed, will determine their own hourly rate but only as approved by DEFENDANTS and Insurer. Such firms or persons shall enter into their own direct contract with DEFENDANTS and Insurer, and DEFENDANTS and Insurer shall directly pay such firms or persons.

Because of the nature of all legal matters, Bundren Law cannot, and does not, estimate the amount of attorney's fees that may be incurred to defend DEFENDANTS in the Litigation. Bundren Law's representation of DEFENDANTS in the Litigation is not based on a contingency attorney fee and responsibility for payment of legal fees is not based on any outcome in the legal matter.

**Expenses and out-of-pocket costs**: In addition to the foregoing attorney fees, DEFENDANTS and Insurer agrees to pay, all out-of-pocket costs and expenses incurred in connection with the legal representation of DEFENDANTS in the Litigation, including, specifically, without limitation, where applicable and necessary, charges for transcripts, recording and certifying documents charges, service of process, filing fees, photocopying and other reproduction costs (except for photocopying and reproduction cost done by Bundren Law in-house which is considered part of Bundren Law's overhead) and charges (including document numbering), document imaging, document scanning, printing and binding charges, trial notebooks, graphics, simulations, animations, and re-creations, visual aid

presentations equipment charges, investigators and investigations, consultants and expert witnesses (including accountants and certified public accountants, economists, real estate appraisers, and others, (but only if needed and approved by DEFENDANTS and Insurer), other witness fees, title opinions or reports, jury consultants (if approved by DEFENDANTS and Insurer), mediators or arbitrators fees, messenger and delivery services, mileage, travel expenses, lodging and meals when out of the home city of the Bundren Law, parking expenses, postage and mailing charges (including certified mail charges and commercial carrier charges). Travel expenses, if any, will be charged based upon reasonable expenses actually incurred, but will include best available class of travel, meals, and accommodations, if necessary.  Bundren Law will travel, if any, at coach fare unless another level of service is necessary.  Bundren Law does not mark up any expenses incurred for the legal representation of its clients. Lodging shall be limited to reasonable accommodation charges. Bundren Law does not utilize five-star hotels.

Bundren Law will not charge for in-house duplication, telecommunication or fax expenses, long-distance telephone calls, email, or conference room rental.  Such expenses are included in the Bundren Law's overhead.  Bundren Law shall not markup any expenses.  All expenses shall be at the cost incurred by Bundren Law and Bundren Law shall provide invoices or receipts for such cost upon written request from DEFENDANTS and/or Insurer.

## CLIENT AUTHORIZATION

2.     DEFENDANTS and Insurer authorizes Bundren Law to undertake, on behalf of DEFENDANTS, and engage in providing legal services seeking to obtain the DEFENDANTS' objectives in the Litigation. DEFENDANTS and Insurer authorizes Bundren Law to appear for and to represent DEFENDANTS with respect to the legal matters described above.

3.     DEFENDANTS and Insurer and Bundren Law shall have an attorney-client relationship and all communications between DEFENDANTS and Insurer and Bundren Law shall be subject to the Attorney-client privilege, and the work product mental impression privilege, where applicable.

4.     Although not expected, DEFENDANTS and Insurer agrees that any and all funds (not legal services) that might be recovered due to Bundren Law's legal representation of DEFENDANTS in the legal matter, if any, will be placed in Bundren Law's Interest on Lawyer's Trust Account (hereinafter "IOLTA") account administered by the State Bar of Texas.  These funds will remain in the IOLTA

account only for as long as is reasonably necessary under the circumstances then existing to disburse the funds, if necessary.  The IOLTA account is an escrow account which is non-interest bearing to DEFENDANTS.  In accordance with Texas State Bar Rules, the interest earned by the IOLTA account will be remitted to the Texas Equal Access to Justice Foundation to fund legal services for the poor. DEFENDANTS and Insurer hereby expressly consents to the deposit of such funds, if any and if necessary, into the IOLTA account, realizing that any *interest* thereon will be remitted in that fashion, rather than to DEFENDANTS.

## BEST EFFORTS

5.     Bundren Law shall use Bundren Law's best efforts in representing DEFENDANTS; however, Defendants and Insurer acknowledges that Bundren Law has given DEFENDANTS and Insurer no assurances regarding the outcome of any legal matter(s), and no assurances regarding the outcome of the Litigation.

## CLIENT FILES

6.     If the agreement between Bundren Law and DEFENDANTS and Insurer is terminated for any reason, or upon cessation of the attorney-client representation, Bundren Law will return DEFENDANTS' and Insurer's client papers and client property that DEFENDANTS and/or Insurer furnished to Bundren Law, if any.

7.     Client's files may be retained for no more than four (4) years after Bundren Law's representation has been completed and then will be discarded if not previously delivered to DEFENDANTS and Insurer.

## BILLING

8.     All billing for Bundren Law's services and expenses shall be in accordance with the following procedures.  The Bundren Law invoices will be detailed as to separate services performed by date, description and time incurred, and timekeeper.  **THE INVOICES CONTAIN HIGHLY CONFIDENTIAL ATTORNEY/CLIENT COMMUNICATIONS AND INFORMATION AND WORK PRODUCT. PLEASE CLOSELY PROTECT THE INVOICES**.  All invoices are due within 30 days of receipt unless otherwise noted by Bundren Law in writing or email. Failure to pay an Invoice upon receipt may result in Bundren Law withdrawing all legal representation of DEFENDANTS in the legal matter.

**ADDITIONAL CONFLICTS**

9.     Bundren Law has conducted a conflict review, and has confirmed that Bundren Law is not presently representing any person or entity, in any matters adverse to DEFENDANTS and Insurer, as defined by the Texas State Bar Rules.  To the extent any court dockets erroneously suggest otherwise (such as, for example, by continuing to identify Bundren Law as counsel of record), Bundren Law will take immediate steps to correct any such errors. DEFENDANTS and Insurer confirms that there is no conflict of interest that DEFENDANTS and/or Insurer is aware of which would prevent Bundren Law from representing all DEFENDANTS in the Litigation. *DEFENDANTS waive any conflict between them with respect to the legal representation of Bundren Law for them in the Litigation.*

**COOPERATION**

10.     DEFENDANTS and Insurer agrees to keep Bundren Law advised of DEFENDANTS' and Insurer's contact information, location, phone number and email address at all times, and to appear on reasonable notice at any and all depositions and court appearances, and to comply with all reasonable requests of Bundren Law for cooperation in connection with the preparation and presentation of any legal matters involved in the Litigation, including the return of all phone messages and e-mail messages as soon as possible.

11.     The Supreme Court of Texas has adopted a Creed which mandates professionalism in the conduct of attorneys.  Bundren Law will strictly abide by that Creed. Attached is a copy of the Creed. A copy of the attorney Creed is attached hereto as Exhibit 2.

12.     **Invoices.** Invoices submitted by Bundren Law comply with state and federal requirements including contemporaneous recording of time by timekeepers, billing by the 10th of the hour, detailed descriptions of the services and activities performed, and single-entry timekeeping with activities describe separately by timekeeper, date and time incurred. Invoices are prepared and submitted for payment on a monthly basis. Bundren Law does not -- unless approved by its clients -- have multiple professionals attend appearances. All activities performed for its clients are contemporaneously recorded, invoiced and to be paid. Travel time is expected to be paid at full billing rates for the timekeeper involved. Preparation of email, documents, briefs, motions, and discovery and electronic filing and service of documents is billed at the actual time incurred for the activity. Bundren Law complies with all court requirements for conferences between attorneys which

8

includes email, letters, telephone conference calls, zoom calls and in person conferences, and such activities are invoiced to its clients and expected to be paid.

Bundren Law represents multiple clients in multiple jurisdictions and has established its procedures for billing and invoicing its clients. DEFENDANTS and Insurer agree that Bundren Law shall invoice DEFENDANTS and Insurer in accordance with the procedures described in this agreement and that all time incurred by an attorney or legal assistant in furtherance of DEFENDANTS' defense in the Litigation is compensable and recoverable for legal services and shall be paid by DEFENDANTS and Insurer. Bundren Law, because of its standard operating billing procedures over many jurisdictions and with many clients, will not agree to separate and distinct billing guidelines of Insurer.

Invoices shall be delivered to DEFENDANTS and Insurer by email attachment of a PDF file. Bundren Law will not deliver its invoices in any other manner than is customary and acceptable to Bundren Law's other clients which is by PDF attachment to an email.

**13.    THIS LETTER AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, AND ALL OBLIGATIONS OF THE PARTIES ARE PERFORMABLE IN COLLIN COUNTY, TEXAS. THIS AGREEMENT CAN BE ENFORCEABLE BY ANY COURT OF COMPETENT JURISDICTION IN COLLIN COUNTY, TEXAS.**

14.    This agreement cannot be modified orally. All modifications to this agreement shall be in writing and shall be signed by Bundren Law and DEFENDANTS and Insurer.

15.    In the event that any one or more of the provisions contained in this Agreement shall be held to be invalid, illegal, or unenforceable in any respect, such invalidity, or illegality shall not affect any other provision, and this agreement shall be construed as if such invalid, illegal, or unenforceable provision did not exist.

If the foregoing correctly sets forth our understandings and agreements concerning representation of DEFENDANTS in the Litigation by Bundren Law, please so indicate by affixing your appropriate signature at the place indicated below. DEFENDANTS and Insurer should maintain an executed copy of this agreement

We look forward to representing DEFENDANTS in the Litigation described above and we greatly appreciate the confidence you have shown in Bundren Law by selecting Bundren Law.

Very truly yours,

By: _____

BUNDREN LAW GROUP, PLLC
Wm. Charles Bundren, Esq., Manager.

Date:              January 10, 2024.


**AGREED AND ACCEPTED AND EFFECTIVE AS OF THE DATE LAST SIGNED AS INDICATED BELOW AND HEREIN.**

Jim Hoft

In his capacity as CEO and Manager of TGP Communications, LLC d/b/a THE GATEWAY PUNDIT.


By: _____
Printed Name:          Jim Hoft,
Title:                 CEO and Manager of TGP Communications, LLC d/b/a
                       THE GATEWAY PUNDIT.

Date:          January _____, 2024.

Jim Hoft, individually.


By: _____
Printed Name:          Jim Hoft,
Title:                 Individually.

Date:          January _____, 2024.

10

Joe Hoft, individually.

By: _____

Printed Name:          Joe Hoft,
Title:                 Individually.

Date:                  January _____, 2024.

## ATTORNEYS AND COUNSELORS
## BUNDREN LAW GROUP, PLLC

2591 Dallas Parkway, Suite 300
Frisco, Texas 75034

Wm. Charles Bundren, Esq.                          Telephone: 214.808.3555
E-Mail: Charles@bundrenlaw.net                     Fax: 972.624.5340

### RETAINER AGREEMENT

January 10, 2024

**DELIVERED VIA EMAIL AS FOLLOWS:**

Jim Hoft
Email:      midwestjim@charter.net
            jimhoft@gamil.com

Joe Hoft
Email:      jwhoft@gmail.com


Re:    Re *Ruby Freeman and Wandrea Moss, Plaintiffs v. James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendant.* Case No. 2122-CC-09815-01, IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI TWENTY-SECOND JUDICIAL CIRCUIT.


