UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC, <br><br> *Plaintiff*, <br><br> vs. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY; ONE BEACON PROFESSIONAL INSURANCE GROUP; ONE BEACON PROFESSIONAL INSURANCE, INC.; INTACT INSURANCE GROUP, USA, LLC; TGP COMMUNICATIONS, LLC; JAMES "JIM" HOFT, INDIVIDUALLY; AND JOE HOFT, INDIVIDUALLY, <br><br> *Defendants*. | CASE NO. 4:24-CV-00900 <br><br> JURY TRIAL DEMANDED |

## SECOND AMENDED NOTICE OF REMOVAL

Defendant TGP Communications, LLC, hereby submits its Second Amended Notice of Removal to remove the state court action from the 471st Judicial District Court for Collin County, Texas. The basis for removal is diversity jurisdiction under 28 U.S.C. § 1332 and 1441. This Second Amended Notice provides additional information regarding the citizenship of the parties.

### BACKGROUND

1. Plaintiff Bundren Law Group, PLLC ("Plaintiff") filed this action on October 8, 2024, in the 471st Judicial District Court for Collin County, Texas, Cause No. 471-07421-2024 (the "State Court Action"). The Petition was previously filed as ECF No. 1-1 and ECF No. 30-1 (**Exhibit A**) (incorporated by reference).

2. The Defendants in the State Court Action were Atlantic Specialty Insurance Company, One Beacon Professional Insurance Group; One Beacon Professional Insurance, Inc.; Intact Insurance Group, USA, LLC; TGP Communications, LLC; James "Jim Hoft," individually; and Joe Hoft, individually.

### DIVERSITY OF PARTIES

3. Plaintiff Bundren Law Group, PLLC, is a citizen of the State of Texas. It is a Texas Professional Limited Liability Company with its principal place of business in Collin County, Texas at 2591 Dallas Pkwy., Suite 300, Frisco, TX 75034. Plaintiff Bundren Law Group, PLLC's sole member is Wm. Charles Bundren, a citizen of Texas, whose residential mailing address is 8 Wimbledon Court, Frisco TX 75034. **Citizenship: Texas.**

4. Defendant Atlantic Specialty Insurance Company ("Atlantic") is a citizen of the State of Minnesota and New York. It was incorporated under the laws of the State of New York and its principal place of business and nerve center is in Plymouth, Minnesota. **Citizenship: New York and Minnesota.**

5. Defendant One Beacon Professional Insurance Group (collectively referred to as "Beacon"), per the Corporate Disclosure Statement (ECF No. 21), is a non-existent fictitious entity. Essentially just a trade name. Pursuant to 28 U.S.C. § 1441, "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether a civil action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). However, to the extent it must be deemed a citizen of some location, it is an alter ego and trade name of Atlantic and, therefore, is a citizen of Minnesota and New York. **Citizenship: Minnesota and New York.**

6. Defendant One Beacon Professional Insurance, Inc. (collectively referred to as "Beacon"), per the Corporate Disclosure Statement (ECF No. 22) was a Delaware entity that was dissolved on October 30, 2015. Pursuant to Delaware law, all corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution. 8 Del. C. 1953, § 278. Thus, as the dissolution was in 2015, One Beacon Professional Insurance, Inc. was a citizen of Delaware with regard to its location of incorporation up until the statutory period of 3 years post-dissolution and is now fully inactive. Under Fifth Circuit precedent, if a corporation has been inactive in a state for a substantial period of time, . . . that state is not the corporation's principal place of business. *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992). As One Beacon Professional Insurance, Inc., has no principal place of business or nerve center (previously located in Connecticut) and it has been inactive in every state for almost a decade, a substantial period of time under *Harris*, One Beacon Professional Insurance, Inc.'s principal place of business is not Texas pursuant to Fifth Circuit precedent. To the extent it maintains some citizenship under law, it is a citizen of Delaware. Thus, complete diversity exists between Plaintiff and One Beacon Professional Insurance, Inc. **Citizenship: Formerly Delaware and Connecticut and now inactive.**

7. Defendant Intact Insurance Group, USA, LLC ("Intact"), is a citizen of the State of Minnesota and Delaware. Its sole member is Intact U.S. Holdings Inc., which is in is a citizen of the State of Delaware and Minnesota. It was incorporated under the laws of the State of Delaware and its principal place of business and nerve center is in Plymouth, Minnesota. **Citizenship: Delaware and Minnesota**.

