IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BUNDREN LAW GROUP, PLLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| ATLANTIC SPECIALTY | ) | |
| INSURANCE COMPANY, *et. al.* | ) | 4:24-CV-00900 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO TGP COMMUNICATIONS, LLC'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE COURT:

BUNDREN LAW GROUP, PLLC ("Plaintiff" or "BLG") responds in opposition to TGP COMMUNICATIONS, LLC's ("TGP"), Motion to Transfer Venue (Dkt. #9) ("TGP's Motion"), and says:

## I. SUMMARY OF BLG'S RESPONSE

Plaintiff's choice of forum in the United States District Court for the Eastern District of Texas must be given great weight and should not be disturbed unless it is clearly outweighed by other considerations which are not present in this action. TGP has failed to show that the balance of private and public interest favors a transfer to the United States District Court for the Eastern District of Missouri (the "Eastern District of Missouri"). Only TGP filed a motion to transfer. No other Defendant has filed a motion to transfer, and no other Defendant has joined TGP's Motion.

A transfer to the Eastern District of Missouri would not be convenient for the parties or the witnesses since there are no parties and no witnesses and no evidence that are located in the Eastern District of Missouri. BLG and its witnesses reside in the venue of the United States District Court for the Eastern District of Texas. None of the other Defendants reside in or have their principal place of business in the Eastern District of Missouri. No evidence, records, materials, or witnesses reside in the Eastern District of Missouri. A transfer to the Eastern District of Missouri would not be convenient for the parties in this action since none of the parties in this action – including TGP -- have their principal place of business or reside in the Eastern District of Missouri, and none of the key witnesses or evidence resides in the Eastern District of Missouri.

In accordance with the attorney retainer agreement, the parties agreed that the laws of the State of Texas will control the contractual relationship between the parties and that the work (legal services) would be performed in Collin County, Texas. The Eastern District of Missouri has no connection with the claims asserted by BLG in this action and is an improper venue because the Eastern District of Missouri does not have personal jurisdiction over BLG and a substantial part of the events or omissions giving rise to the claims for recovery of attorney's fees brought pursuant to a written retainer agreement and the Insurance Policy did not occur in the Eastern District of Missouri. A substantial part of the events or omissions occurred in Collin County, Texas which is in the venue of this Court. The Eastern District of Missouri does not have a substantial connection to the work that was performed -- legal services -- by BLG in Collin County, Texas. For this reason, BLG has filed a motion to dismiss for lack of personal jurisdiction and improper venue in the lawsuit filed by TGP in the Eastern District of Missouri. For these reasons, TGP's Motion should be denied.

## II. INTRODUCTION AND STATEMENT OF FACTS

BLG sued Defendants for, *inter alia,* breach of a written attorney fee retainer agreement (Dkt. #92-2) and breach of the Insurance Policy (Dkt.#5-2) for work performed by BLG and its employees, consultants and attorneys in Collin County, Texas, and for payment in the first instance for the legal services by the Insurance Companies pursuant to the Insurance Policy (*See* Dkt. #9-2 at 10, ⁋13). BLG is a professional limited liability company with its principal place of business in Collin County, Texas at 2591 Dallas Pkwy., Suite 300, Frisco, TX 75034. (Dkt. #39 at 2, ⁋ 1; Dkt. #30 at 2, ⁋ 3; Affidavit of Charles Bundren ("Bundren Aff. __") at ⁋14, attached hereto and incorporated and adopted herein by reference for all purposes). BLG is incorporated and organize pursuant to the laws of the State of Texas. *Id.* Defendant ATLANTIC SPECIALTY INSURANCE COMPANY ("Atlantic") has its principal place of business at 150 Royal St., Canton, MA 02021. (Dkt. #39 at 2-3,⁋ 2; Dkt. #30, at ⁋ 4; Ex. 2, attached). Defendants ONE BEACON PROFESSIONAL INSURANCE GROUP and ONE BEACON PROFESSIONAL INSURANCE, INC ("Beacon") have their principal place of business at 6800 College Blvd., Suite 350, Overland Park Kansas 66211. (Dkt. #39 at ⁋⁋4-7; #30 ⁋⁋ 5-7, Ex. 2, attached). Defendants, INTACT INSURANCE GROUP, USA, LLC, INTACT INSURANCE GROUP, USA, LLC, and INTACT INSURANCE GROUP USA HOLDINGS, INC. ("Intact"), have their principal place of business at 605 Highway 169 N, Suite 800, Plymouth MN 55441(Dkt. #39 at ⁋⁋ 8-12; Dkt. #30 at ⁋ 7).

