UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC, | |
| *Plaintiff,* | CASE NO. 4:24-CV-00900-ALM |
| vs. | JURY TRIAL DEMANDED |
| ATLANTIC SPECIALTY INSURANCE CO. ET AL, | |
| *Defendants.* | |

## REPLY IN SUPPORT OF MOTION TO CHANGE VENUE

**1.0   Bundren Failed to Oppose Transfer Under the First Filed Rule,
But even if he Had, Transfer is Mandatory**

Bundren fails to even oppose Defendants' first-filed rule argument. This Court may grant the motion on that basis. *Omega Hosp., LLC v. United Healthcare Servs.*, 345 F. Supp. 3d 712, 741 (M.D. La. 2018) (a point may be deemed conceded for failure to oppose it). However, had Bundren resisted, transfer would be compelled anyway.

"[T]he court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "Once the likelihood of substantial overlap between the two suits has been demonstrated, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *Cadle Co. v. Whataburger*, 174 SF.3d 599, 606 (5th Cir. 1999).  The first filed rule requires transfer for the first court to make that call.

The rule does not apply only in *identical* cases.  It merely requires a *substantial overlap* in issues and parties. *Save Power Ltd.*, 121 F.3d at 950. Substantial overlap exists if "the core issues are the same or if much of the proof adduced would likely be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 677

(quoting *Cadle Co.*, 174 F.3d at 603). The second filed court transfers the case. *Id.* The court in the first-filed action then determines "whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). Without a compelling reason to decide otherwise, the first-filed court decides all subsequent issues. *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

This rule is not just common sense, but it upholds comity and helps federal courts avoid interfering with one another. *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985). "It also avoids inconsistent rulings and piecemeal resolution of issues which call for a uniform result." *Care Ambulance Servs. v. Scott Griffith Collab. Sol.*, LLC, 2019 U.S. Dist. LEXIS 242947, at *5 (N.D. Tex. Dec. 13, 2019) (applying first-filed rule and transferring case).

There are only three issues to consider: (1) which action was filed first, (2) the similarity of the parties, and (3) the similarity of the issues. None of these factors are even close calls in this case. The Missouri action was filed on September 27, 2024.[1] Bundren was served that very day.  Exh. 1. Bundren responded by filing a Texas complaint on October 8, 2024. The similarity of the parties is factor is easy—the parties are identical, except for the fact that Bundren improperly joined insurance companies, including defunct entities and nonexistent entities, all of whom join in the motion to

---

[1] Although largely irrelevant to the analysis, it is at worth noting that the Missouri case was not filed in a "race to the courthouse" but was filed as soon as Bundren began trying to interfere with TGP's insurance accounts.  Had he been successful, TGP would not have made required payments under the settlement agreement.  Time was of the essence, and the financial penalties for missing a payment would have destroyed TGP. *See* ECF No. 9-1, at ¶¶ 6–8. The Missouri action was not only urgently necessary, but it goes well beyond seeking "only declaratory relief." *See* Complaint, ECF No. 9-3, at ¶¶ 26–33 (alleging count for declaratory judgment), ¶¶ 34–41 (alleging count for unfair trade practices), ¶¶ 42–47 (alleging count for violation of the Missouri Merchandising Practice Act), ¶¶ 48–58 (alleging count for Unjust Enrichment, Constructive Trust & Disgorgement), and pgs. 8–9 (prayer for relief requesting declaratory relief, damages, disgorgement of fees, constructive trust, and attorneys' fees and costs). *See also* **Exhibit 4**.

transfer.[2] *See* ECF No. 45 (joinder to motion); *see also Save Power Ltd.*, 121 F.3d at 951 (complete party overlap is not required for dismissal or transfer of a later-filed case).

Finally, the issues in the two cases are *identical*. At issue are legal services performed in a Missouri case, subject to Missouri law, and subject to the Missouri rules of professional conduct. In the Missouri first-filed action, TGP filed suit because it believed that Bundren committed fraud, malpractice, and other torts related to his representation in Missouri. *See* ECF No. 9-1, at ¶¶ 6–8. Bundren was trying to interfere with an insurance payment, which was necessary to perform under the settlement agreement in that underlying case. Bundren was served with the Missouri suit on Sept. 27, 2024. He retaliated by filing a completely duplicative action in Collin County, which was removed to this Court.[3] *See* Returns of Service, attached as **Exhibit 1**.

It is no longer up to this court to decide whether this case should proceed—instead the first-filed court should control absent "compelling circumstances." *Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (same); *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("Once the likelihood of substantial overlap between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed."); *Le-Vel Brands, LLC v. R&D Global, LLC*, No. 4:20-CV-420-SDJ, 2021 U.S. Dist. LEXIS 47618, at *13 (E.D. Tex. Mar. 15, 2021) (same) .

Bundren identifies no compelling reasons to avoid transfer. He doesn't even use the word. He identifies a permissive, but not mandatory, forum clause in the contract. ECF 41-1 at 6, but the

---

[2] Bundren also included Joe Hoft, Jim Hoft's twin brother. It doesn't get much more similar than that. They were codefendants in the Missouri underlying FREEMAN/MOSS case.

[3] Since filing, Bundren has engaged in a flurry of activity here, all in bad faith. He even went so far as to make material misrepresentations to the Collin County Court, trying to convince it that this Court had remanded the matter to state court. *See* Emails between Bundren and court, attached as **Exhibit 2**. Meanwhile, Bundren *still* is counsel of record in the underlying Missouri action, and refuses to withdraw, and has forced TGP to move to revoke his *pro hac vice* status in order to protect itself from further sabotage. That Motion remains pending.

