IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BUNDREN LAW GROUP, PLLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| ATLANTIC SPECIALTY | ) | |
| INSURANCE COMPANY, *et. al.* | ) | 4:24-CV-00900 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO JIM HOFT AND TGP COMMUNICATIONS, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

BUNDREN LAW GROUP, PLLC ("Plaintiff" or "BLG") responds in opposition to JIM HOFT (Hoft") and TGP COMMUNICATIONS, LLC's ("TGP") (collectively referred to as "TPG" unless distinction is necessary), Motion to dismiss Plaintiff's First Amended Complaint (Dkt. #43) ("TGP's Motion"), and says:

**I. RESPONSE: ARGUMENT AND AUTHORITIES.**

**A. This Court has personal jurisdiction over Defendants. (Response to ⁋2.1).**

In considering TGP's Motion challenging personal jurisdiction, the Court must accept as true BLG's uncontroverted allegations and resolve all factual disputes in favor of BLG. *Ranza v. Nike, Inc*., 793 F.3d 1059, 1068 (9th Cir. 2015); and, *ITL Int'l v. Constenla, S.A.* 669 F.3d 493, 496 (5th Cir. 2012) (court must construe all pleadings and affidavits and light most favorable to the plaintiff). The court should not give credence to TGP's conclusionary allegations, even if they are uncontroverted. *Panda Brandywine Corp. v. Potomic Elec. Power Co*., 253 F.3d 865, 869 (5th Cir. 2001).

This court should deny TGP's Motion to dismiss for lack of personal jurisdiction under FRCP 12(b)(2) for multiple reasons. First, the Insurance Companies have not filed a FRCP 12(b)(2) motion to dismiss and their failure to challenge personal jurisdiction in their first responsive pleading, requires that the defense be waived.[1] If this court has jurisdiction over the

[1] FRCP 12(h)(1); FRCP 12(g)(2); *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982); and, *Hedeen Int'l v. Zing Toys, Inc*., 811 F. F.3d 904, 905-06 (7th Cir. 2016). Atlantic- one of the Insurance Companies- admits that it (1) "conducts business in Texas": (2) that it issued the Insurance Policy in question; (3) that it "participated" in the negotiations of the Retainer Agreement with BLG in Texas; (4) that it received copies of the Invoices from BLG in Texas at the same time that the Invoices were submitted to TGP from BLG in Texas and that it paid a "portion" of the Invoices to BLG in Texas; and, (5) that it received "repeated demands for payment" of the Invoices from BLG and Texas. (Doc. 51, at

Insurance Companies because of their participation in negotiating the Retainer Agreement in Texas, and payment of the Invoices to BLG in Texas, how can TGP and Hoft seriously suggest that this court does not have personal jurisdiction over TGP and Hoft who (1) solicited BLG in Texas, (2) negotiated the Retainer Agreement with BLG in Texas, (3) conducted multiple telephone conference calls with BLG in Texas, (4) corresponded with BLG and its attorneys in Texas, and (5) retained BLG in Texas to assist TGP and the Hofts in obtaining discovery concerning the Freeman Moss Litigation? (*See* Charles Bundren Aff. ("Aff. at ___") at ⁋⁋ 16-42). Second, TGP and the Hofts waived any objection to personal jurisdiction in the Retainer Agreement and consented to jurisdiction in Texas (Doc. 43-1 at 40, ⁋13) when TGP and the Hofts agreed that:

> "**THIS LETTER AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS, AND ALL OBLIGATIONS OF THE PARTIES ARE PERFORMABLE IN COLLIN COUNTY, TEXAS. THIS AGREEMENT CAN BE ENFORCEABLE BY ANY COURT OF COMPETENT JURISDICTION IN COLLIN COUNTY TEXAS**."

(Aff. at ⁋ 42).[2]

Third, this Court has specific and general jurisdiction over TGP and the Hofts because they have purposely availed themselves of the laws or privileges of State of Texas. *Electrosource, Inc. v. Verizon Battery Techs*, 179 F.3d 867, 871 (5th Cir. 1999). This Court has

⁋⁋2, 41, 50, 51, 53).

