IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC.<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, ONE BEACON PROFESSIONAL INSURANCE GROUP, ONE BEACON PROFESSIONAL INSURANCE, INC., INTACT INSURANCE GROUP, USA, LLC, TGP COMMUNICATIONS, LLC, JAMES "JIM" HOFT, INDIVIDUALLY, and JOE HOFT, INDIVIDUALLY.<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION NO.<br><br>4:24-CV-00900<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S SECOND MOTION TO REMAND

TO THE HONORABLE COURT:

Bundren Law Group, PLLC (hereinafter collectively referred to as "Plaintiff"), and moves the court to remand this case to the state court under 28 U.S.C.A. § 1447(c), and says:

## I.

## SUMMARY OF MOTION

1.	On October 18, 2024, United States District Court Judge Jordan entered an "ORDER DISSOLVING TRO" (Dkt. #28) ("Judge Jordan's Order") in which Judge Jordan found that the United States District Court for the Eastern District of Texas Sherman Division lacks subject-matter jurisdiction in this Civil Action. Judge Jordan found that Defendant TGP Communications, LLC ("TGP") "failed to allege facts establishing diversity of citizenship" and, consequently, "the Court has no power to proceed in this case" and "the Court cannot make any merits-based decision or impose any relief at this time preliminary or otherwise" due to a lack of subject matter-jurisdiction (Dkt. #28 at 1). Judge Jordan found that "TGP's Notice of Removal, (Dkt. #1), is woefully inadequate concerning its allegations of citizenship, rendering the Court's subject-matter jurisdiction profoundly uncertain," and "TGP at the outset fails to establish this Court's jurisdiction." (Dkt. #28 at 4). As a result, Judge Jordan dissolved United States District Judge Amos L. Mazzant's "MEMORANDUM AND ORDER" (Dkt.#6) granting Plaintiff a Temporary Restraining Order dated October 11, 2024 due to "a lack of subject-matter jurisdiction."

2.	This case was removed *only by TGP* to the United States District Court for the Eastern District of Texas Sherman Division from the 471st Judicial District

Court of Collin County, Texas on October 9, 2024. (*See* Dkt. #1). Prior to the removal, the 471st Judicial District Court of Collin County, Texas entered a Temporary Restraining Order (*See* Dkt. #3). The State Court Temporary Restraining Order remained in effect until "October 22, 2024" in accordance its terms and pursuant to 28 U.S.C.A. § 1450 which states that "[a]ll injunctions, orders and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." *See Elepreneurs Holdings, LLC v. Benson*, 2021 U.S. Dist. LEXIS 7157 *3 (U.S.E.D. Texas, Judge Mazzant, 2021), *citing*, *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck drivers*, 415 U.S. 423, 435 (1974).

3.  The Insurance Companies were restrained by the Temporary Restraining Order dated October 8, 2024 from the 471st Judicial District Court of Collin County, Texas until October 22, 2024, and Temporary Restraining Order remained in effect until October 22, 2024.

4.  Based Judge Jordan's Order this court lacked subject-matter jurisdiction and was unable to proceed as of October 18, 2024.

5.  On October 20, 2024, Defendant, TGP Communications, LLC ("TGP") filed an AMENDED NOTICE OF REMOVAL (Doc. 20). This AMENDED NOTICE OF REMOVAL was defective and did not comply with 28 U.S.C.A. §1446.

6. On October 21, 2024, Defendant, TGP Communications, LLC ("TGP") filed a SECOND AMENDED NOTICE OF REMOVAL (Doc. 35). This SECOND AMENDED NOTICE OF REMOVAL was defective and did not comply with 28 U.S.C.A. §1446 because, *inter alia,* TGP did not secure the consent or joinder of all defendants as required by 28 U.S.C.A. §1446(b)(2)(A).

7. On October 28, 2024, Plaintiff filed PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT (Doc. 39) which alleged that the Insurance Companies are in contempt of the Temporary Restraining Order dated October 8, 2024 from the 471st Judicial District Court of Collin County, Texas (Doc. 3) and sought a Judgment of this Court declaring the Insurance Companies in contempt of State Court Temporary Restraining Order. (Doc. 39 at ¶¶ 56-76, 118-139). This court does not have subject matter jurisdiction to construe a judgment or order of a state court.

