IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BUNDREN LAW GROUP, PLLC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATLANTIC SPECIALTY ) <br> INSURANCE COMPANY, ONE ) <br> BEACON PROFESSIONAL ) <br> INSURANCE GROUP, ONE ) <br> BEACON PROFESSIONAL ) <br> INSURANCE, INC., INTACT ) <br> INSURANCE GROUP, USA, LLC, ) <br> TGP ) <br> COMMUNICATIONS, LLC, JAMES ) <br> "JIM" HOFT, INDIVIDUALLY, and ) <br> JOE HOFT, INDIVIDUALLY. ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 4:24-CV-00900 |

## PLAINTIFF'S RESPONSE TO JOE HOFT MOTION TO QUASH SERVICE OF PROCESS

TO THE HONORABLE COURT:

Bundren Law Group, PLLC (hereinafter collectively referred to as "BLG"), responds to (Doc. 81) Defendant, Joe Hoft's ("Hoft") Motion to Quash Service of Process and extend time for Hoft to file an answer to Plaintiff's Amended Complaint, and says:

### I. JOE HOFT'S MOTION TO QUASH SERVICE OF PROCESS

Defendant, Joe Hoft, ("Hoft") filed a motion to quash service of process

("Defendant's Motion") complaining about "insufficient service" under pursuant to Federal Rules of Civil Procedure 12(b)(5) and requested an extension of time to file an "Answer/Counterclaim" to Plaintiff's Complaint. Hoft requested a "21-day extension" to file a responsive pleading to Plaintiff's Complaint.

Defendant's Motion also complains that the summons had the wrong address listed on the face of the summons. Defendant's Motion concedes that Hoft has received the federal summons and a copy of Plaintiff's First Amended Original Complaint but only complains that the summons was not personally delivered to Hoft. Defendant's Motion concedes that Hoft has received the federal summons and a copy of Plaintiff's First Amended Original Complaint either by email or Federal Express delivery. Defendant's Motion cites no case authority.

## II.  STATEMENT OF FACTS

It is not disputed that Hoft has received the federal summons and a copy of Plaintiff's First Amended Original Complaint. Plaintiff attempted on numerous occasions to serve Hoft by personal delivery with a copy of the federal Summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint at addresses provided in Jensen Beach, Florida where Hoft was known to reside and work. (*See* Exhibit 1, attached). In addition to personal service, Plaintiff has delivered to Hoft the federal Summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint by email (*see* Exhibit 2, attached) and has

also provided Hoft the federal Summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint by Federal Express. (*See* Exhibit 3, attached). Defendant's Motion does not deny that Hoft has received a copy of the federal summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint but merely complains that the address on the federal summons was incorrect.

On November 15, 2024 Hoft acknowledged by his email to have received a copy of the federal summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint. (*See* Exhibit 2). On November 15, 2024 Hoft also acknowledged that the email utilized by Plaintiff to give notice of a copy of the federal summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint was the correct email for Hoft. (*See* Exhibit 2).

Plaintiff made numerous attempts to personally serve a copy of the federal summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint at his residence of "8750 S. Ocean Drive, Apt. 534, Jensen Beach Florida" (*See* Exhibit 3), and the management confirmed that Hoft lives at this address. Defendant's Motion admits that "8750 S. Ocean Drive, Apt. 534, Jensen Beach Florida" is Hoft's residence. Plaintiff has been diligent in trying to serve Hoft, and it is undisputed that Hoft has received a copy of the federal summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint.

## III. ARGUMENT AND AUTHORITIES

Dismissal for defects on insufficiencies in the form of the summons is disfavored and should only be granted on a showing of actual prejudice. *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900-01 (11th Cir. 1990). Defendant's Motion does not show any prejudice to Hoft and, in fact, as the exhibits attached to this Response evidence, Hoft has received a copy of the federal summons issued to Joe Hoft and a copy of Plaintiff's First Amended Original Complaint. Hoft has not been prejudiced.

Additionally, this case has only recently been consolidated with the case transferred from the Eastern District of Missouri, and the parties have not engaged in any discovery or other pretrial matters. The Court has not entered an Order Governing the Proceedings. In fact, only recently, the Court ordered Plaintiff to replead Plaintiff's claims and Ordered a deadline for Plaintiff to do so and a deadline for Defendants to answer Plaintiff's Amended Complaint. No prejudice exists to Hoft, and, consequently, the Court should deny Hoft's Motion to Quash but grant Hoft an opportunity to file a timely answer to Plaintiff's claims, just as the Court has done with the other Defendants. *See Umbenhauer v. Wong*, 969 F.2d 25, 30-31 (3rd Cir. 1992).

In addition, on October 15, 2025 Hoft requested the opportunity to receive and file documents electronically with the Court (*See* Doc. 85). Hoft can receive

Plaintiff's Amended Complaint electronically, as other Defendants will, when the amended complaint is filed in accordance with the Court's order (*see* Doc. 84) within 30 days of October 14, 2025.

If the court determines that service on Hoft is effective, the Court should grant leave to re-serve Hoft rather than dismiss the case against Hoft. *See Umbenhauer v. Wong*, 969 F.2d 25, 30 (3rd Cir. 1992); and, *Gregory v. U.S.,* 942 F.2d 1498, 1500 (10th Cir. 1991).

