**EXHIBIT K**

Bundren email and status report dated February 2, 2024

Date: November 18, 2025

/s/ Joseph Hoft, Pro Se

**jwhoft@gmail.com**

| | |
|---|---|
| **From:** | William Charles Bundren <charles@bundrenlaw.net> |
| **Sent:** | Friday, February 2, 2024 3:13 PM |
| **To:** | Jim Hoft; Joe and Jim Hoft GATEWAY PUNDIT; Haught, Annamarie D. |
| **Cc:** | Jonathon Burns; Marc Randazza; Jay Wolman |
| **Subject:** | ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL WORK PRODUCT MENTAL IMPRESSION COMMUNICATION. Re: Ruby Freeman and Wandrea Moss, Plaintiffs v. James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendant. Case No. 2122-CC-09815-01, |

## ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL WORK PRODUCT MENTAL IMPRESSION COMMUNICATION

**February 2, 2024**

Re: *Ruby Freeman and Wandrea Moss, Plaintiffs v. James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a THE GATEWAY PUNDIT, Defendant.* Case No. 2122-CC-09815-01, IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI TWENTY-SECOND JUDICIAL CIRCUIT.

Re:   Insurance Policy Number:   MEP-25081-21

Jim, Joe, and Annamarie,

This is a status report regarding the above referenced matter.

As you know, on January 30, 2024, Plaintiffs served PLAINTIFFS' FIFTH REQUESTS FOR PRODUCTION TO DEFENDANTS.

As you can tell, PLAINTIFFS' FIFTH REQUESTS FOR PRODUCTION TO DEFENDANTS, from the face of the requests, are not directed to Jim or Gateway Pundit, but rather are directed to Joe Hoft and his January 24, 2024 show and January 25, 2024 radio program.

I have spoken with Jim, and neither he nor Gateway Pundit have possession of any documents or records that would be responsive to PLAINTIFFS' FIFTH REQUESTS FOR PRODUCTION TO DEFENDANTS. Thus, as to these Defendants, we should respond that there are no responsive documents available or in their possession.

With respect to Joe, today, I had a lengthy telephone conference call with Joe, and other than the actual video(s) of the January 24, 2024 show and voice recording(s) of the January 25, 2024 radio program and the blog, Joe does not have any other documents or records requested in PLAINTIFFS' FIFTH REQUESTS FOR PRODUCTION TO DEFENDANTS which have not

already been produced. We should produce (1) a video of Joe's January 24, 2024 show and any audio recordings of the January 24, 2024 show; (2) an audio file of the January 25, 2024 radio program of Joe's appearance on Brannon Howse's radio program; and, (3) a copy of the blog by Joe referred to in ₱ 2.

Joe, please be sure that these responsive documents are given to Jay and John within the next week so that they can be ready for production by the deadline under the Missouri Rules of Civil Procedure. Plaintiffs obviously have already obtained a copy of the January 24, 2024, show and the January 25, 2024 radio program and, thus, there is no reason to not produce videos and audio recordings regarding these items. Plaintiffs, obviously, already have a copy of the blog so there is no harm in reproducing the blog as part of the responsive production. Let us get these items ready to go before any deadline.

With respect to ₱2 of PLAINTIFFS' FIFTH REQUESTS FOR PRODUCTION, I note that it is limited to "documents" and "communication" (most notably text messages and email) with a "very trusted source" referred to by Joe. In my telephone conference call with Joe today, Joe told me that the "very trusted source" was me. Therefore, with respect to any documents or communications between Joe and I, Joe should assert the attorney-client privilege and the mental impression work product privilege and refuse to produce any such documents from and communications with Joe and I.

Joe has agreed that he will not do any additional shows or make any additional public statements regarding the case, the status of the case, the progress of the case or what, ultimately, Defendants believe will be the outcome of the case, or what Defendants intend to prove in the case. I emphasized to Joe that my communications with him nad Jim are confidential and privileged and that my mental impressions and work product which I share with Jim and Joe regarding the plans for the case are privileged and confidential and that it is important that no one refer to or disclose those mental impressions, work product, and confidential and privileged communications. Joe agrees.

John, Marc, and Jay, do you agree that since Joe was referring to me as the "very trusted source" that we should assert the attorney-client privilege and the mental impression work product privilege and refuse to produce any documents or communications between Joe and I? If not, let us discuss.

Please let me know if you have any questions.

Thank you.

CC:

John Burns, Esq.
Marc Randazza, Esq.

Jay Wolman, Esq.

Wm. Charles Bundren, Esq.
Texas State Bar No. 03343200
**BUNDREN LAW GROUP, PLLC**
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
Telephone: 214.808.3555
Fax: 972.624.5340
Cell: 214.808.3555
e-mail: charles@bundrenlaw.net
John 3:16
Ps. 78

**STATEMENT OF CONFIDENTIALITY**
The information contained in this electronic communication and any attachment to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient please notify Wm. Charles Bundren, Esq. at 214.808.3555, and destroy all copies of this message and any attachments, IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S federal tax advice contained in this communication (including any attachments) not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.