**EXHIBIT M**

Memorandum of Issues Supporting Counterclaims

Date: November 18, 2025

/s/ Joseph Hoft, Pro Se

**MEMORANDUM OF ISSUES SUPPORTING COUNTERCLAIMS AGAINST BUNDREN LAW GROUP, PLLC AND WILLIAM CHARLES BUNDREN**

**Prepared by: Joseph "Joe" Hoft, Pro Se Defendant Date: November 18, 2025 Re: Civil Action No. 4:24-CV-00900-SDJ, U.S. District Court, Eastern District of Texas, Sherman Division**

This memorandum summarizes factual issues arising from Counter-Defendants' representation in *Freeman v. Hoft et al.* (Missouri state court, 2023-2024) and the instant action. These support counterclaims for legal malpractice, breach of fiduciary duty, fraud/misrepresentation, and abuse of process. All statements are based on personal knowledge and attached exhibits.

## I. Summary of the Instant Action and Service Issues

Counter-Defendants filed this suit on October 28, 2024, seeking payment for billed services from late 2023 and early 2024 (Exhibit A). Defendant Hoft was named despite limited involvement in insurance or payment decisions. Service was defective:

- On November 15, 2024, Defendant requested removal from the suit, citing 12 reasons for non-involvement (Exhibit B; see table below).
- Counter-Defendants denied the request on November 18, 2024 (Exhibit C).
- On December 19, 2024, Defendant notified Counter-Defendants of non-service and refused to waive (Exhibit D).
- On January 5, 2025, Counter-Defendants claimed "several attempts" at service, alleging "security" at Defendant's residence reported unavailability (Exhibit E). This is inaccurate: Defendant's residence (8750 S. Ocean Drive, Condo Unit 534, Jensen Beach, FL 34957) has only an office manager, no security. The summons listed an unrelated address (1820 NE Jensen Beach Blvd., Suite 1120). No proper service occurred under FRCP 4(e).

| Reason for Removal Request (from Exhibit B) | Description |
| --- | --- |
| 1. Retaliatory Suit | Filed in response to Jim Hoft/TGP's Missouri suit against Bundren. |
| 2-5. Non-Involvement in Missouri Suit | Defendant was not a party, not asked to join, not briefed, and not included. |
| 6-12. No Insurance Role | No part in hiring companies, purchasing policy, decisions on payments, premiums, or control over insurance disbursements. |

## II. Excessive and Unreasonable Billing

Counter-Defendants billed $592,596 (953.6 hours + expenses) from November 2023-April 2024, deemed excessive and unsupported (Exhibit F: Billing Summary). March 2024 alone: 318 hours (~10.9 hrs/day, including weekends). Hiring of Todd Harding ($15,000 retainer) was approved, but his contributions were minimal. All payments were made by Jim Hoft/TGP, not Defendant.

No results justified fees (e.g., no depositions; Exhibit L ¶9: Bills neared $500,000 with only scheduling amendment).

### III. Misrepresentations Regarding Background, Knowledge, and Evidence

Counter-Defendants falsely claimed:

- Possession of 148,000 Fulton County ballot images as exculpatory evidence (Exhibit G [Nov 16, 2023 notes]; Exhibit H [Dec 15, 2023 notes]; Exhibit L ¶5).
- Extensive post-2020 Georgia election experience (Exhibit G/H; Exhibit J lists no cases post-2014, only outdated 1990s election matters; partial verification in *Perdue v. Barron* omitted).

These induced the retention contract (Exhibit L ¶5-6), but evidence was never produced (contradicted by Exhibit I [VoterGA Report]).

### IV. Failure to Perform Agreed Objectives

Agreed scope (per Exhibit L ¶6): (a) Extricate prior counsel (Burns/Randazza); (b) Depose Freeman/Moss; (c) Provide cost-effective representation. None achieved:

- Prior counsel remained; no depositions despite promises (Exhibit L ¶4,8,12).
- Shifted to bankruptcy strategy, increasing costs without progress (Exhibit L ¶8).
- On February 23, 2024, Counter-Defendants proposed a $1M+ ballot review "exercise," indicating lack of claimed images (ignored instructions to depose, replace Randazza, control costs).

### V. Ethical Violations: Encouragement to Misrepresent in Discovery

On January 24, 2024, Defendant referenced "goods" (Bundren's claimed images) on his online podcast. Plaintiffs' January 30, 2024 discovery sought details. Counter-Defendants instructed Defendant to attribute to David Clements to avoid withdrawal as counsel (Exhibit K [Feb 2, 2024 email, omitting facts]). Clements refused, advising against falsehoods (Exhibit L ¶11). Counter-Defendants later expressed upset upon learning of Clements' contact (Exhibit L ¶10-11). This breached duties of candor (Tex. Disciplinary R. Prof. Conduct 3.03).

### VI. Retaliatory Nature of Instant Suit

Inclusion of Defendant appears as leverage against Jim Hoft/TGP (Exhibit B), despite Defendant's non-involvement in the Missouri suit against Counter-Defendants or payment decisions. Supports abuse of process.

**Declaration Under Penalty of Perjury** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

/s/ Joseph Hoft   Joseph Hoft   Date: November 18, 2025