UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BUNDREN LAW GROUP, PLLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-900-SDJ |
| | § | |
| ATLANTIC SPECIALTY | § | |
| INSURANCE COMPANY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Bundren Law Group, PLLC's Second Motion to Remand. (Dkt. #59). Having considered the motion, the parties' filings, and the applicable law, the Court concludes that the motion should be denied.

## I. BACKGROUND

Bundren Law Group, PLLC ("Bundren") filed this action in Texas state court, (Dkt. #2), where it obtained a Temporary Restraining Order ("TRO"), (Dkt. #3). Defendant TGP Communications, LLC ("TGP") filed a Notice of Removal, and this case was assigned to District Judge Amos L. Mazzant, III. (Dkt. #1). Bundren then sought another TRO in federal court, (Dkt. #4), which Judge Mazzant granted, (Dkt. #6). Judge Mazzant later recused himself from the case and it was re-assigned to this Court. (Dkt. #34).

Uncertain of its subject-matter jurisdiction as TGP failed to allege adequate facts to establish diversity of citizenship, the Court dissolved the TRO. (Dkt. #28). Bundren filed an Emergency Motion to Remand. (Dkt. #29). TGP amended its notice of removal twice, (Dkt. #30, #35), mooting Bundren's motion, (Dkt. #78), and invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, (Dkt. #35 at 1). Bundren

1

then filed its Second Motion to Remand arguing that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine and that TGP's Second Amended Notice of Removal is deficient because TGP failed to obtain the consent of all served defendants as required under 28 U.S.C. § 1446. (Dkt. #59).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) (internal quotation marks omitted). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit originally in federal court under a jurisdiction-granting statute. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). The party removing the case to federal court bears the burden of showing that removal was proper and that federal jurisdiction exists. *Zeitler ex rel. Arvizo v. CNH Am., LLC*, No. 6:18-CV-508, 2019 WL 3806073 at *2 (E.D. Tex. Apr. 2, 2019). As a result, "all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Supreme Court also has instructed federal courts to construe removal statutes strictly, favoring remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Mumfrey v. CVS Pharmacy,*

*Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court.").

Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to consider collateral attacks on state court judgments. *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). A state court judgment is "attacked" for purposes of this doctrine "when the federal claims are inextricably intertwined with a challenged state court judgment . . . or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Id.* (cleaned up). The doctrine applies only to "final judgments rendered by a state's court of last resort." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (cleaned up). The doctrine does not preclude federal jurisdiction over an "independent claim, even one that denies a legal conclusion that a state court has reached." *Weaver*, 660 F.3d at 904 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)) (cleaned up).

In short, the *Rooker-Feldman* doctrine is narrow and comprises four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga*, 871 F.3d at 384 (citation omitted); *see also Skinner v. Switzer*, 562 U.S. 521, 532, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (emphasizing "the narrow ground" occupied by the

3

doctrine). If all four elements are met, the court loses subject-matter jurisdiction, resulting in a mandatory remand. 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. *Rooker-Feldman* Doctrine

Bundren argues that this Court lacks subject-matter jurisdiction because Bundren seeks a declaratory judgment construing the state TRO. *See* (Dkt. #59 ¶ 21). However, Bundren's own pleadings contradict his argument. In both its First Amended Complaint, (Dkt. #39), and its now-operative Second Amended Complaint, (Dkt. #90), Bundren acknowledges that "[t]he Court has jurisdiction over the subject matter and persons in this action," (Dkt. #39 ¶ 18); (Dkt. #90 ¶ 17).

Regardless, Bundren's argument also fails under the *Rooker-Feldman* doctrine. In its latest complaint, Bundren seeks a "declaratory judgment of contempt and to enforce [the] temporary restraining order of the state court." (Dkt. #90 ¶¶ 198–219). Collin County District Court issued the temporary restraining order prior to removal. *See* (Dkt. #3). Once removed, it is no longer a state court order because "whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). At that point, "[t]he district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered." *Id.* In fact, district courts have the express power to dissolve or modify "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal." 28 U.S.C. § 1450.