# EXHIBIT 1

**ATTORNEY & COUNSELOR**
*BUNDREN LAW GROUP, PLLC*
**WM. CHARLES BUNDREN, ESQ.**
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034

Office:  214.808.3555                     Facsimile:  972.624.5340
Cell:    214.808.3555                     e-mail:  charles@bundrenlaw.net

**DATED:**     <u>January 2022</u>

**PROFESSIONAL BACKGROUND AND EXPERIENCE:**

In 1979, upon graduation from the Texas Tech School of Law, Wm. Charles Bundren joined the law firm of Jackson & Walker of Dallas, Texas in the firm's litigation section.  In 1985, Mr. Bundren became an equity partner of Jackson & Walker.  Mr. Bundren served in various capacities with the firm of Jackson & Walker until March of 1993, when he left the firm to form his own private law practice.

In March of 1993, Mr. Bundren formed Wm. Charles Bundren & Associates, P.C. of Dallas, Texas where he was the principal shareholder and responsible attorney for handling complex federal and state commercial and civil rights litigation.

In October of 2003 Mr. Bundren joined the law firm of Glast, Phillips & Murray in the Dallas, Texas office where he concentrated on complex civil trial and appellate representation of small to medium business interests in federal and state courts and arbitrations.

In December of 2004, Mr. Bundren moved his practice to Frisco, Texas and continued his representation of business owners in complex federal and state civil commercial and civil rights trial and appellate work.  Mr. Bundren's legal practice for 42 years has concentrated in the area of handling complex federal and Texas civil trial and appellate matters, arbitrations, and claim resolutions for business owners and individuals.

In March 2020, Mr. Bundren formed Bundren Law Group, PLLC where he is currently employed as Senior Counsel and Managing Member.

For over 42 years, Mr. Bundren has had a varied practice.  He has represented a variety of clients in complex administrative and agency, and state and federal civil litigation, including public and municipality law, antitrust, trade secret and intellectual property rights, covenants not to compete, property tax and condemnation, personal injury, contract disputes, insurance, statutory violations, probate and trusts, zoning, labor and employment, civil rights (42 U.S.C. §1983 ), First Amendment, constitutional law, religious liberty, voting rights and voting dilution, age, immigration, sex, and handicap discrimination, interstate cargo, warranty claims, environmental claims, open records, HIV ("AIDS"), libel and slander, and general civil business litigation and public access claims, and arbitrations.

Mr. Bundren has litigated and argued extensively before administrative agencies, federal district and appellate courts, and State district and appellate courts cases concerning municipal and public law with specific concentration in the areas of claims asserted under 42 U.S.C. §1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, antitrust, trade secret, intellectual property, and  patent claims. and claims under the Voting Rights Act, the Federal Rehabilitation Act, Title VII, Americans with Disabilities Act, Age Discrimination, immigration, Fair Labor Standards Act, Wage and Hour claims, OSHA and environmental claims, sex, religion and handicap discrimination against private companies, local municipalities, and public entities, the Texas Deceptive Trade Practices Act, The Texas Local Government Code, the Texas Property and Probate Codes, the Texas Property Tax Code, and statutory and inverse condemnation.

Mr. Bundren has over 42 years of experience in litigating and arguing before federal and state administrative agencies, and federal district courts in the Northern, Eastern, Southern and Western United States District Courts of Texas, the federal district courts of Arizona, Nevada, the Northern District of Georgia, the Eastern District of Michigan and the Fifth, Sixth and Eleventh Federal Circuit Courts of Appeals, and the United States Supreme Court.  Mr. Bundren has successfully argued cases for clients before the Texas Supreme Court and numerous Texas Courts of Appeals.  Mr. Bundren has acted as lead counsel on such diverse cases as voting rights and voting dilution claims against local cities and the federal constitutional right of privacy.  Mr. Bundren has defended municipalities and police officers in federal district courts on civil rights claims involving, *inter alia,* use of excessive force, and constitutionally invalid customs and policies.  Mr. Bundren has advised, prepared and defended drug-free workplace testing policies, HIV infection policies, and First Amendment speech policies.  Mr. Bundren continues to advise companies

2

on business liability and discrimination claims.  Mr. Bundren has successfully represented clients in probate and trust litigation, tax (both personal and property), litigation, real estate suits, inverse condemnation suits, immigration, implied and express warranty claims, distributor suits, contract, tort, and Deceptive Trade Practices Act suits, private school litigation, general municipal law, trade secrets, intellectual property, patent claims, and antitrust claims.

During the past 42 years, Mr. Bundren has acted as lead trial counsel in over 200 jury trials and arbitrations. Mr. Bundren has served as lead trial counsel in over 75 trials to the court and has briefed and orally argued over 150 appellate cases in the United States Court of Appeals for the Fifth, Sixth and Eleventh federal circuits, the Supreme Court of Texas and a majority of the Courts of Appeals in Texas.

**PROFESSIONAL ACTIVITIES:**

Mr. Bundren is currently a member of the Board of Directors and the Treasurer of the Honorable Judge Paul Brown Intellectual Property American Inns of Court for the United States District Court for the Eastern District of Texas. Mr. Bundren was elected as a director of the United States District Court for the Eastern District of Texas Bar Association in 2015 and served as President of the Eastern District of Texas Bar Association in 2019.  Mr. Bundren is a former member of the American Bar Association AIDS Task Force and past member of the Texas Hospital Association Legal Task Force on AIDS related issues.  Mr. Bundren has been a member of the faculty and speaker for the State Bar of Texas at the State Bar of Texas Professional Development programs in 1990, 1991, 1992, 1993, and 1994 entitled "Suing and Defending Governmental Entities and Public Officials." Mr. Bundren was also a member of the faculty and speaker at the 1992 Advanced Labor and Employment Law Seminar for the State Bar of Texas Professional Development Program.  In February of 1994 Mr. Bundren was a member of the faculty and speaker at 9th Annual School Law Conference sponsored by the University of Texas School of Law.  Mr. Bundren's topic was "Walking the Line between Establishment and "Accommodation" of Religion.   In May of 1994, Mr. Bundren spoke and presented a paper for the State Bar of Texas municipal law seminar on "First Amendment Issues effecting Municipalities."

Mr. Bundren is a past President of the Rutherford Institute of Texas Foundation and past regional coordinator of the Rutherford Institute for Texas, New Mexico, Oklahoma, Louisiana and Arkansas.  The Rutherford Institute was founded in 1982 by Constitutional attorney and author John W. Whitehead as a religious and civil liberties organization dedicated to preserving religious freedom.   The

Rutherford Institute is a nonprofit, tax-exempt legal and educational organization in accordance with Section 501(c) (3) of the Internal Revenue Code.

For over 42 years, Mr. Bundren has been a pro bono volunteer attorney for First Liberty Institute of Plano, Texas focusing on defense of religious liberty, and is a pro bono affiliate attorney with ADF of Scottsdale, Arizona focusing on defense of life, protection of the family, First Amendment freedoms and religious liberty.

**PROFESSIONAL ASSOCIATIONS:**

Mr. Bundren is a member of the State Bar of Texas. He is a member of the Bar of United States Supreme Court, the United States Courts of Appeals for the Fifth, Sixth and Eleventh Circuits, the United States District Courts for the Northern, Southern, Eastern, and Western Districts of Texas; the United States District Court for the Northern District of Georgia (admitted Pro Hac Vice 2008); the United States District Court for the District of Arizona (admitted Pro Hac Vice 2007); the United States District Court for the District of Nevada (admitted Pro Hac Vice 2007), the State Superior Court for White County Georgia (admitted Pro Hac Vice 2008), and the State Superior Court for Fulton County Georgia (admitted Pro Hac Vice 2021).

**EDUCATION AND PERSONAL:**

Born in Austin, Texas, November 17, 1953; admitted to the Texas Bar in 1979; preparatory education, Texas Tech University (B.A. 1976); legal education, Texas Tech University School of Law (J.D., 1979). Honors: Member of Board of Barristers; Associate Editor, Texas Tech Law Review, 1977-78; Articles, Topics and Book Review Editor, Texas Tech Law Review, 1978-79.

Mr. Bundren has participated as lead counsel or co-counsel, or amicus counsel in the following reported decisions.

**SUPREME COURT OF THE UNITED STATES**

1.    **Planned Parenthood v. Casey,** No. 91-744 , SUPREME COURT OF THE UNITED STATES, 505 U.S. 833; 112 S. Ct. 2791; 120 L. Ed. 2d 674; 1992 U.S. LEXIS 4751; 60 U.S.L.W. 4795; 92 Daily Journal DAR 8982; 6 Fla. L. Weekly Fed. S 663, April 22, 1992, Argued , June 29, 1992, Decided * * Together with No. 91-902, Casey, Governor of Pennsylvania, et al. v. Planned Parenthood of Southeastern Pennsylvania et al., also on certiorari to the same court.,   As Amended July 2, 1992

**OVERVIEW:**  The Court held that the husband notification provision of the Pennsylvania Abortion Control Act placed an undue burden on a woman's right to have an abortion in a large fraction of cases and was unconstitutional.

2.    **Lee v. Weisman**, No. 90-1014 , SUPREME COURT OF THE UNITED STATES, 505 U.S. 577; 112 S. Ct. 2649; 120 L. Ed. 2d 467; 1992 U.S. LEXIS 4364; 60 U.S.L.W. 4723; 92 Cal. Daily Op. Service 5448; 92 Daily Journal DAR 8669, November 6, 1991, Argued , June 24, 1992, Decided

**OVERVIEW:**  The inclusion of clerical members who offered prayers as part of official public school graduation ceremonies was inconsistent with the Establishment Clause of the First Amendment of the Constitution.

3.    **Rust v. Sullivan**, No. 89-1391, SUPREME COURT OF THE UNITED STATES, 500 U.S. 173; 111 S. Ct. 1759; 114 L. Ed. 2d 233; 1991 U.S. LEXIS 2908; 59 U.S.L.W. 4451; 91 Cal. Daily Op. Service 3713; 91 Daily Journal DAR 6006, October 30, 1990, Argued , May 23, 1991, Decided ** Together with No. 89-1392, New York et al. v. Sullivan, Secretary of Health and Human Services, also on certiorari to the same court

**OVERVIEW:**  Health department regulations limiting the ability of Title X fund recipients to engage in abortion-related activities were upheld as constitutional, permissible constructions of the underlying legislation.

4.    **Cruzan v. Dir., Mo. Dep't of Health**, No. 88-1503 , SUPREME COURT OF THE UNITED STATES, 497 U.S. 261; 110 S. Ct. 2841; 111 L. Ed. 2d 224; 1990 U.S. LEXIS 3301; 58 U.S.L.W. 4916, December 6, 1989, Argued , June 25, 1990, Decided  ⚠ Caution, As of: Jan 13, 2012

**OVERVIEW:**  Petitioner parents' request to withdraw their vegetative daughter's feeding and hydration equipment was denied where there was no clear and convincing evidence of patient's desire to have life-sustaining treatment withdrawn.