8. Defendant TGP Communications, LLC ("TGP") is a Missouri limited liability company. TGP's sole member is James "Jim" Hoft, a citizen of Florida. **Citizenship: Missouri and/or Florida.**

9. Defendant James "Jim" Hoft, Individually ("Jim Hoft"), is an individual who is a resident and citizen of the State of Florida. **Citizenship: Florida.**

10. Defendant Joe Hoft, individually, is an individual who is a resident and citizen of the State of Florida. **Citizenship: Florida.**

## AMOUNT IN CONTROVERSY

11. Plaintiff seeks to recover monetary relief over $250,000 but not more than $1 million, excluding interest, and attorney fees and costs, due to the Defendants' alleged breach of an insurance contract and breach of the contract with the Plaintiff to pay for legal services and expenses for defense in a lawsuit. More specifically, Plaintiff is seeking $512,215.50.

12. The amount in controversy is stated by the Plaintiff as larger than $75,000.

## STATUTORY REQUIREMENTS

**Removal is Proper Pursuant to 28 U.S.C. § 1441**

13. This Court has diversity jurisdiction over this action.

14. Plaintiff filed this action against Defendants Atlantic Specialty Insurance Company; One Beacon Professional Insurance Group; One Beacon Professional Insurance, Inc.; Intact Insurance Group, USA, LLC; TGP Communications, LLC; James "Jim" Hoft, individually; and Joe Hoft, individually.

15. The citizenship of the Parties is as follows:

    a. Plaintiff Bundren Law Group, PLLC: Texas

b. Defendants, as set forth above, are citizens of Minnesota, Missouri, and Florida. The citizenship of the other Defendants is disregarded for purposes of diversity jurisdiction or is definitively *not* in Texas.

16. The amount in controversy in this case is in excess of $75,000. In Plaintiff's State Court Action, it claims monetary relief "over $250,000 but not more than $1 million, excluding interest, and attorney fees and costs."

## PROCEDURAL REQUIREMENTS

17. This removal is timely as the State Court Action was filed on October 8, 2024, and removal is effected less than 30 days therefrom.

18. A new copy of the state court docket sheet and all filings to date, to the best of the Defendant's knowledge, is attached as **Exhibit B**.

19. A copy of all pleadings that assert causes of actions was previously filed as ECF No. 1-3 and ECF No. 30-3 (**Exhibit C**)(incorporated by reference).

20. No answers to any pleadings have yet been filed.

21. No process or orders were served upon the Defendants at the time of removal.

22. This district civil cover sheet was previously filed as ECF No. 1-4 and ECF No. 30-4 (**Exhibit D**)(incorporated by reference).

23. As no Defendant has been properly served in this matter, no consent of the other Defendants pursuant to 28 U.S.C. § 1446(b)(2)(A) is required.

24. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

25. Pursuant to 28 U.S.C. § 1446(a), Defendant files this notice of removal in the United States District Court for the Eastern District of Texas, which is the federal district court embracing the 471st Judicial District Court for Collins County, Texas where Plaintiff brought the State Court Action.

26. This removal is less than 30 days from the date the removing defendants were served. Removal is therefore timely. *See* 28 U.S.C. § 1446(b)(2)(3).

27. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with this Court a Notice to Plaintiff of Removal to Federal Court, informing Plaintiff that this matter has been removed to federal court.

## JURY DEMAND

28. A jury demand was made by Plaintiff in State Court.

## CONCLUSION

The parties are diverse and the amount in controversy exceeds $75,000. Therefore, this action should proceed in the United States District Court for the Eastern District of Texas.

Dated: October 21, 2024

Respectfully Submitted,

*/s/ Brian Casper*

Darin M. Klemchuk
State Bar No. 24002418
darin.klemchuk@klemchuk.com
Brian Casper
State Bar No. 24075563
brian.casper@klemchuk.com
Mandi M. Phillips
State Bar No. 24036117
mandi.phillips@klemchuk.com
**KLEMCHUK PLLC**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 367-6000 – Direct
(214) 367-6001 – Fax

John C. Burns
Missouri Bar No. 66462 (admitted *pro hac vice*)
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136

TBLF@pm.me

Marc J. Randazza (admitted *pro hac vice*)
Florida Bar No. 625566
Randazza Legal Group, PLLC
4974 S. Rainbow Blvd., Ste. 100,
Las Vegas, NV 89118
P: (888) 887-1776
ecf@randazza.com
**ATTORNEYS FOR DEFENDANT
TGP COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

This document was filed and served via the Court's CM/ECF system on all counsel of record on the date noted above, and will be served on all other Defendants by U.S. mail, postage prepaid, as follows:

Joe Hoft
1820 NE Jensen Beach Blvd., Suite 1120
Jensen Beach, FL 34957

*/s/ Brian Casper*
Brian Casper