Defendant TGP COMMUNICATIONS, LLC ("TPG"), has its principal place of business at 1820 NE Jensen Beach Blvd. Suite 1120, Jensen Beach, FL 34957. (Dkt. #39 at ⁋13; Bundren Aff. at ⁋ 16; Ex. 3, attached). Jim Hoft is the sole member and manager and agent of TGP and resides in Jensen Beach, FL. (Dkt. #39 at ⁋⁋13-14; Bundren Aff. at ⁋ 17; Dkt. # 30

⁋9). Defendant Joe Hoft resides in Jensen Beach, FL. (Dkt. #39 at ⁋15; Bundren Aff. at ⁋18; Dkt. #30 at ⁋10). No Defendant resides or has their principal place of business in the Eastern District of Missouri. (Bundren Aff. at ⁋⁋ 16-21; 35, 47, and 48; Dkt. # 30 at ⁋⁋ 4-10, 15).

BLG was retained primarily to obtain evidence in Georgia for the defense of TGP, Jim Hoft and Joe Hoft who were sued by Ruby Freeman ("Freeman") and Shea Moss ("Moss") for, *inter alia,* defamation, disparagement, personal injury, harm to character or reputation including libel, and slander for publications allegedly made by TGP, Jim Hoft, and Joe Hoft. (The lawsuit will hereinafter be referred to as the "Freeman Moss Lawsuit."). ( Bundren Aff. at ⁋⁋ 49-59 ). Freeman and Moss are both residents and citizens of the State of Georgia, not Missouri. (Bundren Aff. at ⁋⁋ 71-72). BLG was retained by the Insurance Companies to provide legal representation to TGP, Jim Hoft and Joe Hoft in defense of the Freeman Moss Lawsuit. (Bundren Aff. at ⁋⁋ 25-28, 49- 72 ). BLG sued the Insurance Companies for breach of the Insurance Policy and as a third-party beneficiary of the Insurance Policy for payment for defense costs rendered by BLG in defense of TGP and the Hofts in the Freeman Moss Lawsuit. (Dkt. #39 at ⁋⁋ 22-26, 36-76, 97-173; Bundren Aff. at ⁋⁋ 125-126).

On October 8, 2024, BLG filed suit in the 471st Judicial District Court of Collin County, Texas which entered a Temporary Restraining Order (the "Temporary Restraining Order") against the Insurance Companies prohibiting the insurance companies from exhausting, reducing, eroding, or depleting the limits of liability of the insurance policy. (*See* Dkt.# 3). BLG has sued the Insurance Companies, TGP, and Jim and Joe Hoft for breach of contract, breach of the Insurance Policy, promissory estoppel, third-party beneficiary of the Insurance Policy, and for declaratory relief for the Insurance Companies' violation of the State Court Temporary Restraining Order, and for injunctive relief regarding payments made under the

Insurance Policy. (Dkt. #39 at ⁋⁋ 36-39, 57-76, 94, 97-173). The legal services work performed by BLG and its employees, consultants, and attorneys, was primarily performed in Collin County, Texas, but also performed in Georgia, Washington DC, Louisiana, and Maryland. (Bundren Aff. at ⁋⁋ 23, 50, 59-125). No substantial work was performed by BLG in Missouri. (Bundren Aff. at ⁋⁋ 23, 59-62, 122-124, 129-134). BLG did not file any pleadings in the Freeman Moss Lawsuit. (*See* Dkt. # 9-5). No witnesses, records, or other evidence exists in the Eastern District of Missouri with respect to the claims asserted in this lawsuit. (Bundren Aff. at ⁋⁋ ⁋⁋ 23, 59-62, 122-124, 129-134). The records and witnesses exist primarily in Collin County, Texas. (Bundren Aff. at ⁋⁋ 39,122-124,127-133).