5th Circuit specifically says that even a *mandatory* forum selection clause in another venue is *not* a *compelling* reason to avoid transfer. *Gateway Mtge. Group, L.L.C. v. Lehman Bros.*, 694 F. App'x 225, 227 (5th Cir. 2017). A permissive clause is less compelling than that—in other words, not at all.

### 2.0    Transfer is Otherwise Proper under 28 U.S.C. § 1404(a)[4]

Venue change is proper if it is convenient to the parties and witnesses and in the interest of justice. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Private factors include 1) ease of access to proof, 2) availability of compulsory process to secure witness' attendance, 3) willing witness' cost of attendance, 4) all other practical considerations. Public factors include, *inter alia*, the forum's familiarity with the governing law and the avoidance of unnecessary conflict of law problems. *Id.*

The agreement did not call for any work to be performed in Texas. *See* **Exhibit 3,** Declaration of John Burns, at ¶ 4. Bundren makes a conclusory allegation that its "damages and injuries" and "all or a substantial part of the events or omissions" are in Collin County, Texas (FAC at ¶ 21), which is false, given Bundren's travel to Missouri. *See* Burns Decl., at ¶ 5. Bundren never alleges actual performance of anything in Texas. Bundren identifies nothing that happened in Texas, only making general allegations that "[s]ubstantially all of the work ... was performed in the State of Texas[.]" ECF No. 41-1 at ¶¶ 23 & 124. Preparing invoices and maintaining *electronic records* (¶¶ 39 & 127) is not *work performed*. He identifies no witnesses in Paragraphs 128 & 130. And, Paragraphs 60, 68-70, 122-123, 131-134 do not mention Texas. Moreover, Bundren's affidavit is perjurious or undermines the claims; in Paragraph 124, Bundren avers: "No substantial legal work was performed in the State of Missouri." If his travel to Missouri for several court appearances was not "substantial," then why did he bill thousands of dollars for it? And, if it was *substantial*, then he is lacking candor.

---

[4] This analysis is largely unnecessary but included for completeness. *Walsh v. Peterson*, No. 4:21-CV-867, 2022 U.S. Dist. LEXIS 138077, at *13 (E.D. Tex. Aug. 3, 2022) (§ 1404 analysis is not required in transferring under the first-filed rule).

Bundren contracted with TGP, a Missouri entity, to perform services in Missouri—to defend the lawsuit in the courts of Missouri and went to Missouri multiple times to do so. Bundren should have anticipated being haled into Missouri to address his representation there. *Compare Cartlidge v. Hernandez*, 9 S.W.3d 341, 348 (Tex. App. 1999) (Texas exercised jurisdiction over Nevada attorney who represented Texas client in Nevada litigation).[5]

TGP is a Missouri entity, and its principal spends much of his time there and has a home there. Nearly all of the witnesses are in Missouri including Matthew Ampleman, Edward Dowd, John Danforth, Peter Dunne, Elizabeth B. Hogan, and Joseph P. Whyte—Missouri attorneys or court personnel who can testify as to what Bundren actually did. *See* Burns Decl. at ¶¶ 7-9. They cannot be compelled to testify in Texas. Joe and Jim Hoft can conveniently testify in Missouri. All of the insurance contracts are Missouri contracts. See, e.g., ECF 17-7. Other than Bundren himself, there are no Texas witnesses and Bundren's claimed burden of transporting documents is silly, since he claims that all of his records are *electronic*. This dispute concerns a Missouri client in Missouri litigation governed by Missouri's ethical rules. Missouri's interest in adjudicating this dispute is much greater than Texas's, since Bundren committed malfeasance in a Missouri case representing a Missouri client. Bundren acted under authority of Missouri law and the court will need to consider the Missouri rules of professional conduct. While in some legal issues, a Texas federal judge could opine on Missouri law, when it comes to the rules of professional conduct and typical Missouri practice, a Missouri judge will be much more suited to do that.[6]

---

[5] He also should have anticipated this matter being transferred under the first filed rule, as that is precisely what courts in this District do when there is a lawsuit and then the defendant files a retaliatory lawsuit to try and unnecessarily duplicate proceedings. *See, e.g., Fundamental Innovation Sys. Int'l LLC v. Apple, Inc.*, No. 2:19-CV-00048-JRG, 2019 U.S. Dist. LEXIS 243598 (E.D. Tex. May 13, 2019).

[6] As a general note, TGP observes that, although Bundren cites to numerous cases throughout the opposition, they are all as to general principles of law. Bundren makes no effort to show why any of those cases should lead to its preferred outcome by analogy and, thus, TGP does not need to distinguish them or otherwise argue to the contrary.

Dated: November 1, 2024.

Respectfully Submitted,

*/s/ Marc J. Randazza*
Marc J. Randazza
Randazza Legal Group, PLLC
4974 S. Rainbow Blvd., Ste. 100,
Las Vegas, NV 89118
P: (888) 887-1776
ecf@randazza.com

Darin M. Klemchuk
State Bar No. 24002418
darin.klemchuk@klemchuk.com
Brian Casper
State Bar No. 24075563
brian.casper@klemchuk.com
Mandi M. Phillips
State Bar No. 24036117
mandi.phillips@klemchuk.com
KLEMCHUK PLLC
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 367-6000 – Direct

John C. Burns
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
TBLF@pm.me

ATTORNEYS FOR DEFENDANT
TGP COMMUNICATIONS, LLC

## CERTIFICATE OF SERVICE

This document was filed via the Court's CM/ECF system, on the date noted above and will be served all other Defendants by U.S. mail, postage prepaid, as follows:

Joe Hoft
1820 NE Jensen Beach Blvd., Suite 1120
Jensen Beach, FL 34957

*/s/ Marc J. Randazza*
Marc J. Randazza