[2] B*urger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985); *In re asbestos Prods. Liab. Litig*. (No. V1), 921 F.3d 98, 105-06 (3rd Cir. 2019); *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010); *Initiatives Healtcare, Inc. v. Divlend Equip. Leasing, LLC,* 2013 Tex. App LEXIS 13583, *10-11 (Tex. App. -Amarillo 2013, no pet.) (the contract contained a choice of law provision as well as an agreement for the forum to hear disputes, and, thus, the "litigant either has consented to personal jurisdiction or waived the requirements for personal jurisdiction in the forum or forums within the scope of the clause" of the contract), *citing*, *Burger King*, 471 U.S. at 473 n.14; *Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 248 (Tex. App. – Houston [1st Dist.] 2005, no pet.).

general jurisdiction over TGF and Hoft because TGF and Hoft have engaged in continuous and systematic activities in the State of Texas. *Metropolitan Life Ins. v. Robertson- Ceco Corp*., 84 F.3d 560, 568 (2nd Cir. 1996). TGP is a national news organization that publishes news articles throughout the State of Texas and advertises throughout the State of Texas. (Aff. at ⁋97, Exhibit 22, ⁋4). Consequently, this Court has general jurisdiction over TGP, and its sole member and only employee, Jim Hoft. *Id.* at ⁋19. Fourth, TGP's Motion fails to mention the Texas Long-Arm Statute which establishes jurisdiction over nonresidents concerning suits involving *business transactions*. Tex. Civ. P. Rem Code §§17.041-17.045 (Chapter 17, Subchapter C) (emphasis added). Pursuant to §17.042(1) "[i]n addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident: (1) contracts by mail or otherwise with a Texas resident and *either party* is to perform the contract in whole or in part in this state." (Emphasis added). TGP's Motion sidesteps and utterly fails to mention, or distinguish, this provision of Texas law on personal jurisdiction. This is exactly what TGP and the Hofts did, and for that reason TGP's motion to dismiss for lack of personal jurisdiction should be denied.

Fifth, even a single act by the defendant may establish specific jurisdiction if the act in the forum state is substantially related to the suit. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). A nonresident defendant's mailing of a letter to a Texas plaintiff accusing the Texas plaintiff of violations of the nonresident defendant's trademark rights and threatening litigation is sufficient to satisfy defendant's "minimum contacts" with the State of Texas resulting in the denial of defendant's FRCP 12(b)(2). *Stre*eat Cuisine*, *LLC v. Streat Chefs, LLC*, 2010 U.S. Dist. LEXIS 163791 *4 (W.D. Tex. 2010), *citing*, *SGS-Thompson Micro-Electronics*, *Inc. v. Ferris*, 55 F.3d 632 (5th Cir. 1995). Reaching out to a Texas resident via telephone and email with the intended purpose of entering into a contractual relationship is

sufficient to establish minimum contacts. C*entral Freight Lines v. APA Transport Corp*., 322 F. F.3d 376, 382 (5th Cir. 2003), and whether a forum selection clause exists is irrelevant where the Retainer Agreement undisputedly indicates that the laws of the State of Texas will apply and the agreement "can be enforceable by any court of competent jurisdiction in Collin County, Texas." (Doc. 43-1 at 40, ¶13). Thus, TPG "should have reasonably anticipated being hauled into a court in Texas." *Deprag, Inc. v. Mine Shield, LLC*, 2014 U.S. Dist. LEXIS 711, *13 (E.D. Tex. 2014). A single letter sent by the nonresident defendant to a plaintiff in the state of Texas is sufficient to establish minimum contacts with the state of Texas for purposes of personal jurisdiction. *Newington v. Forrester*, 2011 U.S. Dist. LEXIS 89918 *16-17 (N.D. Tex. 2011).

TGP and the Hofts (a) solicited BLG in Texas to defend them from Texas in defense of the Freeman Moss Litigation, (b) negotiated the Retainer Agreement with BLG in Texas, (c) entered into a written Retainer Agreement with BLG which provided that (1) Texas law would govern the relationship, (2) all work will be performed in Texas, and (3) disputes regarding the Retainer Agreement would be heard by a court of competent jurisdiction in Collin County, Texas, (d) had multiple telephone calls and email communications with BLG in Texas in connection with the legal work to be performed in Texas, (e) received invoices from Texas in connection with the legal work performed in Texas, and, (f) paid a portion of the invoices for the legal work performed through their insurance company to BLG in Texas. (Aff. at ¶¶ 16-42, 58-85). TGP and Hoft certainly had the requisite minimum contacts and certainly more aware that they can be hauled into a Texas court when they did not pay the invoices.

Sixth, once the plaintiff establishes the defendant had minimum contacts sufficient to permit specific jurisdiction, the burden shifts to the defendant to prove the exercise of jurisdiction is not fair or reasonable. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The Fifth Circuit

has found, however, that "[i]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 760, *quoting*, *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). TGP's Motion makes only conclusionary statements regarding the "unfairness" of the assertion of personal jurisdiction and offers no evidence or affidavits to support the assertions. For this reason, TGP has failed to meet the Fifth Circuit standard for establishing that the exercise of personal jurisdiction would be unfair. For these reasons, TGP's FRCP 12(b)(2) motion to dismiss should be denied.