8. Defendants were provided through service or otherwise with a copy the pleading setting forth the claim for relief upon which this civil action or proceeding is based beginning on October 8, 2024 and other documents filed in the civil action. (*See* Doc. 39 at ¶ 77-84).

9. All of the Defendants, through service or otherwise, received and were provided with a copy of the initial pleading setting forth the claim for relief upon which this civil action or proceeding is based more than 30 days prior to filing of this motion.

10. None of the other defendants, although having received through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which this civil action or proceeding is based, and receiving, by service or otherwise, a copy of the SECOND AMENDED NOTICE OF REMOVAL filed by TGP (Doc. 35) have consented or joined TGP's SECOND AMENDED NOTICE OF REMOVAL within 30 days of the filing of TGP's SECOND AMENDED NOTICE OF REMOVAL.

11. Defendant Joe Hoft, although receiving through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which this civil action or proceeding is based, has not (1) filed a motion to remove, (2) has not consented to TGP's SECOND AMENDED NOTICE OF REMOVAL (Doc. 35) filed on October 21, 2024, and (3) has not joined TGP's SECOND AMENDED NOTICE OF REMOVAL (Doc. 35) within 30 days of his receipt through service or otherwise of copies of the applicable documents. (*See* Affidavit of Charles Bundren, Esq. ("Bundren Aff. \_\_\_\_) at ¶¶ 10-39).

12. Defendant James "Jim" Hoft although receiving through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which this civil action or proceeding is based, has not (1) filed a motion to remove, (2) has not consented to TGP's SECOND AMENDED NOTICE OF REMOVAL (Doc. 35) filed on October 21, 2024, and (3) has not joined TGP's SECOND AMENDED

NOTICE OF REMOVAL (Doc. 35) within 30 days of his receipt through service or otherwise of copies of the applicable documents.

13. Defendants Intact Insurance Group USA Holdings, Inc. and Intact Financial Corporation were sued by a Plaintiff on October 28, 2024 (Doc. 39). These defendants filed an answer to Plaintiff's First Amended Complaint on November 12, 2024 (Doc. 51). And, Nicholas O'Connell, Esq. filed a notice of appearance for these defendants on November 13, 2024 (Doc. 52). These defendants have received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based through the electronic filing rules pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas but these defendants have not consented to TGP's SECOND AMENDED NOTICE OF REMOVAL (Doc. 35) filed on October 21, 2024, and have not joined TGP's SECOND AMENDED NOTICE OF REMOVAL (Doc. 35) within 30 days of his receipt through service or otherwise of copies of the applicable documents.

14. TGP's SECOND AMENDED NOTICE OF REMOVAL (Doc. 35) does not comply with the requirements of 28 U.S.C.A. §1446 (a) and (b).

15. This Motion to Remand has been timely filed pursuant to 28 U.S.C.A. §1447(c).

## II.

## ARGUMENT AND AUTHORITIES

16. A court must strictly construed removal statutes in favor remand and against removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009); and, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A court may remand the case at any time on the basis of a lack of subject-matter jurisdiction identified in a motion remand. 28 U.S.C. §1447(c); and, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.6 (11th Cir. 2007).

17. The Court should immediately remand this case to the 471st Judicial District Court of Collin County, Texas because TGP's removal is defective, and this Court has no subject-matter jurisdiction to act. *Meltzer v. Cont'l Ins. Co.,* 163 F. Supp. 2d 523, 525-26 (E.D. Pa. 2001); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014); *D.B. Zwirn Special Opportunities Fund, L. P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011); *Doe #1 v. Blair*, 819 F.3d 64, 67-68 (4th Cir. 2016); *Hein v. Northrup Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); and, *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litg.*, 522 F.Supp.2d 557, 562 (S.D.N.Y. 2007). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C.A. §1447(c); *International Primate Prot. League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 89 (1991); and, *Anusbigian v.*

*Truegreen/Chemlawn, Inc.*, 72 F.3d. 1253, 1254 (6th Cir. 1996); and, *Hinckley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020).

18. A court must remand the case at any time on the basis of a lack of subject-matter jurisdiction identified in the motion to remand. 28 U.S.C. § 1447(c); and, *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007).