Alternatively, to dismissal of Plaintiff's claims against Hoft, Plaintiff moves the Court to extend the time for Plaintiff to serve Hoft by individual delivery or Federal Express to Hoft's personal residence at "8750 S. Ocean Drive, Apt. 534, Jensen Beach Florida" or by email to the known email address of Hoft. *Henderson v. U.S.*, 517 U.S. 654, 662 (1996); *Gelin v. Shuman*, 35 F.4th 212, 219-220 (4th Cir. 2022); *Panaras v. Liquid Carbonic Indus*., 94 F.3d 338, 340 (7th Cir. 1996); and, *Adams v. AlliedSignal Ge. Aviation Avionics*, 74 F.3d 882, 887 (7th Cir. 1996).

Dismissal is not appropriate where there is a reasonable prospect that plaintiff will be able to serve defendant properly. Further, dismissal is not necessary after one single attempt at service of process. *Allison v. Raytheon*, No. 4:10CV438, 2010 U.S. Dist. LEXIS 139086, 2010 WL 5535808, at *3 (E.D. Tex. Dec. 17, 2010); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th

Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process). The court has the discretion to quash the defective service of process and allow Plaintiff another opportunity to effect proper service of process. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *Grant-Brooks v. Nationscredit Home Equity Servs. Corp.,* No. CIV.A. 3:01-cv-2327-R, 2002 U.S. Dist. LEXIS 4322, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002). Because Plaintiff has taken steps to try and serve Hoft, and Hoft has admitted receiving the federal summons and First Amended Complaint and there is a reasonable prospect that Plaintiff will be able to serve Defendant properly dismissal is not appropriate and Plaintiff should be afforded an opportunity to serve Hoft and cure any defects especially when it is been no prejudice to Hoft and Hoft has registered for electronic service.

For these reasons, Defendant's Motion to quash should be denied and Hoft should be ordered to answer Plaintiffs Amended Complaint within 21 days after it is filed in accordance with the Court's Order dated October 14, 2025. (*See* Doc. 84 at 5-6).

        Respectfully submitted,

        By: /s/ Charles Bundren

        **BUNDREN LAW GROUP, PLLC**
        Wm. Charles Bundren, Esq.
        Lead Attorney and Attorney-in Charge
        State Bar No. 03343200

2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
(214) 808-3555    Telephone
e-mail:    charles@bundrenlaw.net
**ATTORNEY FOR PLAINTIFF:**
**BUNDREN LAW GROUP, PLLC**

# CERTIFICATE OF SERVICE

This is to certify that on this 17th day of October, 2025, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Rules on all legal counsel of record for any party by serving the following:

**KLEMCHUK PLLC**
Brian Casper, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24075563
Email:    brian.casper@klemchuk.com
Darren Michael Klemchuk, Esq.
Email:    darin.klemchuk@klemchuk
Mandi Michelle Phillips, Esq.
Email:    mandi.phillips@klemchuk.com
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
Phone:    (214) 367-6000
Fax:    (214) 367-6001
**ATTORNEYS FOR DEFENDANT TGP**

**BURNS LAW FIRM**
John C. Burns, Esq.
Missouri State Bar No. 66462
P.O. Box 191250
St. Louis, Missouri 63119
Phone: (314) 329-5040
Fax: (314) 282-8136
Email: john@burns-law-firm.com

**ATTORNEY FOR DEFENDANTS:**
**TGP COMMUNICATIONS, LLC, AND JAMES "JIM" HOFT**

**FEE, SMITH & SHARP LLP**
Daniel M. Karp, Esq.
Lead Counsel and Attorney-in-Charge
Texas State Bar No. 24012937
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
Phone: (972) 980-3293
Fax: (972) 934- 9200
Email: dkarp@feesmith.com
**ATTORNEY FOR DEFENDANTS:**
**ATLANTIC SPECIALTY INSURANCE COMPANY;**
**INTACT INSURANCE USA LLC; ONEBEACON PROFESSIONAL**
**INSURANCE, INC., a dissolved corporation; and,**
**ONEBEACON PROFESSIONAL INSURANCE GROUP, a fictitious entity.**

Nicholas O'Connell
Intact Insurance Specialty Solutions
Intact U.S. Coverage Litigation Group
605 Highway 169 N.
Suite 800
Plymouth, MN 55441
Phone:          (952) 852-0481
Fax:         (877) 654-1527
Email:                njoconnell@intactinsurance.com
Pro Hac Vice
**ATTORNEY FOR DEFENDANT:**
**ATLANTIC SPECIALTY INSURANCE COMPANY**

__X__ by the Court's CM/ECF Pacer electronic filing System pursuant to FRCP 5(b)(2)(E) and 5(b)(3), and LOCAL RULE CV-5 (c)&(d),

____ by certified mail return receipt requested deposited with the United States Postal Service on the date indicated above pursuant to FRCP 5(b)(2)(C),

____ by email at the email address indicated above pursuant to FRCP 5(b)(2)(E), and in accordance with the United States District Court for the Eastern District of Texas Local Rule CV-5(a)(7)(D) a copy of this document was served opposing counsel in electronic form by serving opposing counsel at the email addresses listed herein.

and/or

____ by hand delivery service on the date indicated above pursuant to FRCP 5(b(2)(A) and (B).

And to the non-represented Defendant by email and Federal Express delivery as follows for service or otherwise:

Joseph "Joe" Hoft
8750 S. Ocean Drive
Condo Unit 534
Jensen Beach, FL 34957.

        By: /s/ Charles Bundren
        **ATTORNEY FOR PLAINTIFF:**
        **BUNDREN LAW GROUP, PLLC**