4

Because the order is no longer a state court order, *Rooker-Feldman* is inapplicable. This Court retains jurisdiction to construe the TRO as its own.

## B. Defective Notice Argument

When removing a case to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Bundren argues that TGP, the only party who filed the Second Amended Notice of Removal, (Dkt. #35), did not obtain the consent of the other properly joined and served defendants, specifically Defendants Joe Hoft, James "Jim" Hoft, Intact Insurance Group USA Holdings, Inc., and Intact Financial Corporation, (Dkt. #59 ¶¶ 26–28). Bundren asserts that "all defendants who have been properly joined and who have received through service *or otherwise a copy of the initial pleading* setting forth the claim for relief upon which the action or proceeding is based . . . must join in the notice of removal or consent to the removal." (Dkt. #59 ¶ 23) (emphasis added). TGP responds that, under 28 U.S.C. § 1446(b)(2)(A), having knowledge of the lawsuit or receiving a copy of pleadings is insufficient; actual service is required for a removing party to need that defendant's consent. (Dkt. #61 at 5–7).

TGP is correct: unlike its surrounding provisions,[1] 28 U.S.C. § 1446(b)(2)(A) explicitly requires that a defendant be "properly joined and served" for that defendant to be required to "join in or consent to the removal of the action." Effectuating service or notice through some other means, such as providing a party with a copy of the

---

[1] For example, 28 U.S.C. § 1446(b)(2)(B) allows any defendant to file a notice of removal "after receipt by or service on that defendant of the initial pleading or summons." Such language is absent from Section 1446(b)(2)(A), which only includes "defendants who have been properly joined and served."

initial pleadings, is insufficient to constitute formal service of process under Federal Rule of Civil Procedure 4. *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation, moreover, is insufficient to satisfy Rule 4's requirements."). Without formal service, a defendant's consent to remove is not required. *See Cap. Credit Inc. v. Mainspring Am., Inc.*, No. A-19-CV-797-LY, 2020 WL 104465, at *4 (W.D. Tex. Jan. 9, 2020), *report and recommendation adopted*, No. 1:19-CV-797-LY, 2020 WL 9810024 (W.D. Tex. Feb. 7, 2020); *Shakouri v. Davis*, 923 F.3d 407, 409–10 (5th Cir. 2019) (holding that a defendant did not need to procure another defendant's consent for removal because "[b]y its terms, § 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served.").

Here, all Defendants either consented to TGP's removal or were not properly joined or served.[2] Atlantic Specialty Insurance Company; Intact Insurance Group, USA, LLC; OneBeacon Professional Insurance, Inc; and One Beacon Professional Insurance Group all expressly consented to the case's removal within the thirty-day removal period. (Dkt. #18). Intact Financial Corporation and Intact Insurance Group USA Holdings, Inc. were not even parties to this case until Bundren's First Amended Complaint, (Dkt. #39), which Bundren filed after TGP's Second Amended Notice of Removal, (Dkt. #35). Lastly, both Jim and Joe Hoft have summons that were issued as to them, (Dkt. #14, #15); however, they were never returned as executed. Because proper service of process was not completed as to Jim and Joe Hoft pursuant to Rule 4

---

[2] As Bundren's defective notice argument fails on its own grounds, the Court need not resolve whether Bundren's objections were timely, *see* (Dkt. #61 at 2–3).

of the Federal Rules of Civil Procedure, their consent was unnecessary for TGP's removal of this action to federal court.[3]

### IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff Bundren Law Group, PLLC's Second Motion to Remand, (Dkt. #59), is **DENIED**.

**So ORDERED and SIGNED this 31st day of March, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[3] Bundren seeks to argue that Jim and Joe consented in various other ways or that Jim entered a general appearance and, thus, waived service of process. (Dkt. #65 at 4–6). However, none of these arguments affect the Court's analysis here. For example, assuming that Jim did make a general appearance and waived service of process, it was not until *after* the Second Amended Notice of Removal. *See* (Dkt. #35, #41).