5.    **Webster v. Reprod. Health Servs**., No. 88-605, SUPREME COURT OF THE UNITED STATES, 492 U.S. 490; 109 S. Ct. 3040; 106 L. Ed. 2d 410; 1989 U.S. LEXIS 3290; 57 U.S.L.W. 5023, April 26, 1989, Argued , July 3, 1989, Decided

**OVERVIEW:**  A Missouri statute that regulated the performance of abortions was not unconstitutional. The prohibition against state funded abortions and counseling

did not put a governmental obstacle in the path of a woman who chose to have an abortion.

6.    **Bowen v. Kendrick**, No. 87-253 , SUPREME COURT OF THE UNITED STATES, 487 U.S. 589; 108 S. Ct. 2562; 101 L. Ed. 2d 520; 1988 U.S. LEXIS 3027; 56 U.S.L.W. 4818, March 30, 1988, Argued , June 29, 1988, * Decided * Together with No. 87-431, Bowen, Secretary of Health and Human Services v. Kendrick et al., No. 87-462, Kendrick et al. v. Bowen, Secretary of Health and Human Services, et al., and No. 87-775, United Families of America v. Kendrick et al., also on appeal from the same court.

**OVERVIEW:**  A statute that provided grants for programs concerning adolescent sexuality to religious organizations was not unconstitutional on its face, as those organizations were not disabled from participation in public social welfare programs.

7.    **Frisby v. Schultz**, No. 87-168 , SUPREME COURT OF THE UNITED STATES, 487 U.S. 474; 108 S. Ct. 2495; 101 L. Ed. 2d 420; 1988 U.S. LEXIS 3026; 56 U.S.L.W. 4785, April 20, 1988, Argued , June 27, 1988, Decided

**OVERVIEW:**  Because appellees' picketing prohibited by town ordinance was directed primarily at those who were unwilling to receive it, state had substantial interest in banning it and therefore ordinance was constitutional.

8.    **Karcher v. May**, No. 85-1551, SUPREME COURT OF THE UNITED STATES, 484 U.S. 72; 108 S. Ct. 388; 98 L. Ed. 2d 327; 1987 U.S. LEXIS 5027; 56 U.S.L.W. 4022, October 6, 1987, Argued , December 1, 1987, Decided ,   As Amended
**OVERVIEW:**  Public officials who participated in a lawsuit solely in their official capacities could not appeal an adverse judgment after they left office.

9.    **Bd. of Airport Comm'Rs v. Jews for Jesus**, No. 86-104, SUPREME COURT OF THE UNITED STATES, 482 U.S. 569; 107 S. Ct. 2568; 96 L. Ed. 2d 500; 1987 U.S. LEXIS 2619; 55 U.S.L.W. 4855, March 3, 1987, Argued, June 15, 1987, Decided

**OVERVIEW:**  Resolution of a board of airport commissioners banning First Amendment activities in airport central terminal violated the First Amendment of the Constitution as it was substantially overbroad and not fairly subject to a limiting construction.

10.   **Hobbie v. Unemployment Appeals Com.,** No. 85-993, SUPREME COURT OF THE UNITED STATES, 480 U.S. 136; 107 S. Ct. 1046; 94 L. Ed. 2d 190; 1987 U.S. LEXIS 938; 55 U.S.L.W. 4208; 43 Fair Empl. Prac. Cas. (BNA) 21; 42 Empl. Prac. Dec. (CCH) P36,753, December 10, 1986, Argued, February 25, 1987, Decided

**OVERVIEW:**  The Free Exercise Clause of the First Amendment required that an employee discharged for refusing to work certain hours due to sincerely held religious convictions be entitled to unemployment benefits.

11.   **Ansonia Bd. of Educ. v. Philbrook,** No. 85-495, SUPREME COURT OF THE UNITED STATES, 479 U.S. 60; 107 S. Ct. 367; 93 L. Ed. 2d 305; 1986 U.S. LEXIS 18; 55 U.S.L.W. 4019; 42 Fair Empl. Prac. Cas. (BNA) 359; 41 Empl. Prac. Dec. (CCH) P36,565, October 14, 1986, Argued, November 17, 1986, Decided

**OVERVIEW:**  Unless prohibition against use of personal days for religious purposes was found, on remand, to be discriminatory, employer met its obligation to accommodate employee by allowing him time off without pay for religious observance.

12.   **Bowers v. Hardwick**, No. 85-140, SUPREME COURT OF THE UNITED STATES, 478 U.S. 186; 106 S. Ct. 2841; 92 L. Ed. 2d 140; 1986 U.S. LEXIS 123; 54 U.S.L.W. 4919, March 31, 1986, Argued, June 30, 1986, Decided

**OVERVIEW:**  Georgia statute criminalizing sodomy was upheld as constitutional as the Due Process Clause of the Fourteenth Amendment did not create a fundamental right for homosexuals to engage in consensual sodomy, even in privacy of their own homes.

13.   **Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc**., No. 85-488, SUPREME COURT OF THE UNITED STATES, 477 U.S. 619; 106 S. Ct. 2718; 91 L. Ed. 2d 512; 1986 U.S. LEXIS 71; 54 U.S.L.W. 4860; 41 Fair Empl. Prac. Cas. (BNA) 78; 40 Empl. Prac. Dec. (CCH) P36,195, March 26, 1986, Argued, June 27, 1986, Decided

**OVERVIEW:**  A religious school was not exempt from the state's administrative agency's investigation of a discharge of a teacher and could seek judicial review if the action violated its constitutional rights. The federal court improperly issued an injunction.

14.   **Bowen v. Roy**, No. 84-780, SUPREME COURT OF THE UNITED STATES, 476 U.S. 693; 106 S. Ct. 2147; 90 L. Ed. 2d 735; 1986 U.S. LEXIS 52; 54 U.S.L.W. 4603, January 14, 1986, Argued, June 11, 1986, Decided

**OVERVIEW:**  Welfare agencies were allowed to use a child's social security number when processing her family's benefits where using the number did not violate the family's rights under the Free Exercise Clause of the First Amendment.

15.   **Bowen v. American Hospital Asso.,** No. 84-1529, SUPREME COURT OF THE UNITED STATES, 476 U.S. 610; 106 S. Ct. 2101; 90 L. Ed. 2d 584; 1986 U.S. LEXIS 87; 54 U.S.L.W. 4579, January 15, 1986, Argued, June 9, 1986, Decided

**OVERVIEW:**  Certain regulations promulgated by the Secretary of Department of Health and Human Services governing the provision of health care to handicapped infants were declared invalid as unauthorized by Rehabilitation Act of 1973.

16.   **Goldman v. Weinberger**, No. 84-1097, SUPREME COURT OF THE UNITED STATES, 475 U.S. 503; 106 S. Ct. 1310; 89 L. Ed. 2d 478; 1986 U.S. LEXIS 34; 54 U.S.L.W. 4298; 40 Fair Empl. Prac. Cas. (BNA) 543; 39 Empl. Prac. Dec. (CCH) P35,947, January 14, 1986, Argued, March 25, 1986, Decided

**OVERVIEW:**  In petitioner rabbi's First Amendment challenge to an Air Force regulation prohibiting petitioner from wearing a yarmulke while in uniform, the regulation was deemed constitutional as justified by the military's interest in uniformity and discipline.

## UNITED STATES COURTS OF APPEALS

17.   **Fisher v. Univ. of Tex.,** No. 09-50822, UNITED STATES COURT APPEALS FOR THE FIFTH CIRCUIT, 2014 U.S. App. LEXIS 21842, November 12,2014, Decide.

18.   **Morgan v. Swanson,** No. 13-40433, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 755 F.3d 757; 2014 U.S. App. LEXIS 10293, June 3, 2014, Filed

**OVERVIEW:** Where parent alleged that principal violated his First Amendment rights by not allowing him to distribute religious material to other adults at son's in-

class winter party, principal was entitled to qualified immunity because there was no legal authority that clearly established asserted right such that parent could overcome principal's defense.

19.   **Morgan v. Swanson**, No. 13-40433, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 748 F.3d 241; 2014 U.S. App. LEXIS 6125, April 2, 2014, Filed, Opinion withdrawn by, Substituted opinion at Morgan v. Swanson, 755 F.3d 757, 2014 U.S. App. LEXIS 10293 (5th Cir. Tex., June 3, 2014).

**OVERVIEW:** A district court's dismissal of a § 1983 complaint was affirmed because a school principal was entitled to qualified immunity since a parent had not identified any case clearly establishing his constitutional right to distribute religious material during a classroom activity.

20.   **Morgan v. Plano Indep. Sch. Dist.,** No. 12-40493, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 724 F.3d 579; 2013 U.S. App. LEXIS 15257, July 26, 2013, Filed.

**OVERVIEW:** Tex. Civ. Prac. & Rem. Code Ann. § 110.006 required pre-suit notice by certified mail, return receipt requested, 60 days before suit, and Tex. Gov't Code Ann. § 311.034 made that prerequisite jurisdictional; parent's Texas Religious Freedom Restoration Act suit against a school district failed for lack of pre-suit notice.

21.   **Wernecke v. Garcia**, No. 10-41035, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 2011 U.S. App. LEXIS 22554, November 7, 2011, Filed, PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**OVERVIEW:** Even if social worker had included in her warrant affidavit that parents had requested a referral for their child's treatment that was denied due to doctor's non-certification, findings of immediate danger and need for treatment could have been made under Tex. Fam. Code Ann. § 262.102; qualified immunity precluded a Fourth Amendment claim.

22.   **Morgan v. Swanson,** No. 09-40373, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 659 F.3d 359; 2011 U.S. App. LEXIS 19656, September 27, 2011, Filed, Revised September 29, 2011. As Revised, September 28, 2011

**OVERVIEW:**  Principals were entitled to immunity as general state of law was complicated and subject to great debate. At time of incidents, neither single controlling authority nor robust consensus of persuasive authority held that First Amendment prohibited principals from restricting distribution of written religious materials in public elementary schools.

23.    **Simmons v. Liberty Mut. Fire Ins. Co.,** No. 09-41123, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 420 Fed. Appx. 388; 2011 U.S. App. LEXIS 6572, March 30, 2011, Filed, PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**OVERVIEW:**  An insurer had no duty to defend independent business operators (IBOs) against claims made by the owner of a marketing operation in underlying arbitrations because the allegations were not based on the operation of the IBOs' businesses. Engaging in efforts to start a competing business was not IBO business.

24.    **Rundus v. City of Dallas,** No. 09-11027 cons. w/ No. 10-10024, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 634 F.3d 309; 2011 U.S. App. LEXIS 3420, February 21, 2011, Filed, US Supreme Court certiorari denied by Rundus v. City of Dallas, 2011 U.S. LEXIS 6625 (U.S., Oct. 3, 2011)US Supreme Court certiorari denied by Rundus v. Dallas, 2011 U.S. LEXIS 6703 (U.S., Oct. 3, 2011)

**OVERVIEW:**  Plaintiff's 42 U.S.C.S. § 1983 action failed because defendant, a private corporation performing the operation of a state fair, was not a state actor; it merely ran a private event on public property, and the city had no say in the corporation's internal decision making, or in the restriction on distribution of literature.