**III. ARGUMENT AND AUTHORITIES.**

Pursuant to 28 U.S.C. §1404(a), a court may transfer a suit to any other district or division *where it could have been brought* for the *convenience of the defendant and its witnesses* and in the interest of justice. In deciding whether to transfer a case the court should consider the balance of private and public interests. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex*., 571 U.S. 49, 62-63 & n.6 (2013). The private interests of the litigants in this civil action would be better served by denying TGP's Motion for the following reasons:

**A. The Eastern District of Missouri does not have personal jurisdiction over BLG pursuant to FRCP 12(b)(2).**

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 972 (E.D. Mo. 2016) (citation omitted). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make prima facie showing of personal jurisdiction over the challenging defendant." *Id*. at 273. "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id.* "If a

defendant has not consented to a State's exercise of jurisdiction, personal jurisdiction can be specific or general." *Id.*

***1. The Eastern District of Missouri does not have general jurisdiction over BLG.***

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with " fair play and substantial justice."[1] BLG has not purposefully established any contact in Missouri and, thus, the Eastern District of Missouri does not have personal jurisdiction over BLG. (Bundren Aff. at ⁋⁋ 39,122-124,127-133). Under the minimum-contact analysis, this Court must determine whether BLG has purposely availed itself of the benefits and protections of Missouri by conducting substantial activities within Missouri.[2]

In this case, while TGP may be registered to do business in Missouri, its principal place of business is in Florida. (Bundren Aff. at ⁋⁋ 16-21). TGP also filed voluntary bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Florida, which the court later dismissed. *Id.*, ¶ 19. Second, the Insurance Companies (as defined in the Bundren Affidavit, ¶ 34), BLG, and Defendants negotiated and performed the Retainer Agreement in Texas and all billing for legal services to the Insurance Companies occurred in Texas, not Missouri. *Id.*, ¶¶ 59-124. Third, Defendants' legal services, when not performed in Texas, were performed in Georgia, Louisiana, and Maryland, among others. *Id.* Fourth, BLG is not a resident of Missouri

---

[1] *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014); *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 474-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); and, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[2] *See* J. *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011); *Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008). In measuring and determining the minimum contacts, the Court must consider the following elements: (1) the nature and quality of the contacts within Missouri; (2) the quantity of contacts; (3) the relation of the claim to the contacts; (4) the interest of the forum state in providing a forum for its residents; and, (5) the convenience of the parties. *Steinbuch,* 518 F.3d at 586.

and BLG has never resided in Missouri or maintained an office in Missouri. *Id.*, ¶¶ 2-3. Fifth, the Insurance Companies are required by the Insurance Policy (as defined in the Bundren Affidavit, ¶¶ 32-36) to pay for the legal fees of BLG and they do not reside nor maintain offices in Missouri. *Id.*, ¶¶ 34-35. BLG simply has no contacts with Missouri and there is no relation of Missouri to any claims regarding the billing and invoicing for BLG's legal services or BLG's claims in this action. *Id.*, ¶¶ 2-3, 59-124.

***2. The Eastern District of Missouri does not have specific jurisdiction over BLG.***

The Eastern District of Missouri also cannot exercise specific jurisdiction over BLG because BLG's alleged activities concerning billing for legal services were not purposefully directed in Missouri and the claims in this lawsuit did not result from alleged injuries that arise out of or relate to alleged activities in Missouri. The claims in this lawsuit relate to what occurred in Texas, and perhaps other States, but not Missouri. Bundren Affidavit, ⁋⁋ 50, 59-124. Additionally, BLG's' invoices for legal fees were submitted to the Insurance Companies for payment pursuant to the Insurance Policy but the Insurance Companies do not reside in Missouri.[3] Ultimately, the Eastern District of Missouri cannot exercise either general jurisdiction or specific jurisdiction over BLG because BLG has no contacts with Missouri that are so continuous and systematic as to render BLG essentially "at home" in Missouri. *See generally*, Bundren Affidavit; *Daimler AG* , 571 U.S. at 139-38; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