**B. Venue is proper in this Court. (Response to ⁋2.2).**

Venue is proper in this court for several reasons. First, TGP and the Hofts consented to venue in **"ANY COURT OF COMPETENT JURISDICTION IN COLLIN COUNTY, TEXAS."** (Doc. 43-1, 40 at ⁋ 13).[3] Second, venue is proper in this court because "a *substantial part* of the events or omissions giving rise to the *claim* occurred" in the United States District Court for the Eastern District of Texas Sherman Division. 28 U.S.C. §1391(b)(2).(Emphasis added). *Atlantic Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex*., 571 U.S. 49, 55-56 (2013). The central "claim" asserted by BLG is that the Insurance Companies[4] breached the Insurance Policy by failing to pay the past due Invoices for defense costs that are due pursuant to the provisions of the Insurance Policy and, secondarily, that TGP and the Hofts breached the Retainer Agreement. In answering the venue question, the court does not ask which district among potential forums is the "best" venue, *Bates v. C&S Justice, Inc*., 980 F.2d 865, 867 (2nd Cir. 1992), but rather asks whether the district the plaintiff chose has a substantial connection to

[3] It should be noted that TGP's motion is based on FRCP 12(b)(3) and not 28 U.S.C. §1404(a), or 28 U.S.C. §1406(a) - which is never mentioned in TGP's Motion. The provisions are distinguishable.

[4] The Insurance Companies have not filed a motion to transfer venue.

the claim, regardless of whether other districts had greater connections. *Pecoraro v. Sky Ranch for Boys, Inc*., 340 F.3d 558, 563 (8th Cir. 2003); *Bates*., 980 F.2d at 867; and, *Uffner v. La reunion Francaise, S.A*., 244 F.3d 38, 42-43 (1st Cir. 2001). Merely showing that another district has a more substantial connection to the plaintiff's claim is not enough to defeat the plaintiff's choice of venue. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 264 (6th Cir. 1998).

It is undisputed that TGP and the Hofts solicited BLG in Texas to represent them in the Freeman Moss Litigation, and negotiated and executed the Retainer Agreement in Collin County, Texas -- which Retainer Agreement also specifically consents to the venue in Collin County, Texas. (Aff. at ⁋⁋ 16-42). The Retainer Agreement specifically required that "**ALL OBLIGATIONS OF THE PARTIES ARE PERFORMABLE IN COLLIN COUNTY, TEXAS"** and the work performed by BLG, as represented by the Invoices, was "substantially" performed in Collin County, Texas. (Aff. at ⁋ 42). The Invoices were prepared in Collin County, Texas based on timesheets created in Collin County, Texas based on work performed in Collin County, Texas, and then delivered from Collin County Texas to the Insurance Companies in Minnesota, and TGP and the Hofts in Florida. (Aff. at ⁋⁋ 58-73). The Insurance Companies paid a portion of the amounts due on the Invoices to BLG in Collin County, Texas. (Aff. at ⁋ 73). The books, records, evidence, and material witnesses regarding the Invoices all reside in Collin County, Texas (Aff. at ⁋⁋ 181-193). BLG made multiple demands for payment of the past due Invoices from Collin County, Texas. (Aff. at ⁋⁋ 74-86). TGP's Motion offers no credible evidence (Doc. 43-1) disputing these undisputed facts concerning the claim and where a substantial part of the events or omissions giving rise to the claim occurred.

TGP's continual reference to "Missouri" is a red herring. Virtually no work was performed in Missouri -- as referenced and described in the Invoices. (Aff. at ⁋⁋ 58-72, 113-

178), and contrary to TGP's argument, the Retainer Agreement very clearly states that venue is proper in Collin County, Texas, and Texas is where the work is to be performed, not Missouri. (Doc. 43-1 at 40, ⁋13). It is undisputed that none of the parties to this action have an office or principal place of business in Missouri and, therefore, TGP's continual harping that United States District Court for the Eastern District of Missouri has proper venue is erroneous, and immaterial. (Aff. at ⁋⁋ 54-57, 90-102). Furthermore, Jim and Joe Hoft are residents of Florida, not Missouri. (90-102 Aff. at ⁋⁋).[5] There are no material witnesses and no records, books, and material witnesses in Missouri. (Aff. at ⁋⁋ 122-124, 176-193). For these reasons, TGP's motion to dismiss for improper venue should be denied.