19. This court does not have subject matter jurisdiction to review the applicability and enforcement of the Temporary Restraining Order dated October 8, 2024 from the 471st Judicial District Court of Collin County, Texas (Doc. 3) under the well-established *Rooker-Feldman* doctrine which precludes a federal district court review of state court judgments and orders. *See Rooker v. Fidelity Trust Co.* 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983). The state court is the exclusive venue for enforcement of the Temporary Restraining Order and to determine whether, or not, the Insurance Companies violated the Temporary Restraining Order. Tex. R. Civ. P. 308; Tex. Govt. Code Ann. §21.001.

20. Under the *Rooker-Feldman* doctrine federal courts are barred from modifying, reviewing, or exercising jurisdiction over a state court judgment or order. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004); *Morris v. Wells Fargo Bank,* 677 Fed. Appx. 955, 957 (5th Cir. 2017) (per curiam) (*Rooker-Feldman* doctrine is equally applicable to diversity litigation); and, *Guajardo v. State*

*Bar of Texas,* 803 Fed. Appx. 750, 753 (5th Cir. 2020 (per curiam). The *Rooker-Feldman* doctrine deprives a federal district court of subject matter jurisdiction if allegations in the Complaint are intertwined with a decision or order of the state court. *Union Planters*, 369 F.3d at 462.

21. PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT (Doc. 39) . (Doc. 39 at ¶¶ 56-76, 118-139) seeks redress and a judgment of this court regarding the Insurance Companies' violation of the Temporary Restraining Order dated October 8, 2024 from the 471st Judicial District Court of Collin County, Texas (Doc. 3) and it is not possible for this court to review Plaintiff's complaint without reviewing the merits of the Temporary Restraining Order entered by the state court. As such, Plaintiff's claims are barred from being reviewed by this court for a lack of subject matter jurisdiction and for this reason this Court does not have subject matter jurisdiction over these claims and this action should be remanded to the 471st Judicial District Court of Collin County, Texas.

22. TGP did not obtain consent of all properly joined and served defendants as required by 28 U.S.C. A. §1446 (b)(2)(A). *See Taylor v. Medtronic, Inc*. 15 F.4th 148, 150-51 (2nd Cir. 2021); *Loftis v. United Parcel Serv., Inc.,* 342 F.3d. 509, 516-17 (6th Cir. 2003); *Cacillo v. Sherwin-Williams Co*., 902 F. Supp. 2d 511, 517-18 (D.N.J. 2012); *Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 75 (1st Cir. 2009); and, *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

23. When, as in this case, the removal is based on 28 U.S.C.A. §1441(a) (diversity jurisdiction), all defendants who have been properly joined and who have received through service or otherwise a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, 28 U.S.C. §1446 (b), must join in the notice of removal or consent to the removal. 28 U.S.C.A. §1446(b)(2)(A). *See Taylor,* 15 F.4th at 150; *Knight v. Mooring Capital fund, LLC,* 749 F.3d 1180, 1183-84 (10th Cir. 2014); *Hartford Fire Ins.* v. *Harleysville Mut. Ins.*, 736 F.3d 255, 259 (4th Cir. 2013); *Charka 5, Inc. v. City of Miami Beach,* 968 F. Supp.2d 1210, 1212 (S.D. Fla. 2013); and, *Penson Fin. Servs.* v. *Golden Summit Investors Grp.*, No. 3:12-CV-300-B, 2012 WL 2680667 (N.D. Tex. 2012).

24. There is a "unanimity" requirement for removal. The defendant removing the action, in this case TGP, must secure consent to remove from all of the other defendants. TGP did not. *Pritchett v. Cottrell, Inc.,* 512 F.3d. 1057, 1062 (8th Cir. 2008); *Aetna, Inc. v. Insy Therapeutics, Inc.,* 284 F.Supp.3d 582, 586-87 (E.D. Pa. 2018); and, *Esposito* 590 F.3d at 75,