25.    **Asphalt Ref. & Tech. Co., LLC** v. Underwriters at Lloyd's London, No. 10-10863, UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT, 416 Fed. Appx. 815; 2011 U.S. App. LEXIS 1645, January 26, 2011, Decided, January 26, 2011, Filed, PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**OVERVIEW:**  Carrier properly applied coinsurance penalty clause and refused to pay insured's claim for damaged tanks and buildings in full because neither the

insurance binder, pursuant to O.C.G.A § 33-24-33, nor signed insurance application contained qualifying language specifying how many tanks were insured; meaning of the term "tanks" was plain and obvious.

26.    **Morgan v. Swanson**, No. 09-40373, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 628 F.3d 705; 2010 U.S. App. LEXIS 26016, December 17, 2010, Decided, December 17, 2010, Filed, on rehearing at, Remanded by Morgan v. Swanson, 2011 U.S. App. LEXIS 19656 (5th Cir. Tex., Sept. 27, 2011)

27.    **Morgan v. Swanson**, No. 09-40373, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 627 F.3d 170; 2010 U.S. App. LEXIS 24368, November 29, 2010, Filed, Rehearing, en banc, granted by Morgan v. Swanson, 628 F.3d 705, 2010 U.S. App. LEXIS 26016 (5th Cir. Tex., Dec. 17, 2010)

**OVERVIEW:**  In students' suit alleging discrimination from the banning of the distribution of religious messages by students while on school property, two elementary school principals were not entitled to qualified immunity because it was clearly established that the First Amendment protected elementary school students from religious-viewpoint discrimination.

28.    **Morgan v. Swanson**, No. 09-40373, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 2010 U.S. App. LEXIS 21452, June 30, 2010, Filed, As Revised, July 1, 2010.Opinion withdrawn by, Substituted opinion at Morgan v. Swanson, 627 F.3d 170, 2010 U.S. App. LEXIS 24368 (5th Cir. Tex., Nov. 29, 2010)

**OVERVIEW:**   In a suit by parents challenging the prohibition of student distribution of gifts containing religious messages, two elementary school principals were not entitled to qualified immunity because it was clearly established that elementary school students had a First Amendment right to be free from religious-viewpoint discrimination while at school.

29.    **Morgan v. Swanson**, No. 09-40373, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 610 F.3d 877; 2010 U.S. App. LEXIS 13450, June 30, 2010, Filed, Amended by Morgan v. Swanson, 2010 U.S. App. LEXIS 21452 (5th Cir. Tex., June 30, 2010)

**OVERVIEW:**  Principals who allegedly banned distribution of religious messages by students were not entitled to qualified immunity on students' First Amendment

claim because principals had fair warning that suppression of student-to-student distribution of literature on basis of religious viewpoint was unlawful with respect to elementary school students.

30.   **Wernecke v. Garcia**, No. 09-40132, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 591 F.3d 386; 2009 U.S. App. LEXIS 27636, December 15, 2009, Filed, Subsequent appeal at, Motion denied by Wernecke v. Garcia, 2011 U.S. App. LEXIS 22554 (5th Cir. Tex., Nov. 7, 2011)

**OVERVIEW:**   when a state social worker obtains from a judge a temporary emergency custody order that imposes legal duties on the state agency and has reason to believe the child is within the child's home, the social worker may, consistent with the Fourth Amendment, enter and search the home for the child.

31.   **Morgan v. Plano Indep. Sch. Dist**., No. 08-40707, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 589 F.3d 740; 2009 U.S. App. LEXIS 26154, December 1, 2009, Filed, US Supreme Court certiorari denied by Morgan v. Plano Indep. Sch. Dist., 130 S. Ct. 3503, 177 L. Ed. 2d 1091, 2010 U.S. LEXIS 5500 (U.S., 2010) On remand at, Magistrate's recommendation at Morgan v. Plano Indep. Sch. Dist., 2010 U.S. Dist. LEXIS 142307 (E.D. Tex., Sept. 22, 2010)

**OVERVIEW:**   A public school's policy which set time, manner, and place restrictions on students' distribution of written materials was reasonable and facially constitutional under the First Amendment: the regulations were content neutral and providing a focused learning environment for students was a significant legitimate interest that was furthered by them.

32.   **Quixtar, Inc. v. Brady**, No. 08-2629, UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, 09 a 0313 n. 06; 328 Fed. Appx. 317; 2009 U.S. App. LEXIS 9226; 2009 FED App. 0313N (6th Cir.), April 30, 2009, Filed, NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**OVERVIEW:**  Because the district court's order to compel arbitration was a final decision that disposed of the entire case that was before it, the appellate court had

jurisdiction to hear the appeal pursuant to 9 U.S.C.S. § 16(a)(3) and there was no dispute that an agreement in writing was made for arbitration between the parties.

33.   **Dearmore v. City of Garland**, No. 06-11007, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 519 F.3d 517; 2008 U.S. App. LEXIS 5161, March 10, 2008, Filed, US Supreme Court certiorari denied by, Motion granted by Garland v. Dearmore, 2008 U.S. LEXIS 6325 (U.S., Oct. 6, 2008)

**OVERVIEW:**  Where a preliminary injunction issued on a finding that a property owner would likely succeed on the merits, and the city then amended the ordinance to address the district court's constitutional concerns with the ordinance, the finding that the owner was a prevailing party and the award of fees under 42 U.S.C.S. § 1988(b) was affirmed.

34.   **Barrow v. Greenville Indep. Sch. Dist**., No. 06-10123, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 2007 U.S. App. LEXIS 24778; 26 I.E.R. Cas. (BNA) 1322, October 23, 2007, Filed, PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS., US Supreme Court certiorari denied by Smith v. Barrow, 2008 U.S. LEXIS 4256 (U.S., May 19, 2008)

**OVERVIEW:**  Judgment in favor of teacher on a 42 U.S.C.S. § 1983 parental rights claim was affirmed under law of the case doctrine. Further, given the district court's impressively careful and thorough consideration of fee issue, the district court did not abuse its discretion in its attorney's fee award. Superintendent's offers of judgment were ineffective.

35.   **Barrow v. Greenville Indep. Sch. Dist**., No. 05-11151, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 480 F.3d 377; 2007 U.S. App. LEXIS 4233; 154 Lab. Cas. (CCH) P60,385; 25 I.E.R. Cas. (BNA) 1256, February 26, 2007, Filed, US Supreme Court certiorari denied by Barrow v. Greenville Indep. Sch. Dist., 552 U.S. 888, 128 S. Ct. 255, 169 L. Ed. 2d 148, 2007 U.S. LEXIS 11047 (2007)

**OVERVIEW:**  A district court's grant of summary judgment in favor of a school district in regards to a teacher's § 1983 claim and Title VII claim was affirmed because, in regards to the §1983 claim, the superintendent was not the policymaker, and, in regards to the Title VII claim, the teacher failed satisfy her initial burden for her disparate impact claim.

36.   **Williams v. Kaufman County**, No. 02-10500, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 352 F.3d 994; 2003 U.S. App. LEXIS 24763, December 9, 2003, Filed

**OVERVIEW:**   Where police officers found no evidence of weapons, drugs or contraband in exercising a search warrant for an exotic dancing club, probable cause did not exist for full-blown searches, much less strip searches of § 1983 plaintiffs in the club.

37.   **Williams v. Kaufman County**, No. 02-10500, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 343 F.3d 689; 2003 U.S. App. LEXIS 16991, August 19, 2003, Filed, THIS OPINION WAS WITHDRAWN BY THE COURT, As Revised September 5, 2003.   Opinion withdrawn by, Substituted opinion at Williams v. Kaufman County, 352 F.3d 994, 2003 U.S. App. LEXIS 24763 (5th Cir. Tex., Dec. 9, 2003)

**OVERVIEW:**   District court properly determined that strip searches of the individuals by the sheriff violated the individual's constitutional rights as the sheriff had no probable cause to conduct the searches. County was also liable for the sheriff's actions.

38.   **Chiu v. Plano Indep. Sch. Dist**., No. 02-41218, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 339 F.3d 273; 2003 U.S. App. LEXIS 14187, July 15, 2003, Filed, Rehearing denied by, Rehearing, en banc, denied by Chiu v. Plano Indep. Sch. Dist., 2003 U.S. App. LEXIS 21091 (5th Cir. Tex., Aug. 11, 2003) US Supreme Court certiorari dismissed by Plano Indep. Sch. Dist. v. Chiu, 2003 U.S. LEXIS 9196 (U.S., Dec. 4, 2003)

**OVERVIEW:**   In a § 1983 action, qualified immunity was properly denied to a superintendent and a principal as there were factual issues regarding potential viewpoint discrimination in subjecting parents' activities to a blanket pre-clearance requirement.

39.   **Barrow v. Greenville Indep. Sch. Dist**., No. 02-10351, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 332 F.3d 844; 2003 U.S. App. LEXIS 10838; 19 I.E.R. Cas. (BNA) 1793, June 2, 2003, Filed, As Revised June 17, 2003.   Rehearing denied by, Rehearing, en banc, denied by Barrow v. Greenville Indep. Sch. Dist., 2003 U.S. App. LEXIS 15391 (5th Cir. Tex., July 2, 2003) On remand at Barrow v. Greenville Indep. Sch. Dist., 2003 U.S. Dist. LEXIS 12479

(N.D. Tex., July 14, 2003) US Supreme Court certiorari denied by Smith v. Barrow, 2003 U.S. LEXIS 8233 (U.S., Nov. 10, 2003)

**OVERVIEW:**  A public school teacher had a right to educate her children in private school; the public school could not refuse to promote her where it had not provided any evidence that its educational mission was materially and substantially affected.

40.    **Chiu v. Plano Indep. Sch. Dist**., No. 00-40613, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 260 F.3d 330; 2001 U.S. App. LEXIS 16592, July 24, 2001, Decided, Appeal after remand at Chiu v. Plano Indep. Sch. Dist., 2003 U.S. App. LEXIS 14187 (5th Cir. Tex., July 15, 2003)

**OVERVIEW:**  School administrator was entitled to qualified immunity from a parent's First Amendment claim related to the administrator's refusal to allow her to circulate a petition through the school's mail delivery system.

41.    **Kee v. City of Rowlett**, No. 99-10555, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 247 F.3d 206; 2001 U.S. App. LEXIS 4970, March 28, 2001, Decided, Rehearing Denied April 24, 2001, Reported at: 2001 U.S. App. LEXIS 9280. Certiorari Denied October 1, 2001, Reported at 2001 U.S. LEXIS 6605.

**OVERVIEW:**  Privacy right was not violated by electronic eavesdropping, absent subjective expectation of privacy at outdoor memorial service. There was no evidence of context or circumstances of conversations, or of steps taken to maintain privacy.

42.    **Tompkins v. Cyr**, No. 98-10295, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 202 F.3d 770; 2000 U.S. App. LEXIS 1027; 53 Fed. R. Evid. Serv. (Callaghan) 1424; 46 Fed. R. Serv. 3d (Callaghan) 319, January 28, 2000, Decided

**OVERVIEW:**  Evidence showed defendant anti-abortion protestors were properly held liable for plaintiffs' injuries; plaintiffs could not collect duplicate damages on different claims for one injury, so part of damages award was vacated.