***3. The Eastern District of Missouri's assumption of jurisdiction over BLG would offend traditional notions of fair play, substantial justice, and due process.***

The Eastern District of Missouri's assumption of jurisdiction over BLG would offend traditional notions of fair play and substantial justice and would be inconsistent with the

[3] *See* Bundren Affidavit, ⁋⁋ 31-43; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* 592 U.S. 351, 359-60 (2021); and, J. *McIntyre Mach., Ltd.*, 564 U.S. at 881.

constitutional requirements of due process. *Int'l Shoe Co.*, 326 U.S. at 316. It would further place an extraordinary burden on BLG by causing BLG to prosecute this action in a foreign forum when material witnesses, records, documents, and files are located in Texas and Georgia, among other States. Bundren Affidavit, ¶¶ 23, 59-124; *Elliott Mach. Corp. v. John Holland Party, Ltd.,* 995 F.2d 474, 479-80 (4th Cir. 1993), and would serve no interest of Missouri since (1) the contract in question was not negotiated or performed in Missouri; (2) the billing invoices were not prepared and sent or received in Missouri; (3) the billing invoices were required to be paid by the non-resident Insurance Companies; (4) the Insurance Companies are not parties to TGP's Motion; and, (5) no Defendant resides in Missouri. Bundren Affidavit at ¶¶ 22-62; *Elliott Mach. Corp.* 995 F.2d at 479-80.

**B. The Eastern District of Missouri is not a proper venue pursuant to FRCP 12 (b)(3).**

The Eastern District of Missouri does not have proper venue pursuant to Rule 12(b)(3), 28 U.S.C. §1406(a-b), and 28 U.S.C. §1391(b)(1), and (2). Under §1391, venue would only proper if (1) Defendants (BLG) reside in the district where the suit is brought; (2) a substantial part of the claim occurred in the district where the suit is brought; or (3) a substantial part of the property that is the subject of the action is situated where the suit is brought.[4] None of the factors in *Atlantic Mar. Constr. Co.* are present here because (1) BLG does not reside in Missouri; (2) a substantial part of BLG's claim did not occur in Missouri but rather in Texas by virtue of the submission of invoices to the Insurance Companies located in Kansas, Minnesota, and Maryland; and, (3) there is no property that is the subject matter of this lawsuit which is situated in Missouri. Bundren

[4] 28 U.S. C. §1391(b)(1-2); *Atlantic Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.,* 571 U.S. 49, 55-56 (2013); and, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 431 (2nd Cir. 2005).

Affidavit, ⁋⁋ 34-44. Moreover, the Retainer Agreement was negotiated and performable, as stated on the face of the Retainer Agreement (Dkt. #9-2), in Texas. Bundren Affidavit, ⁋ 27. Claims regarding BLG's invoices were based upon records and evidence in Texas, and were generated and delivered to the Insurance Companies from Texas to Kansas, Minnesota, and Maryland. Bundren Affidavit at ⁋⁋ 32-44. Ultimately, the issues and claims in this civil action have no connection to Missouri or to the Eastern District of Missouri.

In addition, TGP does not claim that any of the alleged "excessive" invoices or the alleged "excessive hours" *occurred* in Missouri or the Eastern District of Missouri. (Dkt. #9-3). In fact, TGP admits that BLG's invoices were "submitted to the insurer for payment." (Dkt. #9-3, ⁋ 13). TGP implicitly admits that a "substantial" part of the claimed activities giving rise to this lawsuit did not occur in Missouri nor the Eastern District of Missouri. *Id.* As such, the Eastern District of Missouri would be an improper venue pursuant to Rule 12(b)(3).

**C. The United States District Court for the Eastern District of Missouri does not have meaningful ties to the controversy.**

The Eastern District of Missouri does not have any meaningful ties to the controversy, (Bundren Aff. at ⁋⁋ 23-27, 60-124, 127-134), and, thus, TGP's Motion should be denied.[5] Transferring this case in the Eastern District of Missouri is not convenient or fair to BLG, and the Court must consider the convenience and fairness of trying this case in a jurisdiction that is foreign to BLG. *Stewert Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988); and, *Research Automation, Inc. v. Schrader-Bridgeport Int'l*, 626 F.3d 973, 978 (7th Cir. 2010).