**C. BLG's complaint states claims and facts under the standards of the Federal Rules of Civil Procedure and, thus, TGP's motion to dismiss pursuant to FRCP 12(b)(6) must be denied. (Response to⁋ 2.3)**

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Causes of action asserted are liberally construed in favor of the party raising them and all facts pleaded are taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). The court must indulge all inferences in favor of the party asserting a cause of action. *Collins,* 224 F.3d at 498. "Factual allegations must be enough to raise a right to relief above the speculation level, on the assumption that all allegations in the [pleading] are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). (internal citations and

[5] In this section of TGP's motion to dismiss, TGP wanders back and forth between statements regarding "venue" and statements regarding "personal jurisdiction." The concepts are distinctive and require distinct legal analysis. BLG has addressed the argument regarding "personal jurisdiction" of Defendants earlier. TGP provides no legal authorities in this section of TGP's motion to dismiss to suggest that Missouri has "personal jurisdiction" over BLG and, thus, BLG has nothing to respond to. And, personal jurisdiction over BLG is not a question when considering venue.

quotations omitted); *see also In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 n.10 (5th Cir. 2007), (stating no longer is court to apply minimal standard of adequate pleading described in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). A pleading need only have enough facts to state a claim for relief that is "plausible on its face." *Twombly,* 550 U.S. at 556, 570. In ruling on a 12(b)(6) motion, the court cannot decide disputed fact issues; rather, the court must assume that all material facts contained in the pleading are true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322-23 (2007).

BLG is only required to give fair notice of a claim by providing a short and plain statement of the claim showing that BLG is entitled to relief. FRCP 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Twombly*, 550 U.S. at 555. BLG's complaint must only provide fair notice of the claim sufficient to notify TGP of the nature and basis of the claim and the type of litigation involved. Rule 12(b)(6) authorizes dismissal of a complaint only when the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing a motion to dismiss under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation omitted). Legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. To determine whether the

plaintiffs have pleaded enough to "nudge[]" their claims "across the line from conceivable to plausible," a court draws on its own common sense and judicial experience. *Id.* at 679-80 (quoting *Twombly*, 550 U.S. at 570). A 12(b)(6) motion is only used to test the formal sufficiency of the plaintiff's statement of its claim for relief in its complaint. *Republican Party v. Martin*, 980 F.2d. 943, 952 (4th Cir. 1992). The motion cannot be used to resolve factual issues or the merits of the case. *Republican Party*, 980 F.2d. at 952. A 12(b)(6) motion is only appropriate if the plaintiff has not provided fair notice of its claim and factual allegations that when accepted as true - or plausible and rise above mere speculation. *Ashcroft*, 556 U.S. at 678; and, *Twombly*, 550 U.S. at 555-56. The issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the complaint contains enough factual material to raise a right to relief above speculation. *Renfro v. Unisys Corp*., 671 F.3d. 314, 320 (3rd Cir. 2011); S*kinner v. Switzer*, 562 U.S. 521, 529-30 (2011); and, *Twombl*y, 550 U.S. at 555-56. The motion is decided solely on the allegations in the plaintiff's complaint. *Speaker v. U.S. Dept. of H&HS Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

***The state court TRO was not dissolved.*** TGP's argument that the "state Court TRO was suspended" or "dissolved" is erroneous. (TGP's Motion at 14). The State Court Temporary Restraining Order (Doc. 3) remained in effect until "October 22, 2024" in accordance its terms and pursuant to 28 U.S.C § 1450 which states that "[a]ll injunctions, orders and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." *See Elepreneurs Holdings, LLC v. Benson*, 2021 U.S. Dist. LEXIS 7157 *3 (U.S.E.D. Texas, Judge Mazzant, 2021), *citing*, *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck drivers*, 415 U.S. 423, 435 (1974). The state court TRO was never dissolved or modified by this Court and, thus, remained in effect until October 22,

2024. Plaintiff's allegations regarding violation of the state court TRO by the Insurance Companies (Doc. 39 at ⁋⁋ 57-62, 70-76, 118-139) and seeking a declaratory judgment that the Insurance Companies violated the TRO not only provides full notice of Plaintiff's claims *against the Insurance Companies* but seeks a declaratory judgment of this Court pursuant to FRCP 57 and 28 U.S.C. §§ 2201 and 2202. (Doc. 39 at ⁋ 139 and at 45 ⁋1)[6].