25. The burden is on the removing defendant (TGP) to determine and prove which defendants have received a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based by service or otherwise and to secure consent from each of them for the removal. *Cacillo v. Sherwin-Williams Co.*, 902 F. Supp. 2d at 521-22. If one of the defendants does not consent, the

removal is procedurally defective and the case should be remanded back to the state court. *Doe v. Kerwood*, 969 F.2d 165 at 169; *Rios v. Lantz*, 402 F. Supp. 3d 1, 2-3 (D.P.R. 2019); *See Taylor,* 15 F.4th at 149 (case remanded when four out of the five defendants consented but the fifth defendant, under mistaken belief that it had not been properly joined and served, did not provide notice of consent; subsequent filing of untimely consent did not cure the defect); *Cacillo v.* 902 F. Supp. 2d 519-20 (case remanded when removing defendant did not obtain consent from three proper defendants served within 30 days after service of those defendants; subsequent filing of untimely consent did not cure defect).

26. Defendant Joe Hoft received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this civil action or proceeding is based on October 8, 2024 (Bundren Aff. at ₱ 37), and subsequently received a copy of Plaintiff's Original Complaint (Doc. 7) on October 12, 2024 (Bundren Aff. at ₱₱ 9-11), and on October 28, 2024 received a copy of Plaintiff's First Amended Original Complaint (Doc. 39) (Bundren Aff. at ₱₱ 12-16), and received additional filings in this case on October 29, 2024, October 30, 2024, November 12, 2024, November 16, 2024. (Bundren Aff. at ₱₱ 17-36). TGP did not obtain the consent of Joe Hoft to remove this case to this court within 30 days after his receipt by service or otherwise of the initial pleading setting forth the claim for

relief upon which this civil action or proceeding is based and, thus, TGP's removal is defective pursuant to 28 U.S.C.A. §1446(b).

27.  TGP did not obtain the consent of Defendant James Jim Hoft to remove this case to this court. Defendant James Jim Hoft received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this civil action or proceeding is based on October 8, 2024 (Bundren Aff. at ¶ 37). Defendant James Jim Hoft appeared through his attorney of record, Jonathan Christian Burns, Esq. ("Burns") in this civil action on October 17, 2024. (Doc. 24). Defendant James Jim Hoft has received through service pursuant to the electronic filing rules of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas all electronic filings since October 17, 2024 by service on his attorney, Burns, including TGP's Second Amended Notice of Removal filed on October 21, 2024. (Doc. 35). Defendant James Jim Hoft did not consent to TGP's Second Amended Notice of Removal filed on October 21, 2024, and TGP failed to obtain his consent within 30 days of October 17, 2024 or October 21, 2024 as required by 28 U.S.C.A. §1446(b).

28.  Defendants Intact Insurance Group USA Holdings, Inc. and Intact Financial Corporation were sued by a Plaintiff on October 28, 2024 (Doc. 39). These defendants filed an answer to Plaintiff's First Amended Complaint on November 12, 2024 (Doc. 51). And, Nicholas O'Connell, Esq. filed a notice of appearance for these

defendants on November 13, 2024 (Doc. 52). These defendants have received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based through the electronic filing rules pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas. TGP failed to obtain these defendants consent as required by 28 U.S.C.A. §1446(b).

### III.

### CONCLUSION

TGP filed TGP's Second Amended Notice of Removal on October 21, 2024, but TGP failed to obtain the consent of all of the other defendants and, therefore, the notice of removal is defective and this action must be remanded to the 471st Judicial District Court of Collin County, Texas. Additionally, under clearly established doctrine of *Rooker-Feldman* this Court does not have subject matter jurisdiction over the claims asserted in Plaintiff's First Amended Original Complaint (Doc. 39) regarding the review, construction, and application of the state court Temporary Restraining Order, and, for this additional reason this case must be remanded to the 471st Judicial District Court of Collin County, Texas.

For these reasons, Plaintiff prays that this motion be granted and this civil action be remanded to the 471st Judicial District Court of Collin County, Texas.

Dated: November 20, 2024.