43.    **Guidry v. Broussard**, No. 89-4172, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 897 F.2d 181; 1990 U.S. App. LEXIS 4347, March 27, 1990, Decided, As Corrected. Rehearing and Rehearing En Banc Denied April 25, 1990.

**OVERVIEW:**  The summary judgment record was clear and there was no relevant policy or custom sufficient to impose money damages upon the school board for any constitutional wrong inflicted upon appellant.

44.   **County Line Joint Venture v. Grand Prairie**, No. 87-1304, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 839 F.2d 1142; 1988 U.S. App. LEXIS 3449, March 18, 1988

**OVERVIEW:**  Where governmental conduct was legislative, property owners had no procedural due process rights because by passing a law affecting a general class of persons, those persons received procedural due process through the legislative process.

45.   **Del E. Webb Constr. v. Richardson Hosp. Auth**., No. 86-1570, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 823 F.2d 145; 1987 U.S. App. LEXIS 10225, August 3, 1987, As Amended August 6, 1987.

**OVERVIEW:**  It was for the arbitrator, and not the trial court, to determine whether a contractor had complied with the contractual prerequisites for demanding arbitration in an action involving the renovation of a hospital.

46.   **Baker v. Wade,** No. 82-1590, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 774 F.2d 1285; 1985 U.S. App. LEXIS 23752, October 23, 1985

**OVERVIEW:**  The court declined to become the arbiter of moral issues and to declare invalid a state statute based on homosexual conduct.

47.   **Baker v. Wade**, No. 82-1590, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 769 F.2d 289; 1985 U.S. App. LEXIS 21431; 3 Fed. R. Serv. 3d (Callaghan) 122, August 26, 1985, rehearing En Banc Denied October 23, 1985.

**OVERVIEW:**  A state statute that proscribed deviate same-sex sexual intercourse did not violate a homosexual's privacy rights and was rationally related to legitimate state goal of implementing morality; state prosecutor had the right to intervene in the appeal.

48.   **BAKER v. WADE**, No. 82-1590., UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 1985 U.S. App. LEXIS 28009, January 28, 1985

49.   **Baker v. Wade**, No. 82-1590, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 743 F.2d 236; 1984 U.S. App. LEXIS 18362; 40 Fed. R. Serv. 2d (Callaghan) 114, September 21, 1984, Rehearing en banc granted, January 28, 1985.

**OVERVIEW:**  District attorney who was not representative of defendant class of district attorneys had no right to appeal judgment finding Texas penal statute unconstitutional because it was responsibility of state and class representatives to appeal.

50.   **Gay Student Services v. Texas A & M University**, No. 82-2366, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 737 F.2d 1317; 1984 U.S. App. LEXIS 19835, August 3, 1984

**OVERVIEW:**  Judgment for university was reversed where no compelling interest justified its content-based and viewpoint discrimination, as a limited public forum, in refusing to recognize a gay student group despite its recognition of similar groups.

## UNITED STATES DISTRICT COURTS

51.   **Amway Corp. v. BHIP Global, Inc.,** CASE NO. 4:10-CV-549, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2013 U.S. Dist. LEXIS 75393, May 29, 2013, Decided, May 29, 2013.

52.   **Morgan v. Plano Indep. Sch. Dist.**, Case No. 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2013 U.S. Dist. LEXIS 19030, February 13, 2013, Decided, February 13, 2013.

53.   **Morgan v. Plano Indep. Sch. Dist.**, CASE NO. 4:04CV447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 140561, September 28, 2012, Decided, September 28, 2012, Filed, Motion granted by, Dismissed by, in part Morgan v. Plano Indep. Sch. Dist., 2013 U.S. Dist. LEXIS 19030 (E.D. Tex., Feb. 13, 2013).

54.   **Morgan v. Plano Indep. Sch. Dist**., CASE NO. 4:04CV447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 140560, September 28, 2012, Decided, September 28, 2012.

55.   **Morgan v. Plano Indep. Sch. Dist**., Case No. 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 186641, September 25, 2012, Decided, September 25, 2012, Filed, adopted by, in part, Claim dismissed by Morgan v. Plano Indep. Sch. Dist., 2013 U.S. Dist. LEXIS 19030 (E.D. Tex., Feb. 13, 2013).

56.   **Morgan v. Plano Indep. Sch. Dist.**, CASE NO. 4:04CV447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 99795, July 17, 2012, Decided, July 18, 2012, Filed, Magistrate's recommendation at Morgan v. Plano Indep. Sch. Dist., 2012 U.S. Dist. LEXIS 99799 (E.D. Tex., July 17, 2012) Adopted by, Claim dismissed by Morgan v. Plano Indep. Sch. Dist., 2012 U.S. Dist. LEXIS 140561 (E.D. Tex., Sept. 28, 2012).

57.   **Morgan v. Plano Indep. Sch. Dist**., CASE NO. 4:04CV447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 99799, July 17, 2012, Decided, July 18, 2012, Filed, adopted by, Motion denied by Morgan v. Plano Indep. Sch. Dist., 2012 U.S. Dist. LEXIS 140560 (E.D. Tex., Sept. 28, 2012).

58.   **Morgan v. Plano Indep. Sch. Dist**., Case No. 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 45031, March 29, 2012, Decided, March 30, 2012, Filed, Magistrate's recommendation at Morgan v. Plano Indep. Sch. Dist., 2012 U.S. Dist. LEXIS 99795 (E.D. Tex., July 17, 2012) Reversed by Morgan v. Plano Indep. Sch. Dist., 2013 U.S. App. LEXIS 15257 (5th Cir. Tex., July 26, 2013).

59.   **Morgan v. Plano Indep. Sch. Dist.,** CASE NO. 4:04CV447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2012 U.S. Dist. LEXIS 12875, February 1, 2012, Decided, February 2, 2012, Filed, Adopted by, in part, Partial summary judgment granted by, in part, Partial summary judgment denied by, in part Morgan v. Plano Indep. Sch. Dist., 2012 U.S. Dist. LEXIS 45031 (E.D. Tex., Mar. 29, 2012).

60.    **Morgan v. Plano Indep. Sch. Dist.,** Case No. 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2011 U.S. Dist. LEXIS 32256, March 28, 2011, Decided, March 28, 2011, Filed, Magistrate's recommendation at, Summary judgment proceeding at Morgan v. Plano Indep. Sch. Dist., 2012 U.S. Dist. LEXIS 12875 (E.D. Tex., Feb. 1, 2012)

61.    **Morgan v. Plano Indep. Sch. Dist**., Case No. 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2011 U.S. Dist. LEXIS 32256, March 28, 2011, Decided, March 28, 2011, Filed

62.    **Morgan v. Plano Indep. Sch. Dist**., Case No. 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2010 U.S. Dist. LEXIS 142307, September 22, 2010, Decided, September 23, 2010, Filed, adopted by, Partial summary judgment denied by, Summary judgment granted by Morgan v. Plano Indep. Sch. Dist., 2011 U.S. Dist. LEXIS 32256 (E.D. Tex., Mar. 28, 2011)

63.    **Pounds v. Katy Indep. Sch. Dist**., CIVIL ACTION NO. H-06-0527, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION, 730 F. Supp. 2d 636; 2010 U.S. Dist. LEXIS 77175, July 30, 2010, Decided, July 30, 2010, Filed

**OVERVIEW:**  After granting motion for reconsideration, court vacated its prior grant of summary judgment in school district's favor concerning its exclusion of religious message from holiday art cards because, in doing so, school district engaged in unconstitutional viewpoint discrimination not justified by interest of avoiding Establishment Clause violation.

64.    **ADi Motorsports, Inc. v. Hubman**, No. CV07-1932-PHX-DGC, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, 2009 U.S. Dist. LEXIS 109314, November 10, 2009, Decided, November 10, 2009, Filed.

65.    **Rundus v. City of Dallas**, NO. 3-06-CV-1823-BD, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2009 U.S. Dist. LEXIS 101429, November 2, 2009, Decided, November 2, 2009, Filed.

66.     **Monavie, LLC v. Quixtar, Inc**., Civil Nos. 2:08-CV-0204 BSJ,2:08-MC-0762  BSJ,2:09-CV-0259  BSJ,2:09-CV-0209  BSJ  (consolidated),  UNITED STATES  DISTRICT  COURT  FOR  THE  DISTRICT  OF  UTAH,  CENTRAL DIVISION, 741 F. Supp. 2d 1227; 2009 U.S. Dist. LEXIS 99910, October 26, 2009, Decided, October 26, 2009.

**OVERVIEW:**  Former independent business owners (IBOs) met jurisdictional amount in controversy, 28 U.S.C.S. § 1332(d)(2), in class action dispute with direct marketing  company  over  arbitration  agreements;  IBOs  were  entitled  to  enjoin enforcement as they demonstrated likelihood that agreements did not extend to post-termination disputes with former IBOs.

67.     **Rundus v. City of Dallas**, NO. 3-06-CV-1823-BD, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2009 U.S. Dist. LEXIS 84035, September 16, 2009, Decided, September 16, 2009, Filed, Objection sustained by, in part, Objection overruled by, in part, Costs and fees proceeding at Rundus v. City of Dallas, 2009 U.S. Dist. LEXIS 101429 (N.D. Tex., Nov. 2, 2009)Affirmed by Rundus v. City of Dallas, 2011 U.S. App. LEXIS 3420 (5th Cir. Tex., Feb. 21, 2011)

68.     **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 612 F. Supp. 2d 750; 2009 U.S. Dist. LEXIS 27574, March 30, 2009, Decided, March 31, 2009, Filed.

69.     **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 612 F. Supp. 2d 750; 2009 U.S. Dist. LEXIS 60179, February 27, 2009, Decided, adopted by, Motion denied by Morgan v. Plano Indep. Sch. Dist., 612 F. Supp. 2d 750, 2009 U.S. Dist. LEXIS 27574 (E.D. Tex., 2009).

70.     **Weyand v. Hubman Found**., CASE NO. 4:06cv343, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 91047, November 10, 2008, Decided, November 10, 2008, Filed

71.     **Briscoe v. Quixtar, Inc**., 4:08cv286, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 70537, September 11, 2008, Decided, September 12, 2008, Filed.

72.   **Briscoe v. Quixtar, Inc**., 4:08cv286, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 121358, August 19, 2008, Decided, August 19, 2008, Filed, adopted by, Motion denied by Briscoe v. Quixtar, Inc., 2008 U.S. Dist. LEXIS 70537 (E.D. Tex., Sept. 11, 2008).

73.   **Simmons v. Quixtar, Inc**., CASE NO. 4:07cv389, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 52535, July 8, 2008, Decided, July 9, 2008, Filed.