[5] *See In re TS tech USA Corp.,* 551 F.3d 1315, 1319 (Fed Cir. 2008); *Coffey v. Van Dorn Iron Works,* 797 F.2d 217, 219 n.2 (7th Cir. 1986); *In re Nintendo Co*., 589 F.3d 1194, 1198 (Fed. Cir. 2009); *Mandan, Hidatsa & Arikara Nation v. U.S. Dep't of the Interior*, 358 F. Supp. 3d 1, 6-7 (D.DC. 2019); *Neal Brothers Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 333 (E.D.N. Y. 2006); *In re Juniper Networks, Inc.* 14 F.4th 1313, 1320 (Fed Cir. 2021); and, *Reed v. Fina Oil & Chem. Co*., 995 F. Supp. 705, 714 (E.D. Tex. 1998).

The attorney Retainer Agreement signed by TGP provides that:

> “**This letter agreement shall be construed in accordance with the laws of the State of Texas, and all obligations of the parties are performable in Collin County, Texas.”**

(*See* Dkt. #9-5 at 10, ⁋ 13.).The Retainer Agreement also contains provisions regarding billing and invoicing the Insurance Companies from the principal place of business of Bundren Law Group, PLLC in Collin County, Texas. (*See* Dkt. #9-5 at ⁋⁋ 1., 8., and 12.). The legal services provided by BLG were substantially provided and the work performed in Collin County, Texas, where BLG reside and where the principal place of business of BLG exist. (Bundren Aff. at ⁋⁋ 23-24, 39-41, 124, 127-134). BLG also provided legal services -- as reflected on the invoices -- in Georgia, Maryland, Washington DC, and Louisiana, but not in the Eastern District of Missouri. (Bundren Aff. at ⁋⁋ 23, 27, 39-43, 60, 64, and 67-124).

The Insurance Policy promises to pay BLG for the defense costs in representing TGP, and Jim and Joe Hoft, for the defense of them in the Freeman Moss Lawsuit. (Dkt. #5-2; (Bundren Aff. at ⁋⁋ 30-36, and 39-44). BLG’s invoices for the defense costs were submitted to the Insurance Companies for payment from Collin County, Texas (Bundren Aff. at ⁋⁋ 39-43), and payments received for those invoices were received in Collin County, Texas. *Id.* The Insurance Companies do not have a principal place of business in Missouri. (*See* Bundren Aff. at ⁋⁋ 32-36).The principal place of business of the Insurance Companies is in Minnesota, Maryland, and Kansas. (Dkt. #30 at ⁋⁋ 4-7). None of the actions complained about by BLG in this lawsuit occurred in the Eastern District of Missouri. (Bundren Aff. at ⁋⁋ 62, 68, 127-134). Freeman and Moss are residents of the State of Georgia, and their depositions were scheduled by BLG to be taken in Atlanta, Georgia. (Bundren Aff. at ⁋⁋ 71-72 ). Jim Hoft and Joe Hoft are residents of the State of Florida, and their depositions were scheduled to be taken by BLG in Jensen Beach, Florida. (Bundren Aff. at ⁋⁋ 73-74). BLG investigated, interviewed, and caused multiple

subpoenas to be issued for multiple witnesses and records in the State of Georgia. (Bundren Aff. at ⁋⁋ 59, 67, 75-77, 70-118, 120-121). BLG took depositions in Washington DC, Maryland, and Georgia but no depositions and no records, documents or subpoenas were issued by BLG for discovery in the State of Missouri. (Bundren Aff. at ⁋⁋ 60-74, 123-124, 129-134). Therefore, the Eastern District of Missouri does not have any meaningful ties to the controversy alleged by BLG in Plaintiff's First Amended Original Complaint, and for this reason TGP's Motion should be denied.