***BLG's claims for "remedies" should not be dismissed*. *(TGP Motion at 14-15).*** There is no merit to TGP's motion to dismiss BLG's claims for attorney's fees, actual damages, prejudgment interest and post judgment interest since all such remedies, claims or "counts" or clearly recoverable under Texas law.[7] TGP's Motion's reliance on this Court's Order (Doc. 28 - decided October 18, 2024) on an Emergency Motion (Doc. 17 - filed October 16, 2024) to conclude that the Insurance Companies are not "proper parties" is misplaced.[8]

---

[6] TGP's Motion never mentions FRCP 57 or 28 U.S.C. §§ 2201 and 2202.TGP mistakes the holding of the Seventh Circuit in *D. Patrick, Inc. v. Ford Motor Co*., 8 F.3d 455 (7th Cir. 1993). Plaintiff sought "contempt" against Ford for violating a "settlement agreement" in asked for a preliminary injunction against Ford for such violation. *Ford*, at 8 F.3d 456, 458. The Court very clearly held that there was a legal "claim" for "contempt" that maybe brought by a party if another party violates a court order in such "proceedings are subject to the Federal Rules of Civil Procedure." *Ford.*, at 8 F.3d 459-461. Thus, if the Insurance Companies violated the TRO, the Insurance Companies can be held in "contempt." But, where is TGP's standing to make that argument for the Insurance Companies?

[7] *Wells v. Fargo Bank v. Murphy*, 458 S.W.3d 912, 915 (Tex. 2015) (attorney's fees are recoverable); *Alan Reuber v. Chevrolet, Inc. v. Grady Chevrolet*, 287 S.W.3d 877, 880-84 (Tex. App. -- Dallas 2009, no pet.) (Attorney's fees recoverable under contract); *Rogers v. Bagley*, 623 S.W. 3d 343, 357 (Tex. 2021) (plaintiff must plead for attorney's fees); Tex. Civ. Prac. & Rem. Code § 38.001; 1*/2 Price Checks Cashed v. United Auto. Ins*., 344 S.W.3d 378, 383 (Tex. 2011); Tex. Fin. Code Ch. 304 (post judgment interest recoverable); *Johnson & Higgins v. Kennoco Energy*, *Inc*., 962 S.W. 2d 507, 528 (Tex. 1998) (prejudgment interest recoverable); *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex. 1998) (prejudgment interest recoverable); and, *Brainard v. Trinity Univ'l Ins*., 216 S.W.3d 809, 812 (Tex. 2006) (prejudgment interest recoverable).

[8] The Court was not ruling on a Motion for Summary Judgment under FRCP 56 or a motion to dismiss filed by the Insurance Companies pursuant to FRCP 12(b)(6), but rather an "Emergency" motion filed by TGP, and adequate time was not provided for BLG to provide a full response,

**Breach of contract**. Texas law recognizes a claim for breach of contract. The elements of an action for breach of contract are (1) a valid enforceable contract; (2) the plaintiff is a proper party to bring suit for breach of contract; (3) plaintiff performed its contractual obligations; (4) defendant breached the contract; and, (5) defendants breach caused the plaintiff injury. *McAllen Hosp., L.P. v. Lopez,* 576 S.W.3d 389, 392 (Tex. 2019); *Turner v. Ewing*, 625 S.W.3d 510, 518 (Tex. App. – Houston [14th Dist.] 2020, pet denied); and, *Davis v. Texas* Farm Bur. Ins., 470 S.W.3d 97, 104 (Tex. App. – Houston [1st Dist.] 2015, no pet.). BLG properly pled a cause of action for breach of contract. TGP raises arguments --without standing--concerning BLG's claims against the Insurance Companies.[9]

Next, TGP states that BLG "can show no breach of the representation agreement"

---

affidavits, and evidence and legal authorities supporting BLG's claims against the Insurance Companies. The Court's Order (Doc. 28) was only based "on this record" which BLG only had two days to prepare and respond to. In addition, the Order is not applicable to Plaintiff's First Amended Complaint alleging a cause of action for breach of contract, promissory estoppel, and third-party beneficiary. (Doc. 39 at⁋⁋ 97-117). Additionally, TGP has no standing to argue that BLG has no causes of action or claims against the Insurance Companies. Based on the record provided with this Response, the admissions made by the Insurance Companies in their answers filed (Docs. 40 and 51), BLG has causes of action against the Insurance Companies for breach of contract, and alternatively, promissory estoppel and, alternatively, as a third-party beneficiary of the Insurance Policy.