        Respectfully submitted,

        By: /s/ Charles Bundren

        **BUNDREN LAW GROUP, PLLC**
        Wm. Charles Bundren, Esq.
        Lead Attorney and Attorney-in Charge
        State Bar No. 03343200
        2591 Dallas Parkway, Suite 300
        Frisco, Texas 75034
        (214) 808-3555     Telephone
        e-mail:     charles@bundrenlaw.net
        **ATTORNEY FOR PLAINTIFF:**
        **BUNDREN LAW GROUP, PLLC**

## CERTIFICATE OF SERVICE

    This is to certify that on this 20th day of November, 2024, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Rules on all legal counsel of record for any party by serving the following:

**KLEMCHUK PLLC**
Brian Casper, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24075563
Email:     brian.casper@klemchuk.com
Darren Michael Klemchuk, Esq.
Email:     darin.klemchuk@klemchuk
Mandi Michelle Phillips, Esq.
Email:     mandi.phillips@klemchuk.com
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Phone:     (214) 367-6000
Fax:     (214) 367-6001
**ATTORNEYS FOR DEFENDANT TGP**

**BURNS LAW FIRM**
John C. Burns, Esq.
Missouri State Bar No. 66462
P.O. Box 191250
St. Louis, Missouri 63119
Phone: (314) 329-5040
Fax: (314) 282-8136
Email: john@burns-law-firm.com
**ATTORNEY FOR DEFENDANTS:**
**TGP COMMUNICATIONS, LLC, AND JAMES "JIM" HOFT**

**RANDAZZA LEGAL GROUP, PLLC**
Marc J. Randazza, Esq.
Nevada State Bar No. 12265
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Phone: (888) 887-1776
Email: ecf@randazza.com
**ATTORNEY FOR:**
**DEFENDANT TGP COMMUNICATIONS, LLC**

**FEE, SMITH & SHARP LLP**
Daniel M. Karp, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24012937
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 980-3293
Fax: (972) 934- 9200
Email: dkarp@feesmith.com
**ATTORNEY FOR DEFENDANTS:**
**ATLANTIC SPECIALTY INSURANCE COMPANY;**
**INTACT INSURANCE USA LLC; ONEBEACON PROFESSIONAL**
**INSURANCE, INC., a dissolved corporation; and,**
**ONEBEACON PROFESSIONAL INSURANCE GROUP, a fictitious entity.**

Nicholas O'Connell
Intact Insurance Specialty Solutions
Intact U.S. Coverage Litigation Group

---

605 Highway 169 N.
Suite 800
Plymouth, MN 55441
Phone: (952) 852-0481
Fax: (877) 654-1527
Email: njoconnell@intactinsurance.com
Pro Hac Vice
**ATTORNEY FOR DEFENDANT:**
**ATLANTIC SPECIALTY INSURANCE COMPANY**


__X__ by the Court's CM/ECF Pacer electronic filing System pursuant to FRCP 5(b)(2)(E) and 5(b)(3), and LOCAL RULE CV-5 (c)&(d),

____ by certified mail return receipt requested deposited with the United States Postal Service on the date indicated above pursuant to FRCP 5(b)(2)(C),

____ by email at the email address indicated above pursuant to FRCP 5(b)(2)(E), and in accordance with the United States District Court for the Eastern District of Texas Local Rule CV-5(a)(7)(D) a copy of this document was served opposing counsel in electronic form by serving opposing counsel at the email addresses listed herein.

and/or

____ by hand delivery service on the date indicated above pursuant to FRCP 5(b(2)(A) and (B).


And to the non-represented Defendant by email and Federal Express delivery as follows for service or otherwise:

Joseph "Joe" Hoft
1820 NE Jensen Beach Boulevard, Suite 1120
Jensen Beach, FL 34957.


By: /s/ Charles Bundren

ATTORNEY FOR PLAINTIFF:
**BUNDREN LAW GROUP, PLLC**

## CERTIFICATE OF CONFERENCE

On November 20, 2024, Plaintiff's counsel conferred with counsel representing Defendant TGP, Brian Casper, Esq. regarding the reasons for the filing of this motion by telephone and the reasons were discussed. Counsel representing Defendant TGP stated that Defendant TGP is opposed to this motion. Plaintiff's counsel also called Daniel Karp, Esq. legal counsel for the Insurance Companies and left a detailed voicemail message regarding this motion. Plaintiff's counsel did not receive a return phone call from Mr. Karp prior to the filing of this motion.

Plaintiff's legal counsel has complied with the meet and confer requirements in Local Rule CV-7(h) of the Local Rules of the United States District Court for the Eastern District of Texas.

By: /s/ Charles Bundren
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**