74.   **Quixtar Inc. v. Signature Mgmt. Team, LLC,** 3:07-CV-505-ECR-RAM, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, 566 F. Supp. 2d 1205; 2008 U.S. Dist. LEXIS 56593, July 7, 2008, Decided, July 7, 2008, Filed, Related proceeding at Simmons v. Quixtar, Inc., 2008 U.S. Dist. LEXIS 52535 (E.D. Tex., July 8, 2008)Writ of mandamus denied Anonymous Online Speakers v. United States Dist. Court for the Dist. of Nevada Reno (In re Anonymous Online Speakers), 2010 U.S. App. LEXIS 14166 (9th Cir. Nev., July 12, 2010).

**OVERVIEW:**  Motion to transfer venue was denied because plaintiff's decision to litigate this case in Nevada was not arbitrary and magistrate's order to compel discovery was vacated in order to allow defendant a reasonable opportunity to notify third parties that the individual could be obligated to reveal their identities.

75.   **Campbell v. Quixtar, Inc**., CIVIL ACTION NO. 2:08-CV-0044-RWS, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, 2008 U.S. Dist. LEXIS 46567, June 13, 2008, Decided, June 16, 2008, Filed, Companion case at Campbell v. Quixtar, Inc., 2008 U.S. Dist. LEXIS 46507 (N.D. Ga., June 13, 2008).

**OVERVIEW:**  A marketing network properly removed the distributors' action under 28 U.S.C.S. §§ 1332 and 1441 because the case was not removable until a first amended complaint was filed adding substantially different claims and causing the likely amount in controversy to surpass the jurisdictional amount. Thus, removal was timely under 28 U.S.C.S. § 1446(b).

76.   **Campbell v. Quixtar, Inc.**, CIVIL ACTION NO. 2:08-CV-0045-RWS, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, GAINESVILLE DIVISION, 2008 U.S. Dist. LEXIS 46507, June 13, 2008, Decided, June 16, 2008, Filed.

**OVERVIEW:** In a removed action seeking a declaration as to the enforceability of a non-compete provision, a corporation was not fraudulently joined as a plaintiff in order to avoid complete diversity, warranting a remand pursuant to 28 U.S.C.S. § 1447, because the court could not say with certainty that the corporation was not a real party in interest.

77. **Wernecke v. Tex. Dep't of Family & Protective Servs**., CIVIL ACTION NO. C-07-238, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION, 2008 U.S. Dist. LEXIS 31507, April 16, 2008, Decided, April 16, 2008, Filed, Decision reached on appeal by, Remanded by Wernecke v. Garcia, 2009 U.S. App. LEXIS 27636 (5th Cir. Tex., Dec. 15, 2009).

78. **Simmons v. Quixtar, Inc**., CASE NO. 4:07cv487, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 28595, April 8, 2008, Decided, April 8, 2008, Filed, Related proceeding at Quixtar Inc. v. Signature Mgmt. Team, LLC, 2008 U.S. Dist. LEXIS 56593 (D. Nev., July 7, 2008).

79. **Morgan v. Plano Indep. Sch. Dist**., Case No. 4:04-cv-447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 18186, March 10, 2008, Decided, March 10, 2008, Filed, Magistrate's recommendation at Morgan v. Plano Indep. Sch. Dist., 612 F. Supp. 2d 750, 2009 U.S. Dist. LEXIS 60179 (E.D. Tex., 2009).

80. **Weyend v. Hubman Found**., CASE NO. 4:06CV343, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2008 U.S. Dist. LEXIS 1066, January 4, 2008, Decided, January 7, 2008, Filed.

81. **Weyend v. Hubman Found**., CASE NO. 4:06CV343, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 89380, December 5, 2007, Decided, December 5, 2007, Filed, Motion denied by Weyend v. Hubman Found., 2008 U.S. Dist. LEXIS 1066 (E.D. Tex., Jan. 4, 2008).

82. **Weyend v. Hubman Found**., CASE NO. 4:06CV343, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 84193, November 14, 2007, Decided, November

14, 2007, Filed, Adopted by, Motion granted by, Motion denied by, Moot Weyend v. Hubman Found., 2007 U.S. Dist. LEXIS 89380 (E.D. Tex., Dec. 5, 2007).

83.   **Simmons v. Quixtar, Inc**., CASE NO. 4:07cv389, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 81752, November 5, 2007, Decided, November 5, 2007, Filed, Stay lifted by Simmons v. Quixtar, Inc., 2008 U.S. Dist. LEXIS 52535 (E.D. Tex., July 8, 2008).

84.   **Pounds v. Katy Indep. Sch. Dist**., CIVIL ACTION NO. H-06-0527, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION, 517 F. Supp. 2d 901; 2007 U.S. Dist. LEXIS 70505, September 24, 2007, Decided, September 24, 2007, Filed, Summary judgment granted, in part, summary judgment denied, in part by Pounds v. Katy Indep. Sch. Dist., 2010 U.S. Dist. LEXIS 77175 (S.D. Tex., July 30, 2010).

**OVERVIEW:**  In 42 U.S.C.S. § 1983 suit challenging the facial constitutionality of a school district's policy restricting the dissemination of 10 or more copies of written materials on school grounds, a district court held that the policy's requiring principals to give prior approval was a valid time, place, and manner restriction under the First Amendment.

85.   **Weyend v. Hubman Found**., CASE NO. 4:064CV343, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 85484, June 28, 2007, Decided, June 28, 2007, Filed, Modified by Weyend v. Hubman Found., 2007 U.S. Dist. LEXIS 84193 (E.D. Tex., Nov. 14, 2007).

86.   **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 20384, March 22, 2007, Decided, March 22, 2007, Filed, later proceeding at Morgan v. Plano Indep. Sch. Dist., 2007 U.S. Dist. LEXIS 20399 (E.D. Tex., Mar. 22, 2007).

87.   **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 20387, March 22, 2007, Decided, March 22, 2007, Filed, later proceeding at Morgan v. Plano Indep. Sch. Dist., 2007 U.S. Dist. LEXIS 20384 (E.D. Tex., Mar. 22, 2007).

88.   **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 20399, March 22, 2007, decided, March 22, 2007, Filed, Request denied by Morgan v. Plano Indep. Sch. Dist., 2008 U.S. Dist. LEXIS 18186 (E.D. Tex., Mar. 10, 2008).

89.   **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 11557, February 16, 2007, Decided, February 20, 2007, Filed, adopted by, Motion granted by Morgan v. Plano Indep. Sch. Dist., 2007 U.S. Dist. LEXIS 20387 (E.D. Tex., Mar. 22, 2007).

90.   **Morgan v. Plano Indep. Sch. Dist**., 4:04cv447, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2007 U.S. Dist. LEXIS 7375, January 30, 2007, Decided, February 1, 2007, Filed, Magistrate's recommendation at Morgan v. Plano Indep. Sch. Dist., 2007 U.S. Dist. LEXIS 11557 (E.D. Tex., Feb. 16, 2007) Decision reached on appeal by, Remanded by Morgan v. Plano Indep. Sch. Dist., 589 F.3d 740, 2009 U.S. App. LEXIS 26154 (5th Cir. Tex., 2009).

91.   **Weyend v. Hubman Found**., CASE NO. 4:064CV343, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, 2006 U.S. Dist. LEXIS 88935, December 7, 2006, Decided, December 8, 2006, Filed, Magistrate's recommendation at Weyend v. Hubman Found., 2007 U.S. Dist. LEXIS 85484 (E.D. Tex., June 28, 2007).

92.   **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2005 U.S. Dist. LEXIS 34557, December 20, 2005, Decided, December 20, 2005, Filed, Affirmed by Barrow v. Greenville Indep. Sch. Dist., 2007 U.S. App. LEXIS 24778 (5th Cir. Tex., Oct. 23, 2007)

**OVERVIEW:**  Individual was awarded attorneys' fees, 42 U.S.C.S. § 1988, in action against school district and individual. Based on attorney's extensive block billing, occurring over substantial time period, court reduced request for attorney's time by 20 percent; because second attorney engaged in some block billing, request was reduced by 10 percent.

93.   **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

TEXAS, DALLAS DIVISION, 2005 U.S. Dist. LEXIS 16043, August 5, 2005, Decided, August 5, 2005, Filed, Costs and fees proceeding at, Motion granted by Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 34557 (N.D. Tex., Dec. 20, 2005).

**OVERVIEW:**  Claim that superintendent's policy conditioning employment on teacher's children's public-school enrollment interfered with her parental right to choose a private school for them withstood teacher's First Amendment free exercise challenge, but superintendent was not entitled to qualified immunity as to First Amendment familial privacy rights claim.

94.   **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2005 U.S. Dist. LEXIS 17513, March 25, 2005, Decided , March 25, 2005, Filed , Motion denied by, Motion for new trial denied by, Costs and fees proceeding at, Motion denied by Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 16043 (N.D. Tex., Aug. 5, 2005).

**OVERVIEW:**  Parent normally would recover costs as matter of course under Fed. R. Civ. P. 54(d)(1) for prevailing in suit against school district employee for violations of constitutional rights to direct children's education, but they were ordered to bear own costs, as employee made Fed. R. Civ. P. 68 offers of judgment that could warrant denying some costs.

95.   **Barrow v. Greenville Indep. Sch. Dist.,** Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2005 U.S. Dist. LEXIS 20150, March 10, 2005, Decided, March 10, 2005, Filed.

**OVERVIEW:**  A school district and an official were precluded from raising the defense that an employee's exercise of her constitutional right to educate her children in private school materially and substantially impeded the operation or effectiveness of the state's educational program because they were required under Fed. R. Civ. P. 8(c) to plead the defense.

96.   **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2005 U.S. Dist. LEXIS 216, January 7, 2005, Decided, January 7, 2005, Filed, later proceeding at Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 20150 (N.D. Tex., Mar. 10, 2005) Judgment

entered by Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 17513 (N.D. Tex., Mar. 25, 2005).

**OVERVIEW:**  A superintendent was denied summary judgment on a § 1983 claim because a candidate adduced evidence of school district communications, which indicated that seeking a promotion was futile if she kept her children in private school.

97.    **Williams v. Kaufman County**, Civil Action No. 3:97-CV-0875-L. UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2003 U.S. Dist. LEXIS 13381, July 30, 2003, Decided, July 30, 2003, Filed.

**OVERVIEW:**  Court would consider plaintiffs' tardy supplemental application for attorney's fees where no well-tailored local rule governed filing of fees, no court order set forth deadline for fee requests, and no prejudice would result if motion was considered.

98.    **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2003 U.S. Dist. LEXIS 12479, July 14, 2003, Decided, July 14, 2003, Filed, Summary judgment denied by, Motion to strike denied by Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. LEXIS 216 (N.D. Tex., Jan. 7, 2005).

99.    **Williams v. Kaufman County**, Civil Action No. 3:97-CV-0875-L, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2003 U.S. Dist. LEXIS 5974, April 9, 2003, Decided, April 9, 2003, Filed, as Amended July 30, 2003.

**OVERVIEW:**  In a § 1983 action by bar patrons against a county and county sheriff, the patrons were awarded reasonable attorneys' fees and costs after their fee request was appropriately reduced considering the patrons' degree of success.

100.    **Williams v. Kaufman County**, Civil Action No. 3:97-CV-0875-L, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2002 U.S. Dist. LEXIS 19053, October 4, 2002, Decided , October 4, 2002, Filed; October 7, 2002, Entered , Costs and fees proceeding at, Motion granted by, in part, Motion denied by, in part Williams v. Kaufman County, 2003 U.S. Dist. LEXIS 5974 (N.D. Tex., Apr. 9, 2003).