**D. BLG is not a resident or citizen of Missouri**.

BLG is not a resident or citizen of the Eastern District of Missouri and has no particular connection to the Eastern District of Missouri. (Dkt. #30 at ⁋ 3; Bundren Aff. at ⁋⁋ 4-14, 26, 61-62, 126, 128-134). TGP admits that Jim Hoft is a citizen and resident of the State of Florida, and that BLG is a citizen and resident of Collin County Texas. (*See* Dkt. #9-3 at ⁋⁋ 5, 7, and 8). TGP has its principal place of business in Jensen Beach, Florida according to a voluntary petition of bankruptcy filed by TGP in the United States Bankruptcy Court for the Southern District of Florida. (Bundren Aff. at ⁋⁋ 19-21).The Insurance Companies who are responsible for payment of BLG's invoices for the defense costs are not residents of the Eastern District of Missouri (Dkt. #30 at ⁋⁋ 4-7), and have no particular connection to the Eastern District of Missouri. Atlantic has its principal place of business located in Canton, Massachusetts. *Id.* Beacon has its principal place of business in Overland Park, Kansas. *Id.* And, Intact has its principal place of business in Plymouth, Minnesota. *Id.* The Insurance Companies' claims representative resides in Minnesota. (Bundren Aff. at ⁋⁋ 38-43). The residence -- particularly of BLG -- but also of Defendants and the other responsible parties -- the Insurance Companies -- is an important factor in deciding whether to transfer this case to the Eastern District of Missouri, and no Defendant in this case

resides in or has their principal place of business in the State of Missouri. (Bundren Aff. at ⁋⁋ 16-21, 32-37, 40-42, and 47-48; Dkt. #30 at ⁋⁋ 4-10). *Mandan, Hidatsa & Arikara Nation,* 358 F. Supp. 3d at 10-11; *Neal Brothers Ltd.* 425 F. Supp.2d at 333.

**E. The current forum is not inconvenient for TGP and BLG will be inconvenienced by a transfer and the Eastern District of Texas would be more convenient for BLG's key witnesses**

The offices of BLG are located in Collin County, Texas, and BLG's key witnesses William Charles Bundren, Esq. resides in Collin County, Texas. (Bundren Aff. at ⁋⁋ 1-15). Mr. Bundren is the attorney working for BLG who was assigned to primarily provide legal services for the defense of TGP and the Hofts in the Freeman Moss lawsuit (Bundren Aff. at ⁋⁋ 14-15, 22-27, 51-124). The business records of BLG which substantiate the entries on the invoices are located in the offices of BLG in Collin County, Texas. (Bundren Aff. at ⁋⁋ 23-24, 124, 127-134). Defendant Jim Hoft resides in Jensen Beach, Florida, and TGP has its principal place of business in Jensen Beach, Florida, and not the Eastern District of Missouri. (Bundren Aff. at ⁋⁋ 16-21, 47-48, and 73-74). BLG's primary and key witnesses who have knowledge of the legal services performed by BLG which form the basis of the claims asserted in the above referenced lawsuit reside primarily in Collin County, Texas and Dallas, Texas, and Louisiana, Georgia, and Virginia, but no witnesses reside in Missouri. (Bundren Aff. at ⁋⁋ 122-124, and 127-134). The documents, books, and records and other evidence to be offered by BLG at trial exist and reside in Collin County, Texas, or Louisiana, or Georgia, but not in Missouri. *Id*. The fact that BLG's choice of forum may be inconvenient for TGP (which it is not) is not sufficient to warrant changing the venue of the suit. *Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964). TGP must show that it is not simply shifting the inconvenience to BLG. TGP has failed to show with specificity the identity and location of potential key witnesses (and provided a description of

their testimony) of why the Eastern District of Texas is an inconvenient forum. TGP has failed to identify witnesses were unwilling to travel and has failed to explain why their testimony is material. TGP's failures are striking.[6]

**F. Evidence necessary for the prosecution of this civil action is not located in the Eastern District of Missouri and will be difficult to transport, but is located in the venue of this Court.**

The books, records, and documents, and witnesses, necessary for BLG's prosecution of this civil action are not located in the Eastern District of Missouri but such material evidence is located in the Collin County, Texas. (Bundren Aff. at ⁋⁋ 39,124, and127-132). Access to documents and other sources of proof will be easier in this Court because the witnesses, documents, records, and other sources of proof are physically located in Collin County, Texas.[7] TGP has offered no evidence and no argument that TGP cannot obtain evidence for trial or that the evidence is bulky or difficult to transport. TGP must identify the location of documents or other sources of proof and explain why they are important and more accessible in the Eastern District of Missouri. TGP has failed to do so. *In re Planned Parenthood Fed'n*, 59 F.4th 625, 630 (5th Cir. 2022); and, *Coleman v. Trican Well Serv*., 89 F. Supp. 3d 8076, 82 (W.D. Tex. 2015).