[9] TGP cites 3 cases regarding insurance law. *Gabarick v. Laurin (America) Inc.*, 635 F.Supp.2d 499 (E.D. La. 2009); *Marine Indem. Ins. Co. of Am. v. Lockwood Warehouse & Storage*, 115 F.3d 282 (5th Cir. 1997); and, *McGrath v. Chesapeake Bay Diving*, 2010 U.S. Dist. LEXIS 2776 (E.D. La. 2010) -- all for the proposition that the Insurance Companies have no duty once the policy limits have expired. So, once again, why is TGP arguing for the Insurance Companies? Where is the evidence that the policy limits have expired in order to conclude that BLG "has no viable claim for breach of the insurance agreement." TGP has presented no evidence that the policy limits have expired. The Burns Declaration states only that "the remainder of the insurance policy was dispersed by wire on October 30, 2024" (Doc. 43-1, ⁋10) but it does not state for what reason and to whom and under what agreements. TGP's Motion does not rely on the statement to conclude that "BLG has no viable claim for breach of the insurance agreement," and discovery is necessary to determine how the proceeds of the Insurance Policy have been dispersed, if any, and to whom and for what reason. TGP's argument has no merit.

because "TGP and the Hofts are only obligated to pay after the insurance companies have made their determination as to what fees, if any, or reasonable." (TGP Motion at 12). TGP cites no authority for this conclusion and TGP's argument contradicts TGP's argument that the Insurance Companies are not parties to the Retention Agreement. TGP's contention that the Invoices are not "reasonable" raises a fact issue as to the dispute which cannot be resolved in a FRCP 12(b)(6) proceeding. TGP Motion's offers no affidavit from an expert witness regarding the reasonableness of charges described on the Invoices. The issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the complaint contains enough factual material to raise a right to relief above speculation. S*kinner*, 562 U.S. at 529-30; and, *Twombl*y, 550 U.S. at 555-56.

**Promissory estoppel (Response to ⁋2.3.4)**. Texas law recognizes a claim for promissory estoppel and the elements of a cause of action for promissory estoppel are: (1) defendant made a promise to plaintiff; (2) plaintiff reasonably and substantially relied on the promise to its detriment; (3) plaintiff's reliance was foreseeable by defendant; and, (4) injustice can be avoided only by enforcing the defendants promise. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002); and, *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Restatement Second, Contracts §90 applies to an action for promissory estoppel. *Fretz Constr. Co. v. Southern Nat'l Bank*, 626 S.W.2d 478, 480 (Tex. 1981); and, *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965). A promise is a declaration that binds the person who makes it to act or refrain from acting in a specified way; it gives the person to whom the promises made a right to expect its performance, *Traco, Inc. v. Arrow Glass Co.*, 814 S.W.2d 186, 190 (Tex. App. -- San Antonio 1991, writ denied); *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998), and the promise may be made orally or in writing or may be inferred from conduct. Restatement

second, contracts §4; and, *Fretz Constr. Co.*, 626 S.W.2d at 483-84. A person's silence may constitute a binding promise if, under the circumstances, the person had a duty to speak and did not. *Ebner v. First State Bank,* 27 S.W.3d 287, 302 (Tex.App. -- Austin 2000, pet. denied). In an action for promissory estoppel, the plaintiff can recover reliance damages, *Sun Oil Co. v. Madley*, 626 S.W.2d 726, 734 (Tex. 1981); *Fretz Constr. Co.*, 626 S.W.2d at 483; *Wheeler*, 398 S.W.2d at 97, prejudgment and post-judgment interest, *Traco, Inc.* 814 S.W.2d at 194-95, and attorney's fees. *Corpus Christi Day Cruise, LLC v. Christus Spohn Health Sys.*, 398 S.W.3d 303, 315 (Tex. App. -- 2012 Corpus Christi, pet. denied); *Traco, Inc.*, 814 S.W.2d at 193; *Preload Tech. v. AB&J Constr. v. Odell Geer Constr. Co.*, 696 F.2d 1080, 1094-95 (5th Cir. 1983); and, Tex. Civ. Prac. & Rem. Code §38.001(8).

Before undertaking defense of TGP, Jim Hoft and Joe Hoft (the "Hofts") in the Freeman Moss Litigation, BLG inquired about the existence of an insurance policy to cover the claims and pay defense costs, and BLG was provided a copy of the Insurance Policy, and promised by Defendants that the Insurance Companies would pay defense costs from the proceeds of the Insurance Policy. (Aff. at ¶¶ 45-57). BLG was provided a copy of the Insurance Policy. *Id.*; Doc. 43-1 at 5-30, Doc. 40 at ¶30) identified as "MEP 23005-20" which provides coverage for the claims asserted by the plaintiffs in the Freeman Moss Litigation, including the payment of "defense costs." (Doc. 43-1 at pages 12- 15 ("underwriter will pay on behalf of the insured any loss and defense costs"), 17, 20). The Insurance Companies participated in the negotiation of the Retainer Agreement. (Aff. at ¶¶ 30-37; Doc. 40 at ¶¶ 39, 70; Doc. 51 at ¶¶ 50, 116). Defendants instructed BLG to submit defense costs invoices ("Invoices") to the Insurance Companies in Minnesota, and TGP and the Hofts in Florida, and BLG did as instructed, and the Invoices were received by the Insurance Companies in Minnesota and TGP and the Hofts in Florida. (Aff. at