101.   **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2002 U.S. Dist. LEXIS 6785, April 17, 2002, Decided, April 18, 2002, Filed, Affirmed by Barrow v. Greenville Indep. Sch. Dist., 2007 U.S. App. LEXIS 4233 (5th Cir. Tex., Feb. 26, 2007).

**OVERVIEW:**   Employer did not delegate final policymaking authority to the superintendent and there was no evidence that the failure to promote the employee was based on her religion or her choice of specifically religious education for her children.

102.   **Williams v. Kaufman County,** Civil Action No. 3:97-CV-0875-L, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2002 U.S. Dist. LEXIS 5555, March 29, 2002, Decided , March 29, 2002, Filed; April 2, 2002, Entered , Costs and fees proceeding at, Motion granted by, Request granted Williams v. Kaufman County, 2002 U.S. Dist. LEXIS 19053 (N.D. Tex., Oct. 4, 2002)Affirmed by Williams v. Kaufman County, 2003 U.S. App. LEXIS 16991 (5th Cir. Tex., Aug. 19, 2003).

**OVERVIEW:**   County sheriff violated plaintiffs' constitutional rights when he ordered officers to detain and strip search them even though they were not named in warrant, and court awarded plaintiffs nominal and punitive damages for violation of civil rights.

103.   **Barrow v. Greenville Indep. Sch. Dist**., Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2002 U.S. Dist. LEXIS 2792, February 20, 2002, Decided , February 20, 2002, Filed; February 21, 2002, Entered , Summary judgment granted, in part, summary judgment denied, in part by Barrow v. Greenville Indep. Sch. Dist., 2002 U.S. Dist. LEXIS 6785 (N.D. Tex., Apr. 17, 2002) Reversed by, Remanded by Barrow v. Greenville Indep. Sch. Dist., 2003 U.S. App. LEXIS 10838 (5th Cir. Tex., June 2, 2003).

**OVERVIEW:**   School superintendent was entitled to qualified immunity on job candidate's claims. At time of superintendent's refusal to consider candidate for job, as candidate refused to enroll children in public school, constitutional rights were qualified.

104.  **Barrow v. Greenville Indep. Sch. Dist.**, Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2001 U.S. Dist. LEXIS 20120, December 4, 2001, Decided, December 4, 2001, Filed, December 5, 2001, Entered

**OVERVIEW:**  Court held doctor who moved for summary judgment on basis of qualified immunity, could, if it was denied, file second motion for summary judgment on merits since qualified immunity was immunity from suit rather than merely immunity from liability.

105.  **Barrow v. Greenville Indep. Sch. Dist.**, Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2001 U.S. Dist. LEXIS 15955, October 3, 2001, Decided, October 3, 2001, Filed, October 4, 2001, Entered.

106.  **Barrow v. Greenville Indep. Sch. Dist.**, Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 202 F.R.D. 480; 2001 U.S. Dist. LEXIS 15105; 51 Fed. R. Serv. 3d (Callaghan) 816, September 18, 2001, Decided, September 18, 2001, Filed.

**OVERVIEW:**  Individual who had taken presumptive maximum depositions failed to establish that magistrate abused his discretion in denying additional depositions because she failed to establish the necessity of the depositions taken without leave of court.

107.  **Barrow v. Greenville Indep. Sch. Dist.**, Civil Action No. 3:00-CV-0913-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 2001 U.S. Dist. LEXIS 11846, August 9, 2001, Decided, August 9, 2001, Filed, August 10, 2001, Entered.

**OVERVIEW:**   Where plaintiff failed to show that defendant intended to discriminate against her in its hiring decision, she failed to show a substantial threat that she would have suffered irreparable injury and preliminary injunction application was denied.

108.  **Williams v. Kaufman County**, Civil Action No. 3:97-CV-0875-L, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 86 F. Supp. 2d 586; 2000 U.S. Dist. LEXIS 1596, February 7, 2000, Decided, February 7, 2000, Filed, February 7, 2000, Entered on Docket.

**OVERVIEW:**  Reasonable officers could not have believed that strip searches were objectively reasonable and defendant sheriff not entitled to qualified immunity. Summary judgment denied as to claims of plaintiffs not named in warrant.

109.    **Kee v. City of Rowlett**, No. 3:98-CV-1372-T, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 1999 U.S. Dist. LEXIS 7798, April 28, 1999, Decided. April 28, 1999, Filed, Entered on Docket.

**OVERVIEW:**  Where previous ruling against defendant individuals had already determined that no constitutional violation occurred, defendant city was not liable for any constitutional violation, and its summary judgment motion was granted.

110.    **KEE v. CITY OF GARLAND**, Civil Action No. 3:99-CV-0126-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 1999 U.S. Dist. LEXIS 6271, April 23, 1999, Decided, April 23, 1999, filed; April 26, 1999, Entered on Docket.

**OVERVIEW:**  Plaintiffs' suit was dismissed to the extent that it sought relief for an unlawful quartering of soldiers and for punitive damages for alleged civil rights violations, but defendants' motion to dismiss was denied as to the balance of the claims.

111.    **Kee v. City of Rowlett**, No. 3:98-CV-1372-T, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 1999 U.S. Dist. LEXIS 7938, January 27, 1999, Decided. January 27, 1999, filed; January 28, 1999, Entered on Docket.

**OVERVIEW:**  Defendants were entitled to summary judgment because plaintiffs failed to demonstrate they had a reasonable expectation of privacy at the cemetery where they were audiotaped, and defendants were entitled to qualified immunity.

112.    **Brackens v. City of Ennis**, Civil Action No. 3:97-CV-2502-H, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 1998 U.S. Dist. LEXIS 5825, April 22, 1998, Decided, April 22, 1998, filed; April 23, 1998, Entered on Docket.

**OVERVIEW:**  A dismissal of plaintiffs' race discrimination, conspiracy, slander, and libel suit against a daily newspaper was proper where the events complained of occurred approximately six months prior to the incorporation of the newspaper.

113.  **Brackens v. City of Ennis**, Civil Action No. 3:97-CV-2502-H, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 1998 U.S. Dist. LEXIS 2610, March 2, 1998, Decided. March 2, 1998, Filed, March 3, 1998, Entered on Docket.

**OVERVIEW:**  The police department was entitled to dismissal of the parents' civil rights and tort action because the parents failed to show that the police department had the capacity to engage in litigation.

114.  **Tompkins v. Cyr**, NO. 3-94-CV-0973-BD, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 995 F. Supp. 689; 1998 U.S. Dist. LEXIS 166, January 7, 1998, Decided. January 7, 1998, Filed.

**OVERVIEW:**  Motions for sanctions filed by activists against a doctor were denied, where the doctor's attorney performed extensive research to identify the activists prior to filing the doctor's action claiming intentional infliction of emotional distress.

115.  **Tompkins v. Cyr**, NO. 3-94-CV-0973-BD, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 995 F. Supp. 664; 1998 U.S. Dist. LEXIS 180, January 7, 1998, Decided, January 7, 1998, Filed.

**OVERVIEW:**  Doctor and his wife were entitled to judgment on verdict where there was evidence of unprovoked physical confrontation and jury-imposed liability based on form of abortion protestors' communication; injunction was proper due to threat of future harm.

116.  **Tompkins v. Cyr**, 3:94-CV-973-R, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 878 F. Supp. 911; 1995 U.S. Dist. LEXIS 6814, February 17, 1995, Decided. February 17, 1995, FILED; February 23, 1995, ENTERED.

117.  **Tompkins v. Cyr**, NO. 3-94-CV-0973-R, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 878 F. Supp. 911; 1995 U.S. Dist. LEXIS 7638, January 10, 1995, Decided. January

10, 1995, FILED, Reported at: 878 F. Supp. 911 at 913. Adopting Order of February 17, 1995, Reported at: 1995 U.S. Dist. LEXIS 6814.

**OVERVIEW:** The doctors made a *prima facie* showing that they were not state actors and the activists had not designated any evidence to dispute that contention; hence, summary judgment was proper in civil rights action against the doctors.

118.   **Clark v. Dallas Independent School Dist**., No. CA 3-85-1203-T, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 701 F. Supp. 594; 1988 U.S. Dist. LEXIS 15224, August 11, 1988, Decided. August 11, 1988, Filed

119.   **Baker v. Wade**, No. CA 3-79-1434-R, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 106 F.R.D. 526; 1985 U.S. Dist. LEXIS 18335, July 1, 1985

**OVERVIEW:** News articles about AIDS were not sufficient new evidence to reopen a judgment that a statute, which prohibited private, consensual sodomy between homosexuals, was unconstitutional.

120.   **Gatlin v. Countryside Industries, Inc**., Civ. A. No. CA3-82-2018-D, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 564 F. Supp. 1490; 1983 U.S. Dist. LEXIS 16436, June 7, 1983.

**OVERVIEW:** The buyer's claim under the Texas Manufactured Housing Standards Act did not present a federal question for adjudication in federal court even though it was designed the comply with federal law and to ensure commitment to the federal standards.

121.   **Political Civil Voters Organization v. Terrell**, Civil Action No. 3-81-1103-H, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 565 F. Supp. 338; 1983 U.S. Dist. LEXIS 17889, April 8, 1983.

**OVERVIEW:** The court found that a city's election system was designed to invidiously discriminate against minorities, particularly inasmuch as it required candidates for office to own land and it refused to set up a polling place in a minority area.

## SUPREME COURT OF TEXAS

122.   **Quixtar Inc. v. Signature Mgmt. Team, LLC**, NO. 09-0345, SUPREME COURT OF TEXAS, 315 S.W.3d 28; 2010 Tex. LEXIS 475; 53 Tex. Sup. J. 978, July 2, 2010, Opinion Delivered, Released for Publication August 13, 2010.

**OVERVIEW:**  Court of appeals erred in reversing order granting petitioner's motion to dismiss respondent's restraint of trade and business action on ground of forum non conveniens because both entities' principal places of business were in Michigan, key meeting leading up to dispute occurred in Michigan, and majority of evidence and witnesses were in Michigan.

123.   **Republican Party v. Dietz**, No. 96-0555, SUPREME COURT OF TEXAS, 924 S.W.2d 932; 1996 Tex. LEXIS 86; 39 Tex. Sup. J. 804, June 19, 1996, Delivered

**OVERVIEW:**  Temporary injunction prohibiting political party from denying gay rights group booth at convention and from printing advertisement was improper where there was no state action violating constitutional rights.

124.   **Trinity River Authority, Petitioner V. URS Consultants, Inc. - Texas F/K/A URS/Forrest and Cotton, Inc., Respondent,** No. D-4376 SUPREME COURT OF TEXAS, 889 S.W.2d 259; 1994 Tex. LEXIS 66; 37 Tex. Sup. J. 742, February 16, 1994, Argued, April 28, 1994, Delivered.