**G. Practical considerations make the trial of this case more efficient and less expensive in the United States District Court for the Eastern District of Texas Sherman Division**.

---

[6] *Laumann Mfg. v. Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996); and, *Young v. Armstrong World Indus*., 601 F. Supp. 399, 401-02 (N.D. Tex. 1984). *In re Barnes & Noble, Inc*., 743 F.3d 1381, 1382-83 (Fed. Cir. 2014); and, *In re Apple Inc*., 743 F.3d 1377, 1378-79 (Fed. Cir. 2014); and, *Abecassis v. Wyatt,* 669 F. Supp. 2d 130, 132-33 (D.D.C. 2009). *See* Bundren Aff. at ⁋⁋ 65, and75-78. 28 U.S.C. §1404(a); *In re Genentech, Inc.* 566 F.3d 1338, 1343-44 (Fed. Cir. 2009); and, *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004); and, *Laumann Mfg. v Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996).

[7] *Id. In re Genentech, Inc.* 566 F.3d at 1345-46; and, *Coleman v. Trican Well Serv., L.P*., 89 F. Supp. 3d 876, 881-82 (W.D. Tex. 2015); *In re Planned Parenthood Fed'n,* 52 F.4th 625, 630 (5th Cir. 2022).

BLG, and the evidence, including books, records, documents, and material fact witnesses all reside within the venue of the United States District Court for the Eastern District of Texas Sherman Division, and no parties, evidence, or witnesses exist or reside within the venue of the Eastern District of Missouri (Bundren Aff. at ⁋⁋ 23, 39, 60, 68-70, 122-124, 127-134) and, therefore, this case will be more efficient and less expensive if tried in the United States District Court for the Eastern District of Texas Sherman Division where all of the parties have been named and joined, including TGP, and Jim and Joe Hoft, individually, and the Insurance Companies. *Id.* In addition, the United States District Court for the Eastern District of Texas Sherman Division has an interest in this controversy since the actions and conduct alleged by BLG in the First Amended Original Complaint (Dkt. #39) all occurred within the venue of the United States District Court for the Eastern District of Texas.[8]

**H.       The Public interest suggests TGP's Motion should be denied.**

The Public interest will not be better served by a transfer to the Eastern District of Missouri because the controversy in this case concerns a dispute regarding legal fees invoiced pursuant to the Retainer Agreement, and the Retainer Agreement provides, and TGP agreed, that any controversy or dispute regarding the attorney's fees charged for the defense would be construed in accordance with the laws of the State of Texas, and that the legal services would be "performable in Collin County, Texas." (*See* Dkt. #9-2, Retainer Agreement at 10, ⁋ 13). In addition, the Insurance Companies (1) contracted with BLG, (2) agreed to pay BLG, and (3) did pay (partially) BLG in Collin County, Texas. (Bundren Aff. at ⁋⁋ 30-36, and 38-46, ; Dkt. # 95-2 at 3, 5-10 at ⁋⁋ 1, 4, 8, and 12-13). Additionally, United States District Court Judge Sean D.

---

[8] Bundren Aff. at ⁋⁋ 23, 39, 60, 68-70, 122-124, 127-134. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. at 62 n.6; and, *Hernandez v. Grabel Van Lines*, 761 F. Supp. 983, 991 (E.D.N.Y.).