⁋⁋ 45-72; Doc. 40 at ⁋40; and Doc. 51 at ⁋51). The Insurance Companies paid a portion of the Invoices received from BLG in accordance with the promises made by Defendants to BLG, but did not pay the full amount of the Invoices. (Aff. at ⁋73; Doc. 40 at ⁋⁋40, 67; and Doc. 51 at ⁋⁋51, 113). The Insurance Companies received repeated demands for payment of the full amount of the Invoices but did not pay the full amount owed on the Invoices. (Aff. at ⁋⁋ 74-85; Doc. 40 at ⁋42, 47; and Doc. 51 at ⁋53). BLG reasonably and substantially relied on the promises made by Defendants to BLG's detriment. (Aff. ⁋⁋23-57 ). BLG's reliance on the promises made by Defendants to BLG was foreseeable by Defendants. *Id.* Injustice can only be avoided by enforcing Defendants' promise to BLG that the defense costs Invoices would be paid by the Insurance Companies from proceeds of the Insurance Policy. *Id.*

**Third-Party Beneficiary. (Response to ⁋2.3.5).** BLG is a third-party beneficiary of the Insurance Policy. Texas law recognizes that a third-party beneficiary can sue for breach of contract even if third-party is not a party to the contract. *Wal-mart Stores v. Xerox State & Local Solutions, Inc*., 663 S.W.3d 569, 582-83 (Tex. 2023). BLG is not required to sign the Insurance Policy agreement or give consideration for the Insurance Policy in order to be considered a third-party beneficiary of the Insurance Policy. *In re Palm Harbor Homes*, 195 S.W.3d 672, 677 (Tex. 2006). The agreement is not required to expressly name the intended third-party beneficiary-BLG. *Wal-mart Stores*, 663 S.W.3d 585-86. The court is not required to find that the contract was executed solely to benefit the party as a non-contracting party or that it includes "third-party beneficiary" or similar magic language. *City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2010); and, *Stine v. Stewert*, 80 S.W.3d 586, 589 (Tex. 2002).

BLG is a creditor beneficiary of the Insurance Policy. A contract benefits a creditor beneficiary if the performance promised in the contract by the promisor (the Insurance

Companies) will satisfy a legal duty owed by the promisee (TGP and the Hofts) to the beneficiary (BLG). *South Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007); *Stine*, 80 S.W.3d at 589; and, *MCI Telecomms. v. Texas Utils. Elec. Co.,* 995 S.W.2d 647, 651 (Tex. 1999). The duty includes any legally enforceable commitment owed to the third party. *Stine*, 80 S.W.3d at 589; and, *MCI*, 995 S.W.2d at 651. The Insurance Policy (Doc.43-1) clearly requires the Insurance Companies to pay defense costs invoices for legal services incurred in defense of a covered claim (the Freeman Moss Litigation) that TGP and the Hofts are legally obligated to pay. The Insurance Policy, *inter alia*, states:

> "The **underwriter** will pay on behalf of the **insured** any **loss** and **defense costs** in excess of the Retention . . . that the **insured** is legally obligated to pay to third parties because of liability imposed by law or assumed under contract arising from an **occurrence** committed by the **insured** during the **policy period** that gives rise to a covered **claim** . . . ." (Doc. 43-1 at 14).

Nothing in the Insurance Policy requires the approval of the "insured" (TGP) before the defense costs Invoices are required to be paid by the Insurance Companies to BLG. It is not necessary that BLG being "mentioned" or "named" in the policy or be retained to defend TGP and the Hofts in the Freeman Moss Litigation prior to the "issuance" of the Insurance Policy. The Insurance Policy unambiguously requires the Insurance Companies to pay BLG's past due defense costs invoices. TGP's argument that BLG has no claim against the Insurance Companies as a third-party beneficiary of the Insurance Policy is without merit, and, again, TGP has no standing to argue for dismissal of claims asserted against the Insurance Companies.

**PRAYER**

For these reasons, Plaintiff prays that TGP's Motion be denied.

Dated: November 15, 2024.