**OVERVIEW:**  Respondent contracted with petitioner to design improvements to a sewage treatment plant operated by petitioner. Several years later, the basin wall collapsed causing damage. Petitioner brought suit alleging negligence. Respondent moved for summary judgment on the basis of Tex. Civ. Prac. & Rem. Code Ann. § 16. 008, which barred suits against architects or engineers brought more than ten years after the improvement was completed. The trial court granted respondent summary judgment, and the court of appeals affirmed. On appeal, the court held that section 16.008 did not violate the state's open courts provision under Tex. Const. Art. I, § 13. The court held that a cause of action based on negligence accrued, and the two-year negligence limitations period began to run, as soon as the owner suffered some injury, regardless of when the injury became discoverable. Further, the court held that the ten-year repose period struck a fair balance between the legislative purpose of protecting against stale claims and the rights of litigants to obtain redress for injuries. The court also held that the respondent had no continuing contact or control over the structure after it was completed.

125.  **Valenzuela v. Aquino**, NO. D-0740, SUPREME COURT OF TEXAS, 853 S.W.2d 512; 1993 Tex. LEXIS 57; 36 Tex. Sup. J. 849, May 5, 1993, Delivered.

**OVERVIEW:**  Where the trial court granted a permanent injunction, the Texas Supreme Court reversed and held that no relief, including a permanent injunction, could be granted in a contested case without a determination of liability.  In Texas, there is no cause of action for negligent infliction of mental distress.

## TEXAS COURTS OF APPEALS

126.  **Bundren v. Holly Oaks Townhomes Ass'n,** No. 05-09-00788-CV, COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS, 347 S.W.3d 421; 2011 Tex. App. LEXIS 6330, August 11, 2011, Opinion Filed,  Released for Publication September 30, 2011.Rehearing denied by Bundren v. Holly Oaks Townhomes Ass'n, 2011 Tex. App. LEXIS 7865 (Tex. App. Dallas, Sept. 12, 2011)

**OVERVIEW:** In a dispute over unpaid homeowner association dues, the associations' pleadings sufficed under Tex. R. Civ. P. 47(a) to disclose a theory that corporations owned the units because deeds executed while their corporate charters were forfeited were void. Tex. R. Civ. P. 193.6 did not require that discovery responses identify the relevant statutes.

127.  **Frito-Lay, Inc. v. Trinity Universal Ins. Co**., No. 05-08-01263-CV, COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS, 2010 Tex. App. LEXIS 9271, November 22, 2010, Opinion Filed,  Released for Publication November 22, 2010.Rehearing overruled by Frito-Lay, Inc. v. Trinity Universal Ins. Co., 2010 Tex. App. LEXIS 10350 (Tex. App. Dallas, Dec. 22, 2010)Petition for review denied by Frito-Lay, Inc. v. Trinity Universal Ins. Co., 2011 Tex. LEXIS 766 (Tex., Sept. 30, 2011).

**OVERVIEW:**  Policy did not apply to damage to personal property in the care, custody, or control of the insured; the insured was in exclusive control of the facility where the company's product was damaged and the product, such that the insurer conclusively established that the insured's liability was for damage to personal property and the exclusion applied.

128.  **Signature Mgmt. Team, LLC v. Quixtar, Inc.,** No. 05-07-01765-CV, COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS, 281 S.W.3d 666; 2009 Tex. App. LEXIS 1766, March 13, 2009, Opinion Issued, Reversed by

Quixtar Inc. v. Signature Mgmt. Team, LLC, 2010 Tex. LEXIS 475 (Tex., July 2, 2010).

**OVERVIEW:**  In a Nevada limited liability company's (LLC) tort suit against a Virginia corporation, the trial court erred in granting the corporation's motion to dismiss based on forum non conveniens as the evidence that the private interests of the parties and witnesses would be strongly disserved by retaining this case in Texas was weak.

129.  **Wm. Charles Bundren & Assocs., P.C. v. Hoffman Controls Corp**., No. 05-00-01166-CV, COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS, 2002 Tex. App. LEXIS 137, January 10, 2002, Opinion Issued. PURSUANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, UNPUBLISHED OPINIONS SHALL NOT BE CITED AS AUTHORITY BY COUNSEL OR BY A COURT.

130.  **KJ Eastwood Invs. v. Enlow**, NO. 2-96-031-CV, COURT OF APPEALS OF TEXAS, SECOND DISTRICT, FORT WORTH, 923 S.W.2d 255; 1996 Tex. App. LEXIS 2201, May 30, 1996, Decided, May 30, 1996, FILED

**OVERVIEW:**  Trial court abused discretion when it denied motion to transfer venue where relators established mandatory venue in Dallas County in plaintiff's action seeking injunctive relief and plaintiff failed to establish proper venue in Tarrant County.

131.  **City of McAllen v. Garza**, NUMBER 13-92-635-CV, COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI, 869 S.W.2d 558; 1993 Tex. App. LEXIS 3327, December 16, 1993, Delivered, December 16, 1993, Filed.  Rehearing Overruled January 13, 1994.

**OVERVIEW:**  Trial court, presented with a declaratory judgment suit to void an order calling an incorporation election, had no authority to interfere with the political right to hold an election by inquiring into its validity before results were declared.

132.  **Trinity River Auth. v. URS Consultants, No**. 05-92-02807-CV, COURT OF APPEALS OF TEXAS, FIFTH DISTRICT, DALLAS, 869 S.W.2d 367; 1993 Tex. App. LEXIS 3499, June 29, 1993, Filed.  Application for Writ of Error Granted January 12, 1994.

**OVERVIEW:**  Grant of summary judgment to engineering firm was affirmed because statute of repose for architects and engineers was constitutional and barred negligence claims against firm, which designed a portion of a sewage treatment plant that later collapsed.

133.   **Weaver v. AIDS Services of Austin, Inc**., NO. 3-91-129-CV, COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN, 835 S.W.2d 798; 1992 Tex. App. LEXIS 2133, August 12, 1992, Filed, Motion for Rehearing Overruled September 23, 1992. Released for Publication September 23, 1992.

**OVERVIEW:**  Summary judgment in favor of nonprofit organization was affirmed, as there was no state action in the decision to exclude protestor from "safer-sex" workshops, and absent state action, there was no violation of protestor's constitutional rights.

134.   **Valenzuela v. Aquino**, No. 13-89-494-CV, COURT OF APPEALS OF TEXAS, Thirteenth District, Corpus Christi, 800 S.W.2d 301; 1990 Tex. App. LEXIS 2752, November 15, 1990, Delivered, November 15, 1990, Filed , Rehearing overruled December 13, 1990. Application for writ of error granted May 1, 1991.

**OVERVIEW:**  Appellant picketers unsuccessfully argued the unconstitutionality of an injunction against picketing the residence of appellee doctor and his family; appellees were not entitled to damages for negligent infliction of emotional distress.

135.   **Thrower v. Johnston**, No. 05-87-00775-CV, COURT OF APPEALS OF TEXAS, Fifth District, Dallas, 775 S.W.2d 718; 1989 Tex. App. LEXIS 2398, July 5, 1989   ⚠ Caution, As of: Jan 13, 2012

**OVERVIEW:**  Where trial court was provided specific data concerning counsel's conflicting trial obligations, and where counsel appeared personally to answer questions concerning them, trial court's denial of motion to reset trial was abuse of discretion.

136. **Terrell v. McFarland**, No. 05-87-01385-CV, COURT OF APPEALS OF TEXAS, Fifth District, Dallas, 766 S.W.2d 809; 1988 Tex. App. LEXIS 3414, December 30, 1988 ,   Petition for Rehearing Denied February 28, 1989.

**OVERVIEW:**  In a breach of contract action against city, entering judgment in favor of landowner was proper when evidence supported the jury's finding that a contract existed between the parities.

137.   **Storms v. Reid**, No. 05-84-00634-CV, COURT OF APPEALS OF TEXAS, Fifth District, Dallas, 691 S.W.2d 73; 1985 Tex. App. LEXIS 6710, May 1, 1985 , Rehearing Denied June 3, 1985.

**OVERVIEW:**  The trial court properly limited an owner's recovery to the fair market value of the house at the time and place of conversion because to recover the converted property itself would over-compensate the owner for his injury.

138.   **North American Van Lines, Inc. v. Bauerle**, No. 2-83-188-CV, COURT OF APPEALS OF TEXAS, Second District, Fort Worth, 678 S.W.2d 229; 1984 Tex. App. LEXIS 6228, September 13, 1984

**OVERVIEW:**  Notice from customer's attorney regarding damage to her piano after movers dropped it was sufficient under the Deceptive Trade Practices Act because that statute did not require her to threaten suit or specify which section was violated.

139.   **North American Van Lines, Inc. v. Bauerle**, NO. 2-83-188-CV, COURT OF APPEALS OF TEXAS, Second District, Fort Worth, 673 S.W.2d 380; 1984 Tex. App. LEXIS 5686, June 21, 1984 ,   The Document Reported at this Citation has been Withdrawn from the Bound Volume.

**OVERVIEW:**  Owner of piano damaged by inexperienced movers was entitled to actual damages and attorney's fees in deceptive trade practices action against moving company.

**ATTORNEYS AND COUNSELORS**
**BUNDREN LAW GROUP, PLLC**
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034

Wm. Charles Bundren, Esq.                          Telephone: 214.808.3555
E-Mail: Charles@bundrenlaw.net                          Fax: 972.624.5340

**RETAINER AGREEMENT**

January 10, 2024

**DELIVERED VIA EMAIL AS FOLLOWS:**

Jim Hoft
Email:        midwestjim@charter.net
                  jimhoft@gamil.com

Joe Hoft
Email:        jwhoft@gmail.com

Re:     Re: *Ruby Freeman and Wandrea Moss, Plaintiffs v. James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendant.* Case No. 2122-CC-09815-01, IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI TWENTY-SECOND JUDICIAL CIRCUIT.

# EXHIBIT 2

**STATE RULES**
**THE TEXAS LAWYER'S CREED-A MANDATE FOR PROFESSIONALISM**
**DECEMBER 2014**

## INTRODUCTION

Promulgated by The Supreme Court of Texas and The Court of Criminal Appeals

I am a lawyer. I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason than it is right.

## I OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."

2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.

3. I commit myself to an adequate and effective pro bono program.

4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.

5. I will always be conscious of my duty to the judicial system.

## II Lawyer To Client

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate legal means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this creed when undertaking representation.

2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.

3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.

4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.

5. I will advise my client of proper and expected behavior.

6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.

7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.

8. I will advise my client that we will not pursue tactics which are intended primarily for delay.

9. I will advise my client that we will not pursue any course of action which is without merit.

10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

## III LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.

2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.

3. I will identify for other counsel or parties all changes I have made in documents submitted for review.

4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.

5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.

6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.

7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.

8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.

9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.

10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.

11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.

12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the Court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.

13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.

14. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement.

15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.

16. I will refrain from excessive and abusive discovery.

17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.

18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.

19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

## IV LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.

2. I will conduct myself in Court in a professional manner and demonstrate my respect for the Court and the law.

3. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility.

4. I will be punctual.

5. I will not engage in any conduct which offends the dignity and decorum of proceedings.

6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.

7. I will respect the rulings of the Court.

8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.

9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.