Jordan, who presides over this lawsuit, is more familiar with the law that will govern this controversy (Texas law) due to his extensive legal work in Texas prior to his appointment and confirmation as a United States District Court Judge for the Eastern District of Texas Sherman Division. Therefore, the Court familiar with the laws of the State of Texas should adjudicate the dispute, and not the Eastern District of Missouri. *Mandan, Hidatsa & Arikara Nation,* 358 F. Supp. 3d at 9-10; *Wagner v. N.Y. Marriott Marquis*, 502 F. Supp. 2d 312, 317 (N.D. N.Y. 2007); and, *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

**I. BLG's choice of forum should be given great weight.**

BLG's choice of forum should be given great weight and should not be disturbed unless it is clearly outweighed by all of the other considerations. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996); and, *Atlantic Mar. Constr. Co.,* 571 U.S. 63 (P's selection has been referred to as "plaintiffs venue privileged"); *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed"); and, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (greater deference should be given to P's choice of forum when forum is also P's home district).

**PRAYER**

For these reasons, Plaintiff prays that TGP's Motion be denied.

Dated: October 29, 2024.

Respectfully submitted,

By: /s/ Charles Bundren

**BUNDREN LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
Lead Attorney and Attorney-in Charge
State Bar No. 03343200
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034

(214) 808-3555 Telephone
e-mail: charles@bundrenlaw.net
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**

**CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of October, 2024, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Rules on all legal counsel of record for any party by serving the following:

**KLEMCHUK PLLC**
Brian Casper, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24075563
Email: brian.casper@klemchuk.com
Darren Michael Klemchuk, Esq.
Email: darin.klemchuk@klemchuk
Mandi Michelle Phillips, Esq.
Email: mandi.phillips@klemchuk.com
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Phone: (214) 367-6000
Fax: (214) 367-6001
**ATTORNEYS FOR DEFENDANT TGP**

**BURNS LAW FIRM**
John C. Burns, Esq.
Missouri State Bar No. 66462
P.O. Box 191250
St. Louis, Missouri 63119
Phone: (314) 329-5040
Fax: (314) 282-8136
Email: john@burns-law-firm.com
**ATTORNEY FOR DEFENDANTS:**
**TGP COMMUNICATIONS, LLC, AND JAMES "JIM" HOFT**

**RANDAZZA LEGAL GROUP, PLLC**
Marc J. Randazza, Esq.
Nevada State Bar No. 12265
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Phone: (888) 887-1776
Email: ecf@randazza.com

**ATTORNEY FOR:**
**DEFENDANT TGP COMMUNICATIONS, LLC**

**FEE, SMITH & SHARP LLP**
Daniel M. Karp, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24012937
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 980-3293
Fax: (972) 934- 9200
Email: dkarp@feesmith.com
**ATTORNEY FOR DEFENDANTS:**
**ATLANTIC SPECIALTY INSURANCE COMPANY;**
**INTACT INSURANCE USA LLC; ONEBEACON PROFESSIONAL INSURANCE, INC., a dissolved corporation; and,**
**ONEBEACON PROFESSIONAL INSURANCE GROUP, a fictitious entity.**

Nicholas O'Connell
Intact Insurance Specialty Solutions
Intact U.S. Coverage Litigation Group
605 Highway 169 N.
Suite 800
Plymouth, MN 55441
Phone: (952) 852-0481
Fax: (877) 654-1527
Email: njoconnell@intactinsurance.com
Pro Hac Vice
**ATTORNEY FOR DEFENDANT:**
**ATLANTIC SPECIALTY INSURANCE COMPANY**

__X__ by the Court's CM/ECF Pacer electronic filing System pursuant to FRCP 5(b)(2)(E) and 5(b)(3), and LOCAL RULE CV-5 (c)&(d),

____ by certified mail return receipt requested deposited with the United States Postal Service on the date indicated above pursuant to FRCP 5(b)(2)(C),

____ by email at the email address indicated above pursuant to FRCP 5(b)(2)(E), and in accordance with the United States District Court for the Eastern District of Texas Local Rule CV-5(a)(7)(D) a copy of this document was served opposing counsel in electronic form by serving opposing counsel at the email addresses listed herein.

and/or


____ by hand delivery service on the date indicated above pursuant to FRCP 5(b(2)(A) and (B).

And to the non-represented Defendant by email and Federal Express delivery as follows for service or otherwise:

Joseph "Joe" Hoft
1820 NE Jensen Beach Boulevard, Suite 1120
Jensen Beach, FL 34957.

By: /s/ Charles Bundren
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**