Respectfully submitted,

By: /s/ Charles Bundren

**BUNDREN LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
Lead Attorney and Attorney-in Charge
State Bar No. 03343200
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
(214) 808-3555 Telephone
e-mail: charles@bundrenlaw.net
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of November, 2024, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Rules on all legal counsel of record for any party by serving the following:

**KLEMCHUK PLLC**
Brian Casper, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24075563
Email: brian.casper@klemchuk.com
Darren Michael Klemchuk, Esq.
Email: darin.klemchuk@klemchuk
Mandi Michelle Phillips, Esq.
Email: mandi.phillips@klemchuk.com
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Phone: (214) 367-6000
Fax: (214) 367-6001
**ATTORNEYS FOR DEFENDANT TGP**

**BURNS LAW FIRM**
John C. Burns, Esq.
Missouri State Bar No. 66462
P.O. Box 191250
St. Louis, Missouri 63119
Phone: (314) 329-5040
Fax: (314) 282-8136
Email: john@burns-law-firm.com
**ATTORNEY FOR DEFENDANTS:**
**TGP COMMUNICATIONS, LLC, AND JAMES "JIM" HOFT**

**RANDAZZA LEGAL GROUP, PLLC**

Marc J. Randazza, Esq.
Nevada State Bar No. 12265
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Phone: (888) 887-1776
Email: ecf@randazza.com
**ATTORNEY FOR:**
**DEFENDANT TGP COMMUNICATIONS, LLC**

**FEE, SMITH & SHARP LLP**
Daniel M. Karp, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24012937
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 980-3293
Fax: (972) 934- 9200
Email: dkarp@feesmith.com
**ATTORNEY FOR DEFENDANTS:**
**ATLANTIC SPECIALTY INSURANCE COMPANY;**
**INTACT INSURANCE USA LLC; ONEBEACON PROFESSIONAL INSURANCE, INC., a dissolved corporation; and,**
**ONEBEACON PROFESSIONAL INSURANCE GROUP, a fictitious entity.**

Nicholas O'Connell
Intact Insurance Specialty Solutions
Intact U.S. Coverage Litigation Group
605 Highway 169 N.
Suite 800
Plymouth, MN 55441
Phone: (952) 852-0481
Fax: (877) 654-1527
Email: njoconnell@intactinsurance.com
Pro Hac Vice
**ATTORNEY FOR DEFENDANT:**
**ATLANTIC SPECIALTY INSURANCE COMPANY**

__X__ by the Court's CM/ECF Pacer electronic filing System pursuant to FRCP 5(b)(2)(E) and 5(b)(3), and LOCAL RULE CV-5 (c)&(d),

____ by certified mail return receipt requested deposited with the United States Postal Service on the date indicated above pursuant to FRCP 5(b)(2)(C),

____ by email at the email address indicated above pursuant to FRCP 5(b)(2)(E), and in

accordance with the United States District Court for the Eastern District of Texas Local Rule CV-5(a)(7)(D) a copy of this document was served opposing counsel in electronic form by serving opposing counsel at the email addresses listed herein.

and/or

____ by hand delivery service on the date indicated above pursuant to FRCP 5(b(2)(A) and (B).

And to the non-represented Defendant by email and Federal Express delivery as follows for service or otherwise:

Joseph "Joe" Hoft
1820 NE Jensen Beach Boulevard, Suite 1120
Jensen Beach, FL 34957.

Pursuant to Local Rule CV-5(7) of the Local Rules of the United States District Court for the Eastern District of Texas, please be advised that a Motion to Seal the following documents has been filed by Plaintiff:

1. Exhibit 3 referenced in ⁋65 of the Affidavit of Charles Bundren in support of Plaintiff's Response;
2. Exhibit 4 referenced in ⁋66 of the Affidavit of Charles Bundren in support of Plaintiff's Response;
3. Exhibit 5 referenced in ⁋67 of the Affidavit of Charles Bundren in support of Plaintiff's Response;
4. Exhibit 6 referenced in ⁋68 of the Affidavit of Charles Bundren in support of Plaintiff's Response;
5. Exhibit 7 referenced in ⁋69 of the Affidavit of Charles Bundren in support of Plaintiff's Response;
6. Exhibit 8 referenced in ⁋70 of the Affidavit of Charles Bundren in support

of Plaintiff's Response;

7. Exhibit 9 referenced in ¶71 of the Affidavit of Charles Bundren in support of Plaintiff's Response; and,

8. Exhibit 10 referenced in ¶72 of the Affidavit of Charles Bundren in support of Plaintiff's Response.

By: /s/ Charles